HEARING DATE: SEPTEMBER 10, 2009 at 10:00 a.m.
OBJECTION DEADLINE: SEPTEMBER 2, 2009 at 4:00 p.m.

Lindsee P. Granfield
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

*Attorneys for Maiden Lane LLC, U.S. Bank National Association, not individually but solely as trustee for the Maiden Lane Commercial Mortgage-Backed Securities Trust 2008-1, Maiden Lane Commercial Mortgage-Backed Securities Trust 2008-1 and the Federal Reserve Bank of New York*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

| | |
|---|---|
| In re | : Chapter 11 |
| Extended Stay Inc., et al., | : Case No. 09-13764 (JMP) |
| Debtors. | : (Jointly Administered) |

------------------------------------------------------------X

**STATEMENT OF SUPPORT OF MAIDEN LANE FOR MOTION
OF THE UNITED STATES TRUSTEE FOR THE APPOINTMNENT OF AN
EXAMINER PURSUANT TO SECTION 1104 OF THE BANKRUPTCY CODE**

Maiden Lane LLC, U.S. Bank National Association, not individually but solely as trustee for the Maiden Lane Commercial Mortgage-Backed Securities Trust 2008-1, Maiden Lane Commercial Mortgage-Backed Securities Trust 2008-1 and the Federal Reserve Bank of New York ("New York Fed") (collectively, "Maiden Lane"), by and through their undersigned counsel, hereby submit this statement of support for the motion (the "Motion")[1] of the United States Trustee (the "US Trustee") for the appointment of an examiner pursuant to section 1104 of the Bankruptcy Code and respectfully state as follows:

## STATEMENT OF SUPPORT

1. Maiden Lane supports the appointment of an examiner pursuant to section 1104 of the Bankruptcy Code in these chapter 11 cases for the reasons set forth in the Motion.

2. Appointment of an examiner is mandatory in these cases pursuant to section 1104(c)(2) of the Bankruptcy Code, because the $5 million claims threshold is more than satisfied here. Appointment of an examiner in these chapter 11 cases is also in the interests of creditors and the estates, thereby justifying appointment of an examiner pursuant to section 1104(c)(1) of the Bankruptcy Code. Maiden Lane submits that appointing an examiner will bring much needed transparency and independence to these chapter 11 cases, because the examiner will provide an independent assessment of the viability of any causes of action that might exist against third parties relating to the Acquisition and the events leading to the filing of these chapter 11 cases.

3. Having an independent investigation conducted by an examiner will provide the added benefit of minimizing the need for duplicative discovery by various parties regarding the same matters, ultimately preserving the estates' resources and minimizing the burdens on this Court of having to deal with discovery disputes covering the same subject matter.

4. Given the likelihood that the New York Fed will be called upon to publicly explain any loss, the New York Fed would be remiss if it did not acknowledge to the Court its own independent interest in obtaining transparency into the collapse of the Debtors. The New York Fed also notes that the Acquisition was one of the largest commercial real estate mortgage-backed securities related transactions to have closed to date and that understanding the factors that led to the collapse of the Debtors may aid the financial markets and policymakers in their efforts to avoid similar situations as the securitization market attempts to restart. We respectfully

---

[1] Capitalized terms used herein without definition shall have the meanings ascribed to such terms in the Motion.

submit that the New York Fed's desire for independence and transparency in these cases is complementary to the benefits to the Debtors' estates supporting such an appointment.

## SUGGESTED MODIFICATIONS TO THE PROPOSED ORDER

5. While Maiden Lane supports the granting of the Motion, Maiden Lane does suggest certain modifications to the US Trustee's form of proposed order (the "Proposed Order") that Maiden Lane submits will enhance the value provided by the examiner's investigation to creditors and the estates.

6. First, the examiner should be granted subpoena power to compel production of documents and the testimony of witnesses. Such relief has been granted by this Court and other courts in other large chapter 11 cases as being necessary for the examiner to conduct an efficient investigation. See e.g., In re Lehman Brothers Holdings, Inc., et al., Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. Feb. 11, 2009); In re SemCrude, L.P., et al., Case No. 08-11525 (BLS) (Bankr. D. Del. Nov. 26, 2008); In re New Century TRS Holdings, Inc. et al., Case No. 07-10416 (KJC) (Bankr. D. Del. Oct 16, 2007). This relief is likewise justified in these chapter 11 cases in order to permit the examiner to conduct an efficient investigation.

7. Accordingly, the Proposed Order should be modified to add the following provision: "ORDERED that, the Examiner is authorized to issue such subpoenas as may be necessary to compel the production of documents and the testimony of witnesses in connection with the Examiner's Investigation."

8. Second, the examiner's investigation should address whether the Debtors' estates have claims against any third parties relating to the Acquisition, its financing, or the commencement of these chapter 11 cases. In this regard, the examiner should be authorized to review the actions, conduct and receipt of transfers by any party (including financial and legal

3

advisors) related to the Acquisition. Accordingly, (iv) of the first decretal paragraph in the Proposed Order should be modified to read as follows "(iv) whether the Debtors' estates have any claims against any person or entity relating to the Acquisition, its financing or the commencement of these Chapter 11 Cases."

9. Finally, the Motion requests that to the extent the Motion is granted, the deadlines in Paragraph 19 of the Cash Collateral Order should be extended to provide a reasonable time to prepare and file a report and for any party to properly review it and pursue actions they believe are proper. The Proposed Order should be modified to add the following paragraphs to provide for such relief:

"ORDERED that, cause exists to extend the Challenge Period (as defined in the Cash Collateral Order) set forth in Paragraph 19 of the Cash Collateral Order, for parties in interest with requisite standing other than the Debtors and the Creditors' Committee, and the Cash Collateral Order is hereby modified to extend the Challenge Period for parties in interest with requisite standing other than the Debtors and the Creditors' Committee from September 16, 2009 to November 2, 2009; and it is further

ORDERED that, such extensions are without prejudice to the right of any party in interest, including, without limitation, the Examiner, to seek further extensions of each Challenge Period set forth in Paragraph 19 of the Cash Collateral Order."

*[The remainder of this page has been intentionally left blank.]*

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Maiden Lane respectfully requests that the Court: (a) grant the Motion and enter the proposed order attached to the Motion as modified by the revisions set forth herein; and (b) grant such other and further relief as this Court may deem just or proper.

Dated: New York, New York
      August 7, 2009

                                    Respectfully submitted,

                                    CLEARY GOTTLIEB STEEN & HAMILTON LLP

                                    By: _____
                                         Lindsee P. Granfield
                                         A Member of the Firm
                                    One Liberty Plaza
                                    New York, New York 10006
                                    (212) 225-2000

*Attorneys for Maiden Lane LLC, U.S. Bank National Association, not individually but solely as trustee for the Maiden Lane Commercial Mortgage-Backed Securities Trust 2008-1, Maiden Lane Commercial Mortgage-Backed Securities Trust 2008-1 and the Federal Reserve Bank of New York*