WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Marcia L. Goldstein
Jacqueline Marcus

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
**EXTENDED STAY INC., et al.,** : 09-13764 (JMP)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------x

### DEBTORS' LIMITED OBJECTION TO FEES
### OF MORTGAGE DEBT PARTIES' PROFESSIONALS

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Extended Stay Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, "Extended Stay" or the "Debtors"),[1] submit this limited objection and respectfully state:

## BACKGROUND

1. On July 23, 2009, this Court entered the Final Order (A) Authorizing Use of Cash Collateral, (B) Granting Adequate Protection, and (C) Modifying the Automatic Stay, [Docket No. 205] (the "Final Cash Collateral Order"), which provided for, among other things,

---

[1] A list of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, is attached hereto as "Exhibit A."

the payment of the reasonable fees, costs and expenses of the professionals retained by TriMont Real Estate Advisors, Inc. (the "Special Servicer") and U.S. Bank National Association as successor trustee (in such capacity, the "Successor Trustee" and together with the Trust created under the Trust and Servicing Agreement, the "Mortgage Debt Parties").

2. Pursuant to paragraph 8 of the Final Cash Collateral Order, the Debtors are permitted to object to the reasonableness of the fees, costs, and expenses included in any professional fee invoice. The Mortgage Debt Parties delivered an invoice for services rendered by their professionals from June 15, 2009 through June 30, 2009 (the "June Invoice"), for the fees and expenses of six separate professional firms (the "Mortgage Debt Professionals"). The Mortgage Debt Professionals include two separate law firms, a financial advisor, a consulting firm, and two firms providing valuation appraisal services.

3. After inquiries, the Debtors were informed by the Special Servicer that HVS Consulting & Valuation ("HVS") had been hired to perform the valuation and appraisal services for the Extended Stay portfolio of hotels for a fee of approximately $2.7 million. In addition, CB Richard Ellis ("CBRE") was hired to review the results of the HVS appraisal. The fees requested by the Special Servicer for CBRE's fees in the June Invoice are $875,000 (the "CBRE Fees"), representing 50% of CBRE's $1.75 million aggregate fee. By email, dated August 19, 2009, the Special Servicer extended the Debtors' time to object to the CBRE Fees to September 4, 2009.

4. As of the date hereof, the amounts requested in the June Invoice (with the exception of the CBRE Fees) have been paid to the Mortgage Debt Professionals by the Debtors.[2]

**The Debtors Object to the CBRE Fees**

5. The Debtors object to payment of the CBRE Fees because they are unreasonable, particularly in light of the fact that the Mortgage Debt Parties have retained HVS to perform essentially the same work. The Special Servicer has described CBRE's role as review and oversight of the HVS appraisal. While such review might be appropriate, the fees charged by CBRE for such work must be reasonable, both standing alone and taken together with the other fees that Special Servicer has agreed to pay for similar services. Standing alone, CBRE's aggregate fee amounts to approximately $2,650 per property. The total per property fee that the Special Servicer has agreed to pay to HVS and CBRE (exclusive of the hourly fees payable to its financial advisor, PriceWaterhouseCoopers, which has also been involved in the process) is approximately $6,600. Such amount is excessive and unreasonable. The per property fee is nearly *double* the $3,300 per property fee that the Debtors have agreed to pay PKF Consulting for similar work.[3]

6. Consequently, the Debtors object to the payment of the CBRE Fees for

---

[2] By letter dated August 12, 2009, the Debtors reserved all rights to object to the Mortgage Debt Parties' future monthly invoices, particularly with respect to the number of law firms that the Mortgage Debt Parties have engaged.

[3] The Debtors' Application To Employ and Retain PKF Consulting as Appraisers Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure [Docket number 266] is currently pending and is scheduled to be heard on October 8, 2009.

which the Special Servicer seeks reimbursement.

                WHEREFORE the Debtors respectfully request that the Court sustain the Debtors' objection to reimbursement of the Special Servicer for the CBRE Fees.

Dated: September 4, 2009
       New York, New York

                                      /s/ Jacqueline Marcus
                                      Marcia L. Goldstein
                                      Jacqueline Marcus
                                      WEIL, GOTSHAL & MANGES LLP
                                      767 Fifth Avenue
                                      New York, New York 10153
                                      Telephone: (212) 310-8000
                                      Facsimile: (212) 310-8007

                                      Attorneys for Debtors
                                      and Debtors in Possession