**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                :
In re                                           :    Chapter 11 Case No.
                                                :
**EXTENDED STAY INC., et al.,**                 :    09-13764 (JMP)
                                                :
          Debtors.                              :    (Jointly Administered)
                                                :
------------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. § 1104(c)**
**DIRECTING THE APPOINTMENT OF AN EXAMINER**

Upon the Motion (the "Motion") dated July 30, 2009 of the United States Trustee for appointment of an examiner, pursuant to section 1104(c) of title 11 of the United States Code (the "Bankruptcy Code"); the Court having jurisdiction over this matter and the relief requested in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that this is a core proceeding pursuant to 28 U.S.C. §§ 157(b); and due and sufficient notice of the Motion having been given under the circumstances; and a hearing having been held before the Court; and the Court having heard and considered all of the arguments and comments made by the parties in interest to the Motion; and upon the record made before the Court and the record having been So Ordered to direct the appointment of an examiner in these jointly administered Chapter 11 cases and, after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that, the Motion is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 1104(d) of the Bankruptcy Code, the United States Trustee shall, in consultation with the Debtors, the Official Committee of

Unsecured Creditors (the "Creditors Committee"), TriMont Real Estate Advisors, Inc. (such entity or any successor thereto, the "Special Servicer"), and other parties in interest, promptly appoint an examiner (the "Examiner") in these jointly administered cases; and it is further

ORDERED that, pursuant to section 1106(a)(3) of the Bankruptcy Code, the Examiner should conduct an investigation (the "Investigation") regarding: (i) the structure, negotiation and closing of the Acquisition,[1] (ii) the financial circumstances that led to the filing of the Debtors' chapter 11 cases, and (iii) whether the Debtors' estates have any claims against any person with respect to items (i) and (ii) of this Paragraph; and it is further

ORDERED that, the Examiner may retain attorneys and, if he or she determines that such retention is necessary to discharge his or her duties, may seek authorization to engage other professional persons, which retention shall be subject to Court approval under standards equivalent to those set forth in section 327 of the Bankruptcy Code; and it is further

ORDERED that, the Examiner and his or her Court-approved professional persons shall be compensated and reimbursed for their expenses pursuant to the procedures for interim compensation and reimbursement of professionals ordered in these cases. Compensation and reimbursement of the Examiner shall be determined pursuant to section 330 of the Bankruptcy Code, and compensation and reimbursement of the Examiner's professional persons shall be determined pursuant to standards equivalent to

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Motion.

those set forth in section 330 of the Bankruptcy Code, but in all events subject to the Examiner Work Plan and Budget (as defined below); and it is further

ORDERED that, this Order is without prejudice to the right of the United States Trustee, the Examiner, the Debtors or the Creditors Committee to seek relief from the Court expanding the scope of the Investigation or the Examiner's right to seek other relief as he or she may otherwise deem appropriate in furtherance of the discharge of his or her duties and the Investigation; and it is further

ORDERED that, pursuant to section 1106(a)(4) of the Bankruptcy Code, within 10 business days after entry of an order approving the appointment of the Examiner is entered on the docket in these cases, the Examiner shall file with the Court a proposed work plan which shall include, but not be limited to, an estimated budget of the costs and expenses related to the Investigation and a timeline by which a report will be filed with the Court (the "Examiner Work Plan and Budget"), and which shall be subject to the approval of the Court on 10 days' notice to the Debtors, the Creditors' Committee, the Special Servicer, and all parties that have requested notice pursuant to Federal Bankruptcy Rule 2002, and; and it is further

ORDERED that the Debtors, the Debtors' affiliates, and the Creditors' Committee and their respective representatives are directed to cooperate with the Examiner in conjunction with the performance of any of the Examiner's duties and the Investigation, and the Debtors and the Creditors' Committee and other parties in interest shall use their respective best efforts to coordinate with the Examiner to avoid unnecessary interference with, or duplication of, the Investigation; and it is further

ORDERED that until the Examiner has filed his or her report, neither the Examiner nor the Examiner's professionals or agents shall make any public disclosures concerning the performance of the Investigation or the Examiner's duties; and it is further

ORDERED that the Examiner is authorized, pursuant to Bankruptcy Rule 2004, to issue such subpoenas as may be necessary to compel the production of documents and the testimony of witnesses in connection with the Investigation; and it is further

ORDERED that the Examiner shall serve each subpoena and a copy of this Order on the target of the subpoena, with a copy to (i) the Debtors, (ii) the Creditors' Committee, (iii) the Special Servicer, and (iv) the United States Trustee (collectively, the "Noticed Parties") and file with the Court an affidavit or declaration of service for each subpoena that is served, and the Noticed Parties shall be permitted to attend and observe any such depositions; and it is further

ORDERED that unless otherwise ordered by the Court, witnesses shall have at least ten (10) days from the service of a subpoena to either (1) produce to the Examiner all responsive documents requested in the Examiner's subpoena, except as provided in the next decretal paragraph, or (2) file with the Court an objection or response to the subpoena, with a hearing promptly scheduled; and it is further

ORDERED that, cause exists to extend the Challenge Period (as defined in the Cash Collateral Order) set forth in Paragraph 19 of the Cash Collateral Order, for both parties in interest with requisite standing and the Creditors Committee to thirty (30) days from the filing of the report by the Examiner with the Court, provided, however, that such extensions are without prejudice to the right of any party in interest, including, without

limitation, the Examiner, to seek further extensions of each Challenge Period set forth in Paragraph 19 of the Cash Collateral Order; and it is further

ORDERED that the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
September 24, 2009

*s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE