**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x

|  |  |  |
|---|---|---|
| **In re** | : | **Chapter 11** |
|  | : |  |
| **EXTENDED STAY INC., et al.,** | : | **Case No. 09-13764 (JMP)** |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |
|  | : |  |

---------------------------------------------------------- x

## SCHEDULES OF ASSETS AND LIABILITIES FOR
## EXTENDED STAY INC.

## GENERAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMER REGARDING THE DEBTORS' SCHEDULES AND SOFAS

On June 15, 2009 (the "Commencement Date"), Extended Stay Inc. ("ESI"), and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors," or "Extended Stay"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The chapter 11 cases have been consolidated for procedural purposes only under Case No. 09-13764 (JMP). The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

With the assistance of their Bankruptcy Court-appointed advisors, the Debtors prepared their Schedules of Assets and Liabilities (collectively, the "Schedules") and their Statements of Financial Affairs (the "SOFAs" and together with the Schedules, the "Schedules and SOFAs") pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure. The Schedules and SOFAs are unaudited and do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), and they are not intended to be fully reconciled to the Debtors' financial statements.

Although the Debtors have made every reasonable effort to ensure that the Schedules and SOFAs are accurate and complete based on information that was available to them at the time of preparation, inadvertent errors or omissions may have occurred. As discussed below in the section entitled "Disclaimer Regarding Information," the information provided herein, except as otherwise noted, is what was available to the Debtors and their professionals, as may have been provided by HVM L.L.C. ("HVM") and The Lightstone Group, as custodians of most of the books and records of the Debtors as of the close of business on May 31, 2009.

Because the information provided herein is unaudited and, except as otherwise noted, is as of the close of business on May 31, 2009, subsequent receipt of information or an audit may result in material changes in financial data requiring amendment of the Schedules and SOFAs. There can be no assurance that the Schedules and SOFAs are complete. Accordingly, the Schedules and SOFAs remain subject to the Debtors' further review, verification, and potential adjustment. The Debtors reserve their right to amend the Schedules and SOFAs from time-to-time as may be necessary or appropriate, including, but not limited to, the right to dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and SOFAs as to amount, liability, or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Schedules and SOFAs shall constitute a waiver of rights with respect to these chapter 11 cases, including, but not limited to, any rights or claims of the Debtors against any third party, issues involving substantive consolidation, equitable subordination and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers.

Certain of the Schedules and SOFAs have been signed by F. Joseph Rogers, the Assistant Secretary for some of the Debtors. In reviewing and signing the Schedules and SOFAs, Mr. Rogers has necessarily relied upon the efforts, statements, and representations of the Debtors' personnel and professionals and the information, efforts, statements, and representations of the accounting and non-accounting personnel of the Debtors and their advisors. Mr. Rogers has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors and their addresses.

Certain of the Schedules and SOFAs have been signed by Joseph Teichman, the Secretary for all of the Debtors. In reviewing and signing the Schedules and SOFAs, Mr. Teichman has necessarily relied upon the efforts, statements, and representations of the Debtors' personnel and professionals and the information, efforts, statements, and representations of the accounting and non-accounting personnel of the Debtors and their advisors. Mr. Teichman has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors and their addresses.

These General Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Debtors' Schedules and SOFAs (the "General Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and SOFAs and should be referred to and considered in connection with any review of the Schedules and SOFAs.

**Disclaimer Regarding Information**. All of the Extended Stay hotels are managed by HVM, an entity that is affiliated with, but not owned by, the Extended Stay family of companies. HVM, on behalf of Extended Stay, pays all property level expenses of the hotels, contracts with service providers and purchases substantially all goods and materials utilized in the operation of the business. HVM employs approximately 9,200 employees in connection with the operation of the hotels. Accordingly, the Debtors themselves do not have any employees. Thus, the Schedules and SOFAs have been prepared, in large part, based upon the information and work product and/or representations made available to the Debtors and their professionals by representatives of HVM, and in limited instances, corporate records held by The Lightstone Group (which owns the equity of certain of the Debtors).

Prior to the Commencement Date, and continuing thereafter, the operations of the Debtors were necessarily connected with and collectively managed by HVM. With the exception of certain service providers, HVM has historically been the entity that has been responsible for the payments to the employees, utility companies, and other third party providers that provide services to the Extended Stay hotels. However, certain contracts may also list one of the Debtor entities as a party, and as a result, it may not be immediately clear whether that certain Debtor entity or HVM is liable for certain of the obligations listed on the Schedules and SOFAs. In addition, the financial affairs and business of the Debtors and HVM are complex and intertwined, and certain payments may have been made by one entity on behalf of another.

Given that HVM's continued performance of its management services was critical to the Debtors' operations, the Debtors were authorized by the Bankruptcy Court to continue to

reimburse HVM so that HVM could continue to pay the employees, vendors, utility companies and other third party service providers that provide crucial and necessary services to continue the operations at the Extended Stay hotels.  Additionally, HVM was authorized to pay certain amounts for services that may have been provided to the Debtors prior to the Commencement Date.

This disclaimer is incorporated by reference in, and comprises an integral part of the Schedules and SOFAs, and should be considered in connection with any review of the Schedules and SOFAs.

**Asset Presentation**.  The Debtors have reported the market value of cash and cash equivalents and investment securities where market values were readily accessible as of May 31, 2009, unless otherwise noted.  The Debtors believe that it would be an inefficient use of the assets of the Debtors' estates for the Debtors to obtain current market valuations of all of their assets.  Accordingly, where necessary, the Debtors have indicated in the Schedules and SOFAs that the value of certain assets (and liabilities) is "Unknown" or "Undetermined."  The Debtors have provided the net book value of their assets as of May 31, 2009; however, where possible, the Debtors have provided the net book value of their liabilities as of June 15, 2009.  The ultimate market value of the Debtors' assets and liabilities may vary materially from the net book values presented in the Schedules and SOFAs.

In addition, notwithstanding the fact that some assets may not have been recorded on the Debtors' books and records, in certain circumstances the Debtors have listed assets as contingent assets on the Schedules and SOFAs.  There may be additional assets that belong to the Debtors that have not been included on the Schedules and SOFAs.  The Debtors reserve their right to amend or adjust the value of each asset or liability set forth herein and to add additional assets, as such information becomes available.

In addition, any omission of an asset of the Debtors on the Schedules and SOFAs does not constitute a representation regarding the ownership of the asset, and any such omission shall not constitute a waiver of any and all rights of the Debtors with respect to that particular asset.

**Liabilities**.  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and SOFAs.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.  The Debtors reserve their right to change the allocation of liability to the extent additional information becomes available.

In addition, notwithstanding the fact that some liabilities may not have been recorded on their books and records, the Debtors have listed some of those liabilities on the Schedules and SOFAs, as the Debtors may be the contractual party.  The Debtors reserve their right to amend or adjust the value of each asset or liability set forth herein.

Pursuant to Bankruptcy Court orders, the Debtors have been granted authority to pay certain priority prepetition obligations. Accordingly, these liabilities have been or will be satisfied and may or may not be listed in the Schedules and SOFAs.

**Excluded Assets and Liabilities Values**. Asset values listed are Net Book Value ("NBV") as of May 31, 2009. The Debtors have excluded the following categories of assets and liabilities from the Schedules and Statements: certain immaterial assets and liabilities, and assets with a net book value of zero, and liabilities that have been or will be satisfied.

**Intellectual Property Rights**. Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

**Property and Equipment**. Unless otherwise noted, owned property and equipment are stated as NBV. In the ordinary course of their business, the Debtors may lease furniture, fixtures, and equipment from certain third party lessors for use in the daily operation of their business. Any such leases are set forth in the Schedules and SOFAs. Nothing in the Schedules and SOFAs is or shall be construed as an admission regarding the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all their rights with respect to any such issue.

**Recharacterization**. The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and SOFAs. However, due to the complexity and size of the Debtors' business, the Debtors may have improperly characterized, classified, categorized, or designated certain items. The Debtors thus reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and SOFAs at a later time as necessary or appropriate as additional information becomes available.

**Claims Description**. Any failure to designate a claim on the Debtors' Schedules and SOFAs as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such claim is not "disputed," "contingent," or "unliquidated." The Debtors reserve the right to dispute, or to assert offsets or defenses to, any claim reflected on the Schedules and SOFAs as to amount, liability, priority, secured or unsecured status, or classification, or to otherwise designate any claim as "disputed," "contingent," or "unliquidated." Moreover, the Debtors reserve the right to amend the Schedules and SOFAs as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

**Intercompany Claims, Agreements, and Related Matters**. The Schedules and SOFAs generally do not include intercompany claims, distributions, agreements, or other related matters

between Debtors and between Debtors and non-Debtor affiliates. However, the Schedules and SOFAs do include the claims between the Debtors and HVM.

**Contingent Assets/Causes of Action**. The Debtors believe that they may possess certain claims and causes of action against various parties. Additionally, the Debtors may possess contingent claims in the form of various avoidance actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws. The Debtors, despite reasonable efforts, may not have set forth all of their causes of action against third parties as assets in their Schedules and SOFAs. The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have and nothing contained in these General Notes or the Schedules and SOFAs shall be deemed a waiver of any such claims, avoidance actions, or causes of action or in any way prejudice or impair the assertion of such claims.

The Debtors may also possess contingent and unliquidated claims against affiliated or formerly affiliated entities (both Debtor and non-Debtor) for various financial accommodations and similar benefits they have extended from time to time, including contingent and unliquidated claims for contribution, reimbursement and/or indemnification arising from, among other things, (i) letters of credit, (ii) notes payable and receivable, (iii) surety bonds, (iv) guaranties, (v) indemnities, (vi) warranties, and (vii) taxes. Additionally, prior to the Commencement Date, the Debtors, as plaintiffs, may have commenced various lawsuits in the ordinary course of business against third parties seeking monetary damages. Refer to ESI's SOFA, item 4(a), for lawsuits commenced prior to the Commencement Date in which ESI was a plaintiff.

**Insiders**. In the circumstances where the Schedules and SOFAs require information regarding "insiders" (as defined in the instructions to the Schedules and SOFAs), the Debtors have included information with respect to certain individuals who served as officers and directors, as the case may be, during the relevant time periods. Such individuals may no longer serve as an officer or director of the Debtors.

Inclusion of information with respect to any such individual is not intended to be, nor shall it be construed as, a binding or legal characterization of such individual as an "insider," as defined under the Bankruptcy Code, federal and state securities laws or any other applicable law. Additionally, the inclusion of information with respect to any such individual is not intended to be, nor shall it be, an admission of any fact, or any claim, right or defense, and any and all such rights, claims and defenses are hereby expressly reserved for all purposes. Information regarding the individuals listed as "insiders" in the Schedules and SOFAs has been included for informational purposes only; such information may not be used for the purpose of determining control of the Debtors, or the extent to which any individual exercised management responsibilities or functions with respect to, or corporate decision-making authority over, the Debtors.

**Credits in the Ordinary Course of Business**. In the ordinary course of business, the Debtors apply credits against amounts otherwise due to vendors. Certain of these credits are subject to change. Vendor claims are listed at the amounts entered on the Debtors' books and records,

which may reflect credits or allowances due from such creditors to the Debtors. The Debtors reserve all of their rights respecting such credits and allowances.

**Schedule A- Real Property**. The amount of the current value of the Debtors' interest in all property set forth on Schedule A is unliquidated.

**Schedule B- Personal Property**.

- **Schedule B16**. The Debtors have listed all outstanding accounts receivable on Schedule B16 without discounting for bad or uncollectable accounts.

- **Schedule B21**. With respect to contingent and unliquidated claims, the schedules of Extended Stay, Inc., ESA PA Properties LLC, ESA TX Properties LP, ESA FL Properties LLC, ESA MN Properties LLC, ESA MD Properties Business Trust, and ESA Operating Lessee Inc. reference certain litigation regarding defects in windows. Prior to the Commencement Date, the aforementioned Debtor entities settled a series of product liability cases with a windows manufacturer and certain of its insurers over defects in windows installed at a number of hotels. The settlement included the entry of a consent judgment for an additional $30 million to be executed only against the proceeds available under the insurance policies issued by three non-settling insurers. The Debtor entities are pursuing a garnishment action against the insurers. No estimate of recovery is available at this time.

**Schedule D- Creditors Holding Secured Claims**. Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance, of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.

The descriptions provided in Schedule D are intended only to be a summary. Without limiting the foregoing, the inclusion on Schedule D of creditors that have asserted liens is not an acknowledgement of the validity, extent, or priority of any such liens, and the Debtors reserve their right to challenge such liens and the underlying claims on any ground whatsoever. The Debtors have listed the Trustee and the Successor Trustee of the approximately $4.1 billion loan (the "Mortgage Debt") extended to certain of the Debtors pursuant to the Loan Agreement, dated as of June 11, 2007 (the "Mortgage Loan Agreement"),[1] on Schedule D, and not the certificate holders that hold interests in the Mortgage Debt. Such exclusion is without prejudice to the Debtors rights to treat the certificate holders as creditors or parties in interest for any and all

---

[1] Subsequent to the closing of the Mortgage Loan Agreement, the Mortgage Debt was sold and assigned to Wachovia Large Loan, Inc., which in turn, deposited the Mortgage Debt into a trust (the "Trust") created under the Trust and Servicing Agreement, dated as of August 1, 2007 (the "Trust and Servicing Agreement").

purposes in the chapter 11 cases. The Debtors have not been provided with a list of such certificate holders and although the Debtors may know the identities of certain of the certificate holders, such information could not be independently verified. Accordingly, despite discussions and inquiries, the Debtors and their professionals still cannot identify the beneficial holders of 100% of the Mortgage Debt. In addition, the Debtors have listed the known entities holding each of the mezzanine loans, aggregating to approximately $3.3 billion (collectively, the "<u>Mezzanine Debt</u>") on Schedule D. However, due largely to the Mezzanine Debt being traded, the Debtors may have inadvertently omitted certain entities with an interest in the Mezzanine Debt.

Accordingly, the information contained on Schedule D shall not constitute an admission of liability by, nor is it binding on, the Debtors. The Debtors reserve all rights to amend, modify, supplement, correct, change or alter the information contained on Schedule D.

Reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the General Notes or the Schedules and SOFAs shall be deemed a modification or interpretation of the terms of such agreements.

**<u>Schedule E- Creditors Holding Unsecured Priority Claims</u>**. As noted above, the Bankruptcy Court entered an order granting authority to the Debtors to pay certain prepetition tax obligations that would otherwise be entitled to priority status in the ordinary course. Accordingly, the Debtors may have not included such claims on Schedule E to the extent that the Debtors have satisfied such claims in full or anticipate satisfying such claims in full.

The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority under section 507 of the Bankruptcy Code. The Debtors reserve the right to dispute the priority status of any claim on any basis. Moreover, the listing of any tax claim on Schedule E is not an admission or designation by the Debtors that such claim is a prepetition tax claim.

While reasonable efforts have been made, determination of the date upon which each claim in Schedule E was incurred or arose would be unduly burdensome and therefore, the Debtors do not list a date for each claim listed on Schedule E.

**<u>Schedule F- Creditors Holding Unsecured Nonpriority Claims</u>**. The Bankruptcy Court entered an order granting authority to honor certain prepetition customer programs and insurance payments. Accordingly, certain debts arising out of customer programs and insurance programs have not been included on the Debtors' Schedules and SOFAs.

Schedule F may reflect the prepetition amounts owing to, among others, counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease. Schedule F, however, does not include rejection damages claims of the counterparties to executory contracts and unexpired leases that may be rejected.

Although the Debtors and their professionals have generated financials the Debtors believe to be reasonable, actual liabilities (and assets) may deviate from the Schedules and SOFAs due to certain events that occur through the duration of these chapter 11 cases. Accordingly, the actual amount of claims against the Debtors may vary from the represented liabilities. Parties in interest should not accept that the listed liabilities necessarily reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims. Similarly, parties in interest should not anticipate that recoveries in these cases will reflect the relationship of aggregate asset values and aggregate liabilities set forth in the Schedules and SOFAs. Parties in interest should consult their own professionals and/or advisors with respect to pursuing a claim.

The claims listed on Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose may be unknown or subject to dispute. Although reasonable efforts have been made to determine the date upon which claims listed in Schedule F were incurred or arose, fixing that date for each claim in Schedule F would be unduly burdensome and cost prohibitive and, therefore, the Debtors have not listed a date for each claim listed on Schedule F.

**Schedule G- Executory Contracts**. While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as subordination agreements, nondisturbance agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents are also not set forth in Schedule G. Furthermore, listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Commencement Date or is valid or enforceable.

The Debtors hereby reserve all of their rights to dispute the validity, status, enforceability or liability under, any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. The Debtors also reserve all rights to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

The Debtors have used reasonable efforts to locate and identify guaranties and other secondary liability claims (collectively, "Guaranties"), including Guaranties of each of their executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. Where such Guaranties have been identified, they have been included in the relevant Schedule G for the Debtor or Debtors affected by such Guaranties. The Debtors, however, believe that certain

Guaranties embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. Thus, the Debtors reserve all of their rights to amend the Schedules and SOFAs to the extent that such additional Guaranties are identified. Furthermore, certain of the Guaranties reflected on Schedule G may have expired or may be no longer enforceable. Thus, the Debtors reserve their right to amend the Schedules to the extent that additional Guaranties are identified or such Guaranties are discovered to have expired or become unenforceable.

In some cases, the same supplier or provider may appear multiple times in Schedule G. Multiple listings, if any, reflect distinct agreements between the applicable Debtor and such supplier or provider.

**Schedule H- Codebtors**. Schedule H does not reflect the other Debtor entities that may be jointly and severally liable on the debts listed by each Debtor. Each Debtor's applicable schedule should be referenced for such information.

In addition, the Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements.

Further, certain of the guarantees reflected on Schedule H may have expired or may be no longer enforceable. Thus, the Debtors reserve their right to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or become unenforceable.

**SOFA 14 – Setoffs**. Although the Debtors are not aware of any, they may incur setoffs in the ordinary course of business. As such, it is impracticable for the Debtors to note such setoffs in the Schedules and SOFAs.

**SOFA 19(d) – Financial Statements**. For SOFA 19(d), the Debtor reports that, in its ordinary course of business, it issued various financial statements to various interested parties, including, without limitation, the holders of the Mortgage Debt and the Mezzanine Debt, as well as other creditors, equity holders, insurance brokers and insurance carriers for the debtors, certain large vendors and/or utility providers, and other parties. The Debtor did not maintain a record of each of these various recipients or the date on which these financial statements were issued.

**SOFA 21(b) – Indirect Stockholders**. Due to the complex nature of the corporate structure of the Debtors, each stockholder who indirectly owns, controls or hold five percent or more of the voting or equity securities of the Debtor has not been listed.

**Specific Notes**. These General Notes are in addition to the specific notes set forth in the individual Schedules and SOFAs. The fact that the Debtors have prepared a specific note with respect to a particular Schedule or SOFA and not as to others does not reflect and should not be interpreted as a decision by the Debtors to exclude the applicability of such General Note to any or all of the Debtors' remaining Schedules or SOFAs, as appropriate. Disclosure of information

in one Schedule, SOFA, exhibit, or continuation sheet even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, SOFA, exhibit or continuation sheet.

**Totals**.  All totals that are included in the Schedules and SOFAs represent totals of the liquidated amounts for the individual schedule for which they are listed.

**Unliquidated Claims Amounts**.  Claim amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated."

**Undetermined Amount**s.  The description of an amount as "undetermined" is not intended to reflect upon the materiality of such amount.

**Categories or Labels Used in Schedules and SOFAS**.  Information requested by the Schedules and SOFAs requires the Debtors to make judgments regarding the appropriate category in which information should be presented or how certain parties, claims or other data should be labeled. The Debtors' decisions regarding the category or label to use is based on the best information available as of the filing of these Schedules and SOFAs and within the time constraints imposed by the Bankruptcy Code and Federal Rule of Bankruptcy Procedure.  The Debtors reserve the right to modify, change or delete any information in the Schedules and SOFAs by amendment, including to the extent some information currently presented should be moved to a different category or labeled in a different way.

**General Reservation of Rights**.  The Debtors specifically reserve the right to amend, modify, supplement, correct, change or alter any part of the Schedules and SOFAs as and to the extent necessary as they deem appropriate.

**B6 Summary (Official Form 6 - Summary) (12/07)**
**UNITED STATES BANKRUPTCY COURT**
**Southern District of New York, New York**

In re: Extended Stay Inc.

Case No. 09-13764 (JMP)

Chapter 11

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| Name of Schedule | Attached (YES/NO) | No. of Sheets | Assets | Liabilities | Other |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $0.00 | | |
| B - Personal Property | YES | 17 | $12,904,854.76 | | |
| C - Property Claimed as Exempt | NO | N/A | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 3 | | $0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 2 | | $4,117,517,588.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 2 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | NO | N/A | | | |
| J - Current Expenditures of Individual Debtor(s) | NO | N/A | | | |
| **TOTAL** | | **27** | **$12,904,854.76** | **$4,117,517,588.00** | |

0913764090928164341837567

**In re: Extended Stay Inc.**                                                    **Case No. 09-13764 (JMP)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.   If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "HWJC."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.  See Schedule D.  If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM OR MORTGAGE |
|---|---|---|---|---|
| NONE | | | | |
| | Total | | $0.00 | |

(Report total also on Summary of Schedules.)

**In re: Extended Stay Inc.**                                      **Case No. 09-13764 (JMP)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None". If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "HWJC." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007 (m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | $0.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Bank of America<br>214 N Tyron St, Charlotte, NC 28255<br>Account #3299033383 | | ($72,072.64)[(1)] |

Subtotal (Total on this page)     **($72,072.64)**

Footnote:
(1) As of 5/31/09. Balances reflects general ledger (book) cash which may include in transit items. Balance represents outstanding checks that have not yet been presented against this "zero balance account".

**In re: Extended Stay Inc.**                                                      **Case No. 09-13764 (JMP)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 2.  Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Bank of America 214 N Tyron St, Charlotte, NC 28255 Account #375 622 0092 | | $200,310.40[2] |
| | | Bank of America Securities 214 N Tyron St, Charlotte, NC 28255 Account #223-20244-1-0 CHM | | $0.00[3] |
| | | HSBC Treasury Fund 3435 Stelzer Rd, Columbus OH 43219-3035 Account #970095 | | $0.00[4] |

Subtotal (Total on this page)        **$200,310.40**

Footnote:
(2)  As of 5/31/09. Balances reflects general ledger (book) cash which may include in transit items.
(3)  As of 5/31/09. Balances reflects general ledger (book) cash which may include in transit items.
(4)  As of 5/31/09. Balances reflects general ledger (book) cash which may include in transit items.

**In re: Extended Stay Inc.**                                    **Case No. 09-13764 (JMP)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | $0.00 |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | | $0.00 |
| 5.  Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | $0.00 |

Subtotal (Total on this page)         **$0.00**

**In re: Extended Stay Inc.**                                                    **Case No. 09-13764 (JMP)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 6.  Wearing apparel. | X | | | $0.00 |
| 7.  Furs and jewelry. | X | | | $0.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | $0.00 |

Subtotal (Total on this page)      **$0.00**

**In re: Extended Stay Inc.**                                           **Case No. 09-13764 (JMP)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 9.  Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | X | | | $0.00 |
| 10.  Annuities. Itemize and name each issuer. | X | | | $0.00 |
| 11.  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | $0.00 |

Subtotal (Total on this page)      **$0.00**

**In re: Extended Stay Inc.**                                             **Case No. 09-13764 (JMP)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | $0.00 |
| 13.  Stock and interests in incorporated and unincorporated businesses. Itemize. | | ESA Business Trust 100 Dunbar St, Spartanburg, SC 29306 Ownership: 100% | | Undetermined |
| | | ESA Canada Operating Lessee Inc. 100 Dunbar St, Spartanburg, SC 29306 Ownership: 100% | | Undetermined |

                                            Subtotal (Total on this page)          **$0.00**

**In re: Extended Stay Inc.**　　　　　　　　　　　　　　　　　　　　**Case No. 09-13764 (JMP)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 13.  Stock and interests in incorporated and unincorporated businesses. Itemize. | | ESA International Inc<br>100 Dunbar St, Spartanburg, SC 29306<br>Ownership: 100% | | Undetermined[5] |
| | | ESA Spartanburg LLC<br>100 Dunbar St, Spartanburg, SC 29306<br>Ownership: 100% | | Undetermined[6] |
| | | ESA West Inc<br>100 Dunbar St, Spartanburg, SC 29306<br>Ownership: 100% | | Undetermined[7] |

Subtotal (Total on this page)　　　**$0.00**

Footnote:
(5)  ESA International Inc. is a non-debtor entity.
(6)  ESA Spartanburg LLC is a non-debtor entity.
(7)  ESA West Inc. is a non-debtor entity.

**In re: Extended Stay Inc.**                                    **Case No. 09-13764 (JMP)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 14.  Interests in partnerships or joint ventures. Itemize. | X | | | $0.00 |
| 15.  Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | $0.00 |
| 16.  Accounts Receivable. | X | | | $0.00 |

Subtotal (Total on this page)                    **$0.00**

**In re: Extended Stay Inc.**                                                                    **Case No. 09-13764 (JMP)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | $0.00 |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | Wachovia Bank NA Escrow for "FF&E" reserve, required repairs, preferred equity | | $8,110,737.00[8] |
| | | Wachovia Bank NA NC1067 8th Floor, 201 S. College Street, Charlotte, NC 28244-1067 Escrow for property taxes, property insurance | | $2,642.00[9] |

Subtotal (Total on this page)      **$8,113,379.00**

Footnote:
(8) The escrow amounts referred to herein have been released subsequent to June 15, 2009, to the Debtors in accordance with and subject to the terms of the Cash Collateral Order.
(9) The escrow amounts referred to herein have been released subsequent to June 15, 2009, to the Debtors in accordance with and subject to the terms of the Cash Collateral Order.

**In re: Extended Stay Inc.**                                        **Case No. 09-13764 (JMP)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | $0.00 |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | $0.00 |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | | | Undetermined[10] |

Subtotal (Total on this page)  **$0.00**

Footnote:
(10) Extended Stay, Inc., ESA PA Properties LLC, ESA TX Properties LP, ESA FL Properties LLC, ESA MN Properties LLC, ESA MD Properties Business Trust, and ESA Operating Lessee Inc settled a series of product liability cases with a window manufacturer and certain of its insurers over defects in windows installed at a number of hotels. The settlement included the entry of a consent judgment for an additional $30 million to be executed only against the proceeds available under the insurance policies issued by three non-settling insurers. The debtor entities are pursuing a garnishment action against the insurers. No estimate of recovery is available at this time.

**In re: Extended Stay Inc.**                                          **Case No. 09-13764 (JMP)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 21.  Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | | | Undetermined[11] |
| 22.  Patents, copyrights, and other intellectual property. Give particulars. | X | | | $0.00 |
| 23.  Licenses, franchises, and other general intangibles. Give particulars. | X | | | $0.00 |

Subtotal (Total on this page)          **$0.00**

Footnote:
(11)  Extended Stay Inc. and Homestead Village LLC may recover on certain contingent claims in the Visa Check/MasterMoney Antitrust Litigation (CV 96-5238). However, no estimate of recovery is available at this time.

**In re: Extended Stay Inc.**                                              **Case No. 09-13764 (JMP)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 24.  Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | $0.00 |
| 25.  Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | $0.00 |
| 26.  Boats, motors, and accessories. | X | | | $0.00 |

Subtotal (Total on this page)          **$0.00**

**In re: Extended Stay Inc.**                                                **Case No. 09-13764 (JMP)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 27. Aircraft and accessories. | X | | | $0.00 |
| 28. Office equipment, furnishings, and supplies. | X | | | $0.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | $0.00 |

Subtotal (Total on this page)      **$0.00**

**In re: Extended Stay Inc.** Case No. 09-13764 (JMP)

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 30.  Inventory. | X | | | $0.00 |
| 31.  Animals. | X | | | $0.00 |
| 32.  Crops - growing or harvested.  Give particulars. | X | | | $0.00 |

Subtotal (Total on this page)     **$0.00**

**In re: Extended Stay Inc.**                                        **Case No. 09-13764 (JMP)**

# SCHEDULE B - PERSONAL PROPERTY

### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 33.  Farming equipment and implements. | X | | | $0.00 |
| 34.  Farm supplies, chemicals, and feed. | X | | | $0.00 |
| 35.  Other personal property of any kind not already listed. Itemize. | | See Schedule B35 Attachment | | $4,663,238.00 |

Subtotal (Total on this page)            **$4,663,238.00**

**In re: Extended Stay Inc.**                                                    **Case No. 09-13764 (JMP)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| | |
|---|---|
| Subtotal (Total on this page) | **$0.00** |
| Total | **$12,904,854.76** |

(Include amounts from any continuation
sheets attached.  Report total also on
Summary of Schedules.)

**In re: Extended Stay Inc.**
**Case No. 09-13764**
Schedule B35
Personal Property - Other personal property of any kind not already listed

| Description | Location | Net Book Value at 5/31/09 |
|---|---|---|
| Accrued interest receivable-cash accounts | N/A | $511.00 |
| Miscellaneous property operating receivables | Various | $4,830.00 |
| Payments and deposits for furniture and fixtures | Various | $4,657,897.00 |
| | **TOTAL:** | **$4,663,238.00** |

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, AND AN ACCOUNT NUMBER (See Instructions Above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| NONE | | | | | | | | |
| Subtotal(s) (Total(s) on this page) | | | | | | | $0.00 | $0.00 |
| Total(s) (Use only on last page) | | | | | | | $0.00 | $0.00 |
| | | | | | | | (Report also on Summary of Schedules) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data) |

**In re: Extended Stay Inc.**                                                      **Case No. 09-13764 (JMP)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIM   (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

**In re: Extended Stay Inc.**                                                           **Case No. 09-13764 (JMP)**

☐  **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐  **Deposits by individuals**

Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐  **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐  **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐  **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507 (a)(10).

*Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**In re: Extended Stay Inc.**                                    **Case No. 09-13764 (JMP)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See Instructions Above.)* | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| NONE | | | | | | | | | |
| Subtotals (Totals on this page): | | | | | | | $0.00 | $0.00 | $0.00 |
| Total: (Report also on the Summary of Schedules) | | | | | | | $0.00 | | |
| Totals: (Report also on the Statistical Summary of Certain Liabilities Related Data) | | | | | | | | $0.00 | $0.00 |

**In re: Extended Stay Inc.**                                        **Case No. 09-13764 (JMP)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| See Schedule F Attachment | | | | | | | $4,117,517,588.00 [1][2] |
| | | | | | Subtotal (Total on this page) | | **$4,117,517,588.00** |
| | | | | | Total | | **$4,117,517,588.00** |
| | | | | (Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | | |

Footnote:
(1) As of May 31, the amount owed to HVM was approximately $36 million, without taking into account (i) the allocation of such claims against the respective debtors, and (ii) amounts that have been paid in the ordinary course or pursuant to the Cash Collateral Order.

(2) The Debtors have listed the Trustee and the Successor Trustee of the Mortgage Debt on Schedule D and not the certificate holders that hold interests in the Mortgage Debt. Such exclusion is without prejudice to the Debtors rights to treat the certificate holders as creditors or parties in interest for any and all purposes in the chapter 11 cases. The information contained herein shall not prejudice the rights of the Debtors or the certificate holders of the Trust from claiming any rights with respect to the Trust and the Mortgage Debt.

| Creditor's Name | Notice Name | Address 1 | Address 2 | Address 3 | City | State | Zip | Country | Date claim was incurred and consideration for claim | Subject to setoffs Y/N | Contingent | Unliquidated | Disputed | Total amount of claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Alston and Bird LLP | | One Atlantic Center | 1201 West Peachtree Street | | Atlanta | GA | 30309 | | Professional Fees | | | | | $7,041.00 |
| American Automobile Insurance Company | Attn: Ted Perryman | Roberts Perryman, Bomkamp & Meives PA | One US Bank Plaza, Suite 2300 | | St Louis | MO | 63101 | | Litigation Claim | | X | X | X | Unknown |
| Angela Lonergan | Mallon Santora & Trange | 86 Court Street | | | Freehold | NJ | 07728 | | Litigation Claim | | X | X | X | Unknown |
| Armstrong Teasdale, LLP | | 3405 West Truman Boulevard | Suite 210 | | Jefferson City | MO | 65109 | | Professional Fees | | | | | $52,166.00 |
| Bank of America | | 100 S Charles St | Attn: Henry Patrick | | Baltimore | MD | 21201 | | Guarantee of $8,500,000.00, as set forth in the Mortgage Loan Agreement, dated February 14, 2008, and all documents executed therewith, with Bank of America | | X | X | | $8,500,000.00 |
| Barbara Burke | Attn: Oscar Syger | Law Offices of Oscar Syger, P.A. | Fountains Executive Centre, Suite 10 | 9000 Sheridan Street | Pembroke Pines | Florida | 33024 | | Litigation Claim | | X | X | X | Unknown |
| Candace Moyer | Ruben Teran | 1605 10th Street | | | Douglas | AZ | 85607 | | Litigation Claim | | X | X | X | Unknown |
| Cannon Cochran Management Services, Inc | Lawrence W. Ferguson & Associates | 800 N. Providence, Suite 102 | | | Columbia | MO | 65203-4300 | | Litigation Claim | | X | X | X | Unknown |
| Deloitte LLP | | 227 W. Trade Street | Suite 1100 | | Charlotte | NC | 28202 | | Professional Fees | | | | | $27,711.00 |
| Diamond State Insurance Company | Attn: Michael Huff | Huff& Maginn LLC | 4505 Madison Avenue | | Kansas City | MO | 64111 | | Litigation Claim | | X | X | X | Unknown |
| Emmanuel Kwaku | Richard Farnsworth | Suite 510 Grant Building | 44 Broad Street, NW | | Atlanta | GA | 30303 | | Litigation Claim | | X | X | X | Unknown |
| George A. Tsongas, PhD PE | | 3070 SW Fairmount Boulevard | | | Portland | OR | 97239 | | Professional Fees | | | | | $41,464.00 |
| Glazing Consultants International | | 5760 Corporate Way | Suite 100 | | West Palm Beach | FL | 33407 | | Professional Fees | | | | | $24,019.00 |
| Gowlings | | 160 Elgin Street | Suite 2600 | | Ottawa | ON | K1P 1C3 | Canada | Professional Fees | | | | | $932.10 (CAD amounts translated into USD) |
| HVM LLC | | 100 Dunbar Street | | | Spartanburg | SC | 29306 | | | | | | | Undetermined |
| International Placement Services, Inc | John O'Malley | Crisham & Kubes LTD | 30 N LaSalle Street Suite 2800 | | Chicago | IL | 60602 | | Litigation Claim | | X | X | X | Unknown |
| K C M | | 16905 Simpson Circle | | | Paeonian Springs | VA | 20129 | | Professional Fees | | | | | $17,307.00 |
| Madalyne McCall | Attn: Coleman Garret | Garrett & Associates | 212 Adams Avenue | | Memphis | TN | 38103 | | Litigation Claim | | X | X | X | Unknown |
| Manufacturers and Traders Trust Company | | One M&T Plaza | | | Buffalo | NY | 14203 | | 9 7/8% Senior Subordinated Notes due June 15, 2011 | | | | | $8,542,538.00 |
| Miller Thomson LLP | | 40 King Street West | Suite 5800 | | Toronto | ON | M5H 3S1 | Canada | Professional Fees | | | | | $20,641.82 (CAD amounts translated into USD) |
| Millcent Cook | Attn: Stuart Fest | Law Offices of Stuart Fest | 6928 Owensmouth Avenue, Suite 103 | | Canoga Park | CA | 91303 | | Litigation Claim | | X | X | X | Unknown |
| Miriam Kapusta | Darren Roussc | 2 Alhambra Plaza | Penthouse 2-C | | Coral Gables | FL | 33134 | | Litigation Claim | | X | X | X | Unknown |
| Moore and Van Allen PLLC | | 40 Calhoun Street | Suite 300 | | Charleston | SC | 29413 | | Professional Fees | | | | | $439.00 |
| Quaker Window Products Company, Inc | Attn: Charles Gentry | Carson & Coil PC | 515 East High Street | | Jefferson City | MO | 65101 | | Litigation Claim | | X | X | X | Unknown |
| Richard Crawford | Richard Crawford | 2105 Trafalgar Dr | | | Modesto | CA | 95355 | | Litigation Claim | | X | X | X | Unknown |
| Richard Gertudes | Law Offices of Dean Zimmerman | 4105 E. Broadway Ste 100 | | | Long Beach | CA | 90803 | | Litigation Claim | | X | X | X | Unknown |
| Siver | | 9400 Fourth Street N | Suite 119 | | St. Petersburg | FL | 33702 | | Professional Fees | | | | | $121,769.00 |
| TCR | | 3610 Buttonwood Drive | Suite 200 | | Columbia | MO | 65201 | | Professional Fees | | | | | $17,187.00 |
| The Brattle Group | | 44 Brattle Street | | | Cambridge | MA | 02138 | | Professional Fees | | | | | $17,603.00 |
| Thompson Coburn LLP | | PO Box 18379M | | | St. Louis | MO | 63195 | Canada | Professional Fees | | | | | $3,000.00 |
| Thomson Property Tax Services | | 33317 Treasury Center | | | Chicago | IL | 60694 | | Professional Fees | | | | | $242,718.00 |
| U.S. Bank National Association (as Successor Trustee) | | 209 S LaSalle St Ste 300 | Attn Patricia M Child | | Chicago | IL | 60604-1219 | | Mortgage Loan Agreement, dated June 11, 2007, and all documents executed therewith | | X | X | | $4,099,849,448.00 |
| U.S. Bank National Association (as Successor Trustee) | | 209 S LaSalle St 3rd Fl | Attn Corporate Trust Services – WCMS 2007-ESH | | Chicago | IL | 60604-1219 | | Mortgage Loan Agreement, dated June 11, 2007, and all documents executed therewith | | X | X | | |
| Wells Fargo Bank, N.A. as Trustee in trust for holder of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2007-ESH | | c/o Wachovia Bank, National Association | One Wachovia Center 301 South College Street | | Charlotte | NC | 28288-0166 | | Mortgage Loan Agreement, dated June 11, 2007, and all documents executed therewith | | X | X | | |
| Venable LLP | | PO Box 630798 | | | Baltimore | MD | 21263 | | Professional Fees | | | | | $8,220.00 |
| Wallstreet Insurance Agency, Inc. | Attn: Scott Hofer | Foland Wickens Eisfelder Roper & Hofer | 911 Main Street, 30th floor | | Kansas City | MO | 64105 | | Litigation Claim | | X | X | X | Unknown |
| William McCulloch | Gilbert Kirwin | 225 California Street Suite 600 | | | San Francisco | CA | 94111 | | Litigation Claim | | X | X | X | Unknown |
| Wood Associates | | 5761 Stoddard Road | Suite 304 | | Modesto | CA | 95346 | | Professional Fees | | | | | $23,384.00 |
| | | | | | | | | | | | | **TOTAL:** | | **$4,117,517,588 + Unknown** |

**In re: Extended Stay Inc.**                                    **Case No. 09-13764 (JMP)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m)

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| See Schedule G Attachment | |

| Name of other parties to lease or contract | Address 1 | Address 2 | City | State | Zip | Country | Description of contract or lease and nature of debtor's interest. State whether lease is of nonresidential real property. State contract number of any government contract. |
|---|---|---|---|---|---|---|---|
| Homestead Village LLC | 100 Dunbar St | | Spartanburg | SC | 29306 | | G&A Non-termination Agreement |
| HVM LLC | 100 Dunbar St | | Spartanburg | SC | 29306 | | G&A Expense Reimbursement Agreement |
| HVM LLC | 100 Dunbar St | | Spartanburg | SC | 29306 | | Services Agreement |

**In re: Extended Stay Inc.**                                          **Case No. 09-13764 (JMP)**

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. Bankr. P. 1007(m)

☐ Check this box if debtor has no codebtors.

| NAME AND  ADDRESS OF CODEBTOR | NAME AND  ADDRESS OF CREDITOR |
|---|---|
| See footnote | (1) |

Footnote:
(1)  For purposes of this Schedule H, the Debtor has not included a listing of the other Debtor entity that may be jointly and severally liable on the debts listed by this Debtor.

In addition, Debtor Extended Stay Inc., Debtor Homestead Village L.L.C., non-Debtor Lightstone Holdings L.L.C. and non-Debtor David Lichtenstein are the guarantors of certain non-recourse carve-out provisions of the $4.1 billion Mortgage Debt.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK, NEW YORK**

**In re: Extended Stay Inc.**                                                    **Case No. 09-13764 (JMP)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

I, Joseph Teichman, Secretary of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 39 sheets , and that they are true and correct to the best of my knowledge, information, and belief.

Date  9/28/2009
_____

Signature: _____/ s / Joseph Teichman_____

                                                    **Joseph Teichman**

                                                    **Secretary**

-------------------------------------------------------------------------------------------------------------------------------------------

**Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C.§§ 152 and 3571.**