**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ x
|  |  |  |
|---|---|---|
| | **:** | |
| **In re** | **:** | **Chapter 11** |
| | **:** | |
| **EXTENDED STAY INC., et al.,** | **:** | **Case No. 09-13764 (JMP)** |
| | **:** | |
| Debtors. | **:** | **(Jointly Administered)** |
| | **:** | |

------------------------------------------------------------ x

## STATEMENT OF FINANCIAL AFFAIRS FOR
## EXTENDED STAY INC.

## GENERAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMER REGARDING THE DEBTORS' SCHEDULES AND SOFAS

On June 15, 2009 (the "Commencement Date"), Extended Stay Inc. ("ESI"), and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors," or "Extended Stay"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The chapter 11 cases have been consolidated for procedural purposes only under Case No. 09-13764 (JMP). The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

With the assistance of their Bankruptcy Court-appointed advisors, the Debtors prepared their Schedules of Assets and Liabilities (collectively, the "Schedules") and their Statements of Financial Affairs (the "SOFAs" and together with the Schedules, the "Schedules and SOFAs") pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure. The Schedules and SOFAs are unaudited and do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), and they are not intended to be fully reconciled to the Debtors' financial statements.

Although the Debtors have made every reasonable effort to ensure that the Schedules and SOFAs are accurate and complete based on information that was available to them at the time of preparation, inadvertent errors or omissions may have occurred. As discussed below in the section entitled "Disclaimer Regarding Information," the information provided herein, except as otherwise noted, is what was available to the Debtors and their professionals, as may have been provided by HVM L.L.C. ("HVM") and The Lightstone Group, as custodians of most of the books and records of the Debtors as of the close of business on May 31, 2009.

Because the information provided herein is unaudited and, except as otherwise noted, is as of the close of business on May 31, 2009, subsequent receipt of information or an audit may result in material changes in financial data requiring amendment of the Schedules and SOFAs. There can be no assurance that the Schedules and SOFAs are complete. Accordingly, the Schedules and SOFAs remain subject to the Debtors' further review, verification, and potential adjustment. The Debtors reserve their right to amend the Schedules and SOFAs from time-to-time as may be necessary or appropriate, including, but not limited to, the right to dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and SOFAs as to amount, liability, or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Schedules and SOFAs shall constitute a waiver of rights with respect to these chapter 11 cases, including, but not limited to, any rights or claims of the Debtors against any third party, issues involving substantive consolidation, equitable subordination and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers.

Certain of the Schedules and SOFAs have been signed by F. Joseph Rogers, the Assistant Secretary for some of the Debtors.  In reviewing and signing the Schedules and SOFAs, Mr. Rogers has necessarily relied upon the efforts, statements, and representations of the Debtors' personnel and professionals and the information, efforts, statements, and representations of the accounting and non-accounting personnel of the Debtors and their advisors.  Mr. Rogers has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors and their addresses.

Certain of the Schedules and SOFAs have been signed by Joseph Teichman, the Secretary for all of the Debtors.  In reviewing and signing the Schedules and SOFAs, Mr. Teichman has necessarily relied upon the efforts, statements, and representations of the Debtors' personnel and professionals and the information, efforts, statements, and representations of the accounting and non-accounting personnel of the Debtors and their advisors.  Mr. Teichman has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors and their addresses.

These General Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Debtors' Schedules and SOFAs (the "General Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and SOFAs and should be referred to and considered in connection with any review of the Schedules and SOFAs.

**Disclaimer Regarding Information**. All of the Extended Stay hotels are managed by HVM, an entity that is affiliated with, but not owned by, the Extended Stay family of companies.  HVM, on behalf of Extended Stay, pays all property level expenses of the hotels, contracts with service providers and purchases substantially all goods and materials utilized in the operation of the business.  HVM employs approximately 9,200 employees in connection with the operation of the hotels.  Accordingly, the Debtors themselves do not have any employees.  Thus, the Schedules and SOFAs have been prepared, in large part, based upon the information and work product and/or representations made available to the Debtors and their professionals by representatives of HVM, and in limited instances, corporate records held by The Lightstone Group (which owns the equity of certain of the Debtors).

Prior to the Commencement Date, and continuing thereafter, the operations of the Debtors were necessarily connected with and collectively managed by HVM.  With the exception of certain service providers, HVM has historically been the entity that has been responsible for the payments to the employees, utility companies, and other third party providers that provide services to the Extended Stay hotels.  However, certain contracts may also list one of the Debtor entities as a party, and as a result, it may not be immediately clear whether that certain Debtor entity or HVM is liable for certain of the obligations listed on the Schedules and SOFAs.  In addition, the financial affairs and business of the Debtors and HVM are complex  and intertwined, and certain payments may have been made by one entity on behalf of another.

Given that HVM's continued performance of its management services was critical to the Debtors' operations, the Debtors were authorized by the Bankruptcy Court to continue to

reimburse HVM so that HVM could continue to pay the employees, vendors, utility companies and other third party service providers that provide crucial and necessary services to continue the operations at the Extended Stay hotels. Additionally, HVM was authorized to pay certain amounts for services that may have been provided to the Debtors prior to the Commencement Date.

This disclaimer is incorporated by reference in, and comprises an integral part of the Schedules and SOFAs, and should be considered in connection with any review of the Schedules and SOFAs.

**Asset Presentation**. The Debtors have reported the market value of cash and cash equivalents and investment securities where market values were readily accessible as of May 31, 2009, unless otherwise noted. The Debtors believe that it would be an inefficient use of the assets of the Debtors' estates for the Debtors to obtain current market valuations of all of their assets. Accordingly, where necessary, the Debtors have indicated in the Schedules and SOFAs that the value of certain assets (and liabilities) is "Unknown" or "Undetermined." The Debtors have provided the net book value of their assets as of May 31, 2009; however, where possible, the Debtors have provided the net book value of their liabilities as of June 15, 2009. The ultimate market value of the Debtors' assets and liabilities may vary materially from the net book values presented in the Schedules and SOFAs.

In addition, notwithstanding the fact that some assets may not have been recorded on the Debtors' books and records, in certain circumstances the Debtors have listed assets as contingent assets on the Schedules and SOFAs. There may be additional assets that belong to the Debtors that have not been included on the Schedules and SOFAs. The Debtors reserve their right to amend or adjust the value of each asset or liability set forth herein and to add additional assets, as such information becomes available.

In addition, any omission of an asset of the Debtors on the Schedules and SOFAs does not constitute a representation regarding the ownership of the asset, and any such omission shall not constitute a waiver of any and all rights of the Debtors with respect to that particular asset.

**Liabilities**. The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and SOFAs. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors reserve their right to change the allocation of liability to the extent additional information becomes available.

In addition, notwithstanding the fact that some liabilities may not have been recorded on their books and records, the Debtors have listed some of those liabilities on the Schedules and SOFAs, as the Debtors may be the contractual party. The Debtors reserve their right to amend or adjust the value of each asset or liability set forth herein.

Pursuant to Bankruptcy Court orders, the Debtors have been granted authority to pay certain priority prepetition obligations.  Accordingly, these liabilities have been or will be satisfied and may or may not be listed in the Schedules and SOFAs.

**Excluded Assets and Liabilities Values**.  Asset values listed are Net Book Value ("NBV") as of May 31, 2009.  The Debtors have excluded the following categories of assets and liabilities from the Schedules and Statements: certain immaterial assets and liabilities, and assets with a net book value of zero, and liabilities that have been or will be satisfied.

**Intellectual Property Rights**.  Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

**Property and Equipment**.  Unless otherwise noted, owned property and equipment are stated as NBV.  In the ordinary course of their business, the Debtors may lease furniture, fixtures, and equipment from certain third party lessors for use in the daily operation of their business.  Any such leases are set forth in the Schedules and SOFAs.  Nothing in the Schedules and SOFAs is or shall be construed as an admission regarding the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all their rights with respect to any such issue.

**Recharacterization**.  The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and SOFAs.  However, due to the complexity and size of the Debtors' business, the Debtors may have improperly characterized, classified, categorized, or designated certain items.  The Debtors thus reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and SOFAs at a later time as necessary or appropriate as additional information becomes available.

**Claims Description**.  Any failure to designate a claim on the Debtors' Schedules and SOFAs as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such claim is not "disputed," "contingent," or "unliquidated."  The Debtors reserve the right to dispute, or to assert offsets or defenses to, any claim reflected on the Schedules and SOFAs as to amount, liability, priority, secured or unsecured status, or classification, or to otherwise designate any claim as "disputed," "contingent," or "unliquidated."  Moreover, the Debtors reserve the right to amend the Schedules and SOFAs as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

**Intercompany Claims, Agreements, and Related Matters**.  The Schedules and SOFAs generally do not include intercompany claims, distributions, agreements, or other related matters

4

between Debtors and between Debtors and non-Debtor affiliates. However, the Schedules and SOFAs do include the claims between the Debtors and HVM.

**Contingent Assets/Causes of Action**. The Debtors believe that they may possess certain claims and causes of action against various parties. Additionally, the Debtors may possess contingent claims in the form of various avoidance actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws. The Debtors, despite reasonable efforts, may not have set forth all of their causes of action against third parties as assets in their Schedules and SOFAs. The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have and nothing contained in these General Notes or the Schedules and SOFAs shall be deemed a waiver of any such claims, avoidance actions, or causes of action or in any way prejudice or impair the assertion of such claims.

The Debtors may also possess contingent and unliquidated claims against affiliated or formerly affiliated entities (both Debtor and non-Debtor) for various financial accommodations and similar benefits they have extended from time to time, including contingent and unliquidated claims for contribution, reimbursement and/or indemnification arising from, among other things, (i) letters of credit, (ii) notes payable and receivable, (iii) surety bonds, (iv) guaranties, (v) indemnities, (vi) warranties, and (vii) taxes. Additionally, prior to the Commencement Date, the Debtors, as plaintiffs, may have commenced various lawsuits in the ordinary course of business against third parties seeking monetary damages. Refer to ESI's SOFA, item 4(a), for lawsuits commenced prior to the Commencement Date in which ESI was a plaintiff.

**Insiders**. In the circumstances where the Schedules and SOFAs require information regarding "insiders" (as defined in the instructions to the Schedules and SOFAs), the Debtors have included information with respect to certain individuals who served as officers and directors, as the case may be, during the relevant time periods. Such individuals may no longer serve as an officer or director of the Debtors.

Inclusion of information with respect to any such individual is not intended to be, nor shall it be construed as, a binding or legal characterization of such individual as an "insider," as defined under the Bankruptcy Code, federal and state securities laws or any other applicable law. Additionally, the inclusion of information with respect to any such individual is not intended to be, nor shall it be, an admission of any fact, or any claim, right or defense, and any and all such rights, claims and defenses are hereby expressly reserved for all purposes. Information regarding the individuals listed as "insiders" in the Schedules and SOFAs has been included for informational purposes only; such information may not be used for the purpose of determining control of the Debtors, or the extent to which any individual exercised management responsibilities or functions with respect to, or corporate decision-making authority over, the Debtors.

**Credits in the Ordinary Course of Business**. In the ordinary course of business, the Debtors apply credits against amounts otherwise due to vendors. Certain of these credits are subject to change. Vendor claims are listed at the amounts entered on the Debtors' books and records,

5

which may reflect credits or allowances due from such creditors to the Debtors.  The Debtors reserve all of their rights respecting such credits and allowances.

**Schedule A- Real Property**.  The amount of the current value of the Debtors' interest in all property set forth on Schedule A is unliquidated.

**Schedule B- Personal Property**.

- **Schedule B16**.  The Debtors have listed all outstanding accounts receivable on Schedule B16 without discounting for bad or uncollectable accounts.

- **Schedule B21**.  With respect to contingent and unliquidated claims, the schedules of Extended Stay, Inc., ESA PA Properties LLC, ESA TX Properties LP, ESA FL Properties LLC, ESA MN Properties LLC, ESA MD Properties Business Trust, and ESA Operating Lessee Inc. reference certain litigation regarding defects in windows.  Prior to the Commencement Date, the aforementioned Debtor entities settled a series of product liability cases with a windows manufacturer and certain of its insurers over defects in windows installed at a number of hotels.  The settlement included the entry of a consent judgment for an additional $30 million to be executed only against the proceeds available under the insurance policies issued by three non-settling insurers.  The Debtor entities are pursuing a garnishment action against the insurers.  No estimate of recovery is available at this time.

**Schedule D- Creditors Holding Secured Claims**.  Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance, of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.

The descriptions provided in Schedule D are intended only to be a summary.  Without limiting the foregoing, the inclusion on Schedule D of creditors that have asserted liens is not an acknowledgement of the validity, extent, or priority of any such liens, and the Debtors reserve their right to challenge such liens and the underlying claims on any ground whatsoever.  The Debtors have listed the Trustee and the Successor Trustee of the approximately $4.1 billion loan (the "Mortgage Debt") extended to certain of the Debtors pursuant to the Loan Agreement, dated as of June 11, 2007 (the "Mortgage Loan Agreement"),[1] on Schedule D, and not the certificate holders that hold interests in the Mortgage Debt.  Such exclusion is without prejudice to the Debtors rights to treat the certificate holders as creditors or parties in interest for any and all

---

[1] Subsequent to the closing of the Mortgage Loan Agreement, the Mortgage Debt was sold and assigned to Wachovia Large Loan, Inc., which in turn, deposited the Mortgage Debt into a trust (the "Trust") created under the Trust and Servicing Agreement, dated as of August 1, 2007 (the "Trust and Servicing Agreement").

purposes in the chapter 11 cases.  The Debtors have not been provided with a list of such certificate holders and although the Debtors may know the identities of certain of the certificate holders, such information could not be independently verified.  Accordingly, despite discussions and inquiries, the Debtors and their professionals still cannot identify the beneficial holders of 100% of the Mortgage Debt.  In addition, the Debtors have listed the known entities holding each of the mezzanine loans, aggregating to approximately $3.3 billion (collectively, the "Mezzanine Debt") on Schedule D.  However, due largely to the Mezzanine Debt being traded, the Debtors may have inadvertently omitted certain entities with an interest in the Mezzanine Debt.

Accordingly, the information contained on Schedule D shall not constitute an admission of liability by, nor is it binding on, the Debtors.  The Debtors reserve all rights to amend, modify, supplement, correct, change or alter the information contained on Schedule D.

Reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in the General Notes or the Schedules and SOFAs shall be deemed a modification or interpretation of the terms of such agreements.

**Schedule E- Creditors Holding Unsecured Priority Claims**.  As noted above, the Bankruptcy Court entered an order granting authority to the Debtors to pay certain prepetition tax obligations that would otherwise be entitled to priority status in the ordinary course.  Accordingly, the Debtors may have not included such claims on Schedule E to the extent that the Debtors have satisfied such claims in full or anticipate satisfying such claims in full.

The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority under section 507 of the Bankruptcy Code.  The Debtors reserve the right to dispute the priority status of any claim on any basis.  Moreover, the listing of any tax claim on Schedule E is not an admission or designation by the Debtors that such claim is a prepetition tax claim.

While reasonable efforts have been made, determination of the date upon which each claim in Schedule E was incurred or arose would be unduly burdensome and therefore, the Debtors do not list a date for each claim listed on Schedule E.

**Schedule F- Creditors Holding Unsecured Nonpriority Claims**.  The Bankruptcy Court entered an order granting authority to honor certain prepetition customer programs and insurance payments.  Accordingly, certain debts arising out of customer programs and insurance programs have not been included on the Debtors' Schedules and SOFAs.

Schedule F may reflect the prepetition amounts owing to, among others, counterparties to executory contracts and unexpired leases.  Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease.  Schedule F, however, does not include rejection damages claims of the counterparties to executory contracts and unexpired leases that may be rejected.

Although the Debtors and their professionals have generated financials the Debtors believe to be reasonable, actual liabilities (and assets) may deviate from the Schedules and SOFAs due to certain events that occur through the duration of these chapter 11 cases.  Accordingly, the actual amount of claims against the Debtors may vary from the represented liabilities.  Parties in interest should not accept that the listed liabilities necessarily reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.  Similarly, parties in interest should not anticipate that recoveries in these cases will reflect the relationship of aggregate asset values and aggregate liabilities set forth in the Schedules and SOFAs.  Parties in interest should consult their own professionals and/or advisors with respect to pursuing a claim.

The claims listed on Schedule F arose or were incurred on various dates.  In certain instances, the date on which a claim arose may be unknown or subject to dispute.  Although reasonable efforts have been made to determine the date upon which claims listed in Schedule F were incurred or arose, fixing that date for each claim in Schedule F would be unduly burdensome and cost prohibitive and, therefore, the Debtors have not listed a date for each claim listed on Schedule F.

**<u>Schedule G- Executory Contracts</u>**.  While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.  Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not set forth on Schedule G.  In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as subordination agreements, nondisturbance agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements.  Such documents are also not set forth in Schedule G.  Furthermore, listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Commencement Date or is valid or enforceable.

The Debtors hereby reserve all of their rights to dispute the validity, status, enforceability or liability under, any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.  The Debtors also reserve all rights to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease.  The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

The Debtors have used reasonable efforts to locate and identify guaranties and other secondary liability claims (collectively, "<u>Guaranties</u>"), including Guaranties of each of their executory contracts, unexpired leases, secured financings, debt instruments, and other agreements.  Where such Guaranties have been identified, they have been included in the relevant Schedule G for the Debtor or Debtors affected by such Guaranties.  The Debtors, however, believe that certain

8

Guaranties embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. Thus, the Debtors reserve all of their rights to amend the Schedules and SOFAs to the extent that such additional Guaranties are identified. Furthermore, certain of the Guaranties reflected on Schedule G may have expired or may be no longer enforceable. Thus, the Debtors reserve their right to amend the Schedules to the extent that additional Guaranties are identified or such Guaranties are discovered to have expired or become unenforceable.

In some cases, the same supplier or provider may appear multiple times in Schedule G. Multiple listings, if any, reflect distinct agreements between the applicable Debtor and such supplier or provider.

**Schedule H- Codebtors**. Schedule H does not reflect the other Debtor entities that may be jointly and severally liable on the debts listed by each Debtor. Each Debtor's applicable schedule should be referenced for such information.

In addition, the Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements.

Further, certain of the guarantees reflected on Schedule H may have expired or may be no longer enforceable. Thus, the Debtors reserve their right to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or become unenforceable.

**SOFA 14 – Setoffs**. Although the Debtors are not aware of any, they may incur setoffs in the ordinary course of business. As such, it is impracticable for the Debtors to note such setoffs in the Schedules and SOFAs.

**SOFA 19(d) – Financial Statements**. For SOFA 19(d), the Debtor reports that, in its ordinary course of business, it issued various financial statements to various interested parties, including, without limitation, the holders of the Mortgage Debt and the Mezzanine Debt, as well as other creditors, equity holders, insurance brokers and insurance carriers for the debtors, certain large vendors and/or utility providers, and other parties. The Debtor did not maintain a record of each of these various recipients or the date on which these financial statements were issued.

**SOFA 21(b) – Indirect Stockholders**. Due to the complex nature of the corporate structure of the Debtors, each stockholder who indirectly owns, controls or hold five percent or more of the voting or equity securities of the Debtor has not been listed.

**Specific Notes**. These General Notes are in addition to the specific notes set forth in the individual Schedules and SOFAs. The fact that the Debtors have prepared a specific note with respect to a particular Schedule or SOFA and not as to others does not reflect and should not be interpreted as a decision by the Debtors to exclude the applicability of such General Note to any or all of the Debtors' remaining Schedules or SOFAs, as appropriate. Disclosure of information

in one Schedule, SOFA, exhibit, or continuation sheet even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, SOFA, exhibit or continuation sheet.

**Totals**.  All totals that are included in the Schedules and SOFAs represent totals of the liquidated amounts for the individual schedule for which they are listed.

**Unliquidated Claims Amounts**.  Claim amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated."

**Undetermined Amount**s.  The description of an amount as "undetermined" is not intended to reflect upon the materiality of such amount.

**Categories or Labels Used in Schedules and SOFAS**.  Information requested by the Schedules and SOFAs requires the Debtors to make judgments regarding the appropriate category in which information should be presented or how certain parties, claims or other data should be labeled. The Debtors' decisions regarding the category or label to use is based on the best information available as of the filing of these Schedules and SOFAs and within the time constraints imposed by the Bankruptcy Code and Federal Rule of Bankruptcy Procedure.  The Debtors reserve the right to modify, change or delete any information in the Schedules and SOFAs by amendment, including to the extent some information currently presented should be moved to a different category or labeled in a different way.

**General Reservation of Rights**.  The Debtors specifically reserve the right to amend, modify, supplement, correct, change or alter any part of the Schedules and SOFAs as and to the extent necessary as they deem appropriate.

B7 (Official Form 7) (12/07)

# FORM 7 - STATEMENT OF FINANCIAL AFFAIRS
# UNITED STATES BANKRUPTCY COURT
### Southern District of New York

In re: Extended Stay Inc.                                    Case No. 09-13764 (JMP)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."*  A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following:  an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time.  An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

**1.  Income from employment or operation of business**
State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | AMOUNT | SOURCE |
| --- | --- | --- |
| X |  |  |



0913764090928145727837213

**2. Income other than from employment or operation of business**

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | AMOUNT | SOURCE |
|------|--------|--------|
|      |        | See SOFA 2 Attachment |

**3. Payment to creditors**

*Complete a. or b., as appropriate, and c.*

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.

| NONE | NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|------|------------------------------|-------------------|-------------|--------------------|
| X    |                              |                   |             |                    |

b. *Debtor whose debts are not primarily consumer debts*: List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|------|------------------------------|------------------------------|-----------------------------------|--------------------|
|      | See SOFA 3b Attachment       |                              | $16,617,242.57                    |                    |

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|------|---------------------------------------------------------|-----------------|-------------|--------------------|
|      | See SOFA 3C Attachment                                  |                 | $10,644,952.00 |                 |

**4. Suits and administrative proceedings, executions, garnishments and attachments**
 a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the
filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either
or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|---|
| | See SOFA 4a Attachment | | | |

 b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year**
immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include
information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated
and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| X | | | |

**5. Repossessions, foreclosures and returns**
List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of
foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors
filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a
joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| X | | | |

**6. Assignments and receiverships**
 a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the
commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or
both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|---|
| X | | | |

 b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately
preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information
concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint
petition is not filed.)

| NONE | NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|---|
| X | | | | |

**7. Gifts**
List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except
ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable
contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts
or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint
petition is not filed.)

| NONE | NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|---|
| X | | | | |

**8. Losses**

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCE AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|---|
| X | | | |

**9. Payments related to debt counseling or bankruptcy**

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| | See SOFA 9 Attachment | | $8,059,774.00 |

**10. Other transfers**

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|---|
| X | | | |

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NONE | NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|---|
| X | | | |

**11. Closed financial accounts**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|---|
| X | | | |

**12. Safe deposit boxes**

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO THE BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|------|------|------|------|------|
| X | | | | |

**13. Setoffs**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|------|------|------|------|
| X | | | |

**14. Property held for another person**

List all property owned by another person that the debtor holds or controls.

| NONE | NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|------|------|------|------|
| X | | | |

**15. Prior address of debtor**

If the debtor has moved within the **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| NONE | ADDRESS | NAME USED | DATES OF OCCUPANCY |
|------|------|------|------|
| X | | | |

**16. Spouses and Former Spouses**

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

| NONE | NAME |
|------|------|
| X | |

**17. Environmental Information**.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| NONE | SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|------|------------------------|----------------------------------------|----------------|-------------------|
| X    |                        |                                        |                |                   |

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| NONE | SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|------|------------------------|----------------------------------------|----------------|-------------------|
| X    |                        |                                        |                |                   |

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NONE | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|------|----------------------------------------|---------------|------------------------|
| X    |                                        |               |                        |

**18. Nature, location and name of business**

a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full – or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

> *If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

> *If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NONE | NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|---|
| | ESA Business Trust | 8078 | 100 Dunbar Street Spartanburg, SC 29306 | 100% owner | |
| | ESA Canada Operating Lessee Inc. | 8838 | 100 Dunbar Street Spartanburg, SC 29306 | 100% owner | |
| | ESA Spartanburg LLC | 3242 | 100 Dunbar Street Spartanburg, SC 29306 | 100% owner | |
| | ESA West Inc. | 5895 | 100 Dunbar Street Spartanburg, SC 29306 | 100% owner | |
| | ESA International Inc. | 1322 | 100 Dunbar Street Spartanburg, SC 29306 | 100% Owner | |

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NONE | NAME | ADDRESS |
|---|---|---|
| X | | |

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NONE | NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| | HVM L.L.C.<br>100 Dunbar Street<br>Spartanburg, SC 29306 | 6/15/2007-6/15/2009 |
| | The Lightstone Group<br>1985 Cedar Bridge Avenue<br>Lakewood, NJ 08701 | 6/15/2007-6/15/2009 |

b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NONE | NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|---|
| | HVM L.L.C. | 100 Dunbar Street<br>Spartanburg, SC 29306 | 2007-2009 |
| | Ernst & Young, LLP | 75 Beattie Place Ste 800<br>Greenville, SC 29601 | 2007-2008 |

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NONE | NAME | ADDRESS |
|---|---|---|
| | HVM L.L.C. | 100 Dunbar Street<br>Spartanburg, SC 29306 |
| | The Lightstone Group | 1985 Cedarbridge Ave<br>Lakewood, NJ 08701 |

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS | DATE ISSUED |
|---|---|---|
| X | | |

**20. Inventories**

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| NONE | DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|---|
| X | | | |

b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| NONE | DATE OF INVENTORY | NAME AND ADDRESS OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|---|
| X | | |

**21. Current Partners, Officers, Directors and Shareholders**

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NONE | NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|---|
| X | | | |

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NONE | NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|---|
| | BHAC Capital IV LLC<br>The Lightstone Group 1985 Cedarbridge Ave<br>Lakewood, NJ 08701 | | 100%<br>100% |
| | Bruno DeVinck<br>1985 Cedarbridge Ave<br>Lakewood, NJ 08701 | Director | N/A<br>N/A |
| | Chip Owen<br>1985 Cedarbridge Ave<br>Lakewood, NJ 08701 | Director | N/A<br>N/A |
| | David Lichtenstein<br>1985 Cedarbridge Ave<br>Lakewood, NJ 08701 | Director, CEO and President/Chairman | N/A<br>N/A |
| | Guy R. Milone, Jr.<br>333 Earle Ovington Blvd Ste 900<br>Uniondale, NY 11553 | Director | N/A<br>N/A |
| | Joseph Chetrit<br>Chetrit Group 404 Fifth Ave 4th Fl<br>New York, NY 10018 | Director | N/A<br>N/A |
| | Joseph Teichman<br>1985 Cedarbridge Ave<br>Lakewood, NJ 08701 | Director, Secretary, and General Counsel | N/A<br>N/A |

**22. Former partners, officers, directors and shareholders**

a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NONE | NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|---|
| X | | | |

b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|---|
| X | | | |

**23. Withdrawals from a partnership or distributions by a corporation**

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| | BHAC Capital IV LLC c/o The Lightstone Group 1985 Cedar Bridge Avenue, Suite 1 Lakewood, NJ 08701 Parent Company | 11/17/2008 common stock cash dividend | $1,250,000.00 |
| | BHAC Capital IV LLC c/o The Lightstone Group 1985 Cedar Bridge Avenue, Suite 1 Lakewood, NJ 08701 Parent Company | 10/15/2008 common stock cash dividend | $1,250,000.00 |
| | BHAC Capital IV LLC c/o The Lightstone Group 1985 Cedar Bridge Avenue, Suite 1 Lakewood, NJ 08701 Parent Company | 9/15/2008 common stock cash dividend | $1,250,000.00 |
| | BHAC Capital IV LLC c/o The Lightstone Group 1985 Cedar Bridge Avenue, Suite 1 Lakewood, NJ 08701 Parent Company | 8/15/2008 common stock cash dividend | $1,250,000.00 |
| | BHAC Capital IV LLC c/o The Lightstone Group 1985 Cedar Bridge Avenue, Suite 1 Lakewood, NJ 08701 Parent Company | 7/15/2008 common stock cash dividend | $1,250,000.00 |
| | Various Various Preferred Shareholders | 6/30/2008 semi-annual 12% preferred stock dividend | $7,500.00 |
| | *Represents distribution to 125 preferred shareholders of Extended Stay Inc.* | | |
| | BHAC Capital IV LLC c/o The Lightstone Group 1985 Cedar Bridge Avenue, Suite 1 Lakewood, NJ 08701 Parent Company | 6/15/2008 common stock cash dividend | $1,250,000.00 |

## 24. Tax Consolidation Group.

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NONE | NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER(EIN) |
|---|---|---|
| X | | |

## 25. Pension Funds

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

| NONE | NAME OF PENSION FUND | TAXPAYER-IDENTIFICATION NUMBER(EIN) |
|---|---|---|
| X | | |

**In Re: Extended Stay Inc.**

**Case No. 09-13764**

Attachment 2

Income other than from operation of business

| Income other than from operation of business | Source | Time Period |
|---|---|---|
| $1,134,833 | Income from legal settlements | 01/01/07 - 12/31/07 |
| $109,427 | Insurance proceeds | 01/01/07 - 12/31/07 |
| $508,851 | Interest income | 01/01/07 - 12/31/07 |
| $3,205,117 | Interest income from subsidiary (A) | 01/01/07 - 12/31/07 |
| $50,000 | Construction bond refund | 01/01/08 - 12/31/08 |
| $50,000 | Income from legal settlements | 01/01/08 - 12/31/08 |
| $216,862 | Interest income | 01/01/08 - 12/31/08 |
| $2,464,348 | Interest income from subsidiary (A) | 01/01/08 - 12/31/08 |
| $168,451 | Miscellaneous refunds and other income | 01/01/08 - 12/31/08 |
| $67,218 | Interest income | 01/01/09 - 06/14/09 |
| $1,033,838 | Interest income from subsidiary (A) | 01/01/09 - 06/14/09 |
| $10,933 | Miscellaneous refunds and other income | 01/01/09 - 06/14/09 |
| | | |
| **(A)** Income relates to notes receivable from ESA Canada Properties Trust. | | |

In re: Extended Stay Inc.
Case No. 09-13764
Attachment 3b
Payments to creditors

| Name of creditor | Address 1 | Address 2 | City | State | Zip | Payment date | Amount paid | Amount still owing | Note |
|---|---|---|---|---|---|---|---|---|---|
| ARMSTRONG TEASDALE LLP | ARMSTRONG TEASDALE LLP | 2345 GRAND BOULEVARD, SUITE 2000 | KANSAS CITY | MO | 64108-2617 | 05/28/09 | $58,435.90 | $52,166.06 | |
| CITY OF CHESAPEAKE  (TAX) | CITY OF CHESAPEAKE | PO BOX 1606 | CHESAPEAKE | VA | 23327-1606 | 05/28/09 | $15,602.74 | | |
| CITY OF NEWPORT NEWS  (TAX) | CITY OF NEWPORT NEWS | PO BOX 975 | NEWPORT NEWS | VA | 23607-0975 | 05/28/09 | $7,921.16 | | |
| CITY OF VIRGINIA BEACH  (TAX) | TREASURER, CITY OF VIRGINIA BEACH | 2401 COURTHOUSE DRIVE | VIRGINIA BEACH | VA | 23456 | 05/28/09 | $9,416.41 | | |
| COUNTY OF ADAMS  (TAX) | ADAMS COUNTY TREASURER | 450 S 4TH AVENUE, SUITE 303 | BRIGHTON | CO | 80601-3194 | 04/20/09 | $9,198.00 | | |
| COUNTY OF ALAMEDA  (TAX) | ALAMEDA COUNTY TAX COLLECTOR | 1221 OAK STREET | OAKLAND | CA | 94612-4286 | Various | $170,668.46 | | |
| COUNTY OF ARAPAHOE  (TAX) | ARAPAHOE COUNTY TREASURER | PO BOX 571 | LITTLETON | CO | 80160 | 04/20/09 | $37,638.17 | | |
| COUNTY OF DOUGLAS  (TAX) | DOUGLAS COUNTY TREASURER | 1819 FARNAM STREET, H03 | OMAHA | NE | 68183 | Various | $8,587.21 | | |
| COUNTY OF EL PASO  (TAX) | EL PASO COUNTY TREASURER | PO BOX 2018 | COLORADO SPRINGS | CO | 80901-2018 | 04/20/09 | $6,590.15 | | |
| COUNTY OF HENRICO  (TAX) | COUNTY OF HENRICO-14 | PO BOX 26487 | RICHMOND | VA | 23261-6487 | 05/28/09 | $9,067.25 | | |
| COUNTY OF JEFFERSON  (TAX) | JEFFERSON COUNTY SHERIFFS OFFICE | PO BOX 70300 | LOUISVILLE | KY | 40270-0300 | 04/20/09 | $7,234.50 | | |
| COUNTY OF KING  (TAX) | KING COUNTY TREASURER | 500 4TH AVENUE, ROOM 600 | SEATTLE | WA | 98104-2387 | 04/20/09 | $7,135.73 | | |
| COUNTY OF SAN DIEGO | SAN DIEGO COUNTYDAN MCALLISTER | TREASURER- TAX COLLECTOR | SAN DIEGO | CA | 92101-2477 | Various | $16,550.78 | | |
| COUNTY OF SANTA CLARA  (TAX) | SANTA CLARA COUNTY TAX COLLECTOR | COUNTY GOVERNMENT CENTER, EAST WING | SAN JOSE | CA | 95110-1767 | Various | $90,116.97 | | |
| COVINGTON & BURLING | COVINGTON & BURLING | 1201 PENNSYLVANIA AVENUE NW | WASHINGTON | DC | 20004-2401 | Various | $845,996.79 | | |
| COVINGTON & BURLING | COVINGTON & BURLING | 1201 PENNSYLVANIA AVENUE NW | WASHINGTON | DC | 20004-2401 | 06/12/09 | $1,430,555.06 | | PAID BY HVM L.L.C. DIRECTLY ON BEHALF OF EXTENDED STAY INC. |
| DELOITTE TAX  LLP | PO BOX 2079 | | CAROL STREAM | IL | 60132-2079 | Various | $191,200.00 | $22,168.80 | PAID BY HVM L.L.C. DIRECTLY ON BEHALF OF EXTENDED STAY INC. |
| DELOITTE TAX LLP | DELOITTE TAX LLP | PO BOX 840503 | DALLAS | TX | 75284-0503 | 05/28/09 | $6,664.00 | | |
| FIDELITY NATIONAL PROPERTY & CASUALTY IN | FIDELITY NATL PROP & CASUALTY INS CO | PO BOX 33003 | ST PETERSBURG | FL | 33733-8003 | Various | $19,164.00 | | |
| FRIED FRANK HARRIS SHRIVER & JACOBSON | ONE NEW YORK PLAZA | | NEW YORK | NY | 10004-1980 | Various | $569,744.63 | | PAID BY HVM L.L.C. DIRECTLY ON BEHALF OF EXTENDED STAY INC. |
| GLAZING CONSULTANTS INTERNATIONAL LLC | GLAZING CONSULTANTS INTERNATIONAL LLC | 5760 CORPORATE WAY, SUITE 100 | WEST PALM BEACH | FL | 33407 | 05/28/09 | $10,769.89 | $24,019.05 | |
| HOULIHAN LOKEY HOWARD & ZUKIN CAPITAL INC | 1930 CENTURY PARK WEST | | LOS ANGELES | CA | 90067-6802 | Various | $368,431.38 | | PAID BY HVM L.L.C. DIRECTLY ON BEHALF OF EXTENDED STAY INC. |
| HVM L.L.C. | 100 DUNBAR STREET | | SPARTANBURG | SC | 29306 | Various | $9,234,351.60 | | REGULAR FUNDING TO HVM LLC FOR ACCOUNTS PAYABLE DISBURSEMENT ACTIVITY |
| JAMES E CHICUCCHI  (TAX) | JAMES E CHICUCCHI | 126 N MAIN STREET- MUNICIPAL BUILDING | PLAINS | PA | 18705 | 04/07/09 | $20,807.69 | | |
| KURTZMAN CARSON CONSULTANTS LLC | 2335 ALASKA AVE | | LOS ANGELES | CA | 90245 | 06/12/09 | $80,000.00 | | PAID BY HVM L.L.C. DIRECTLY ON BEHALF OF EXTENDED STAY INC. |
| LAZARD FRERES & CO LLC | 30 ROCKEFELLER PLAZA | | NEW YORK | NY | 10020 | Various | $666,614.14 | | PAID BY HVM L.L.C. DIRECTLY ON BEHALF OF EXTENDED STAY INC. |
| MILLER THOMSON LLP | MILLER THOMSON LLP | 2500 20 QUEEN STREET W | TORONTO | ON | M5H 3S1 | 05/19/09 | $23,537.31 | $20,642.09 | CANADIAN AMOUNTS WERE TRANSLATED INTO U.S. DOLLARS |
| PRYOR CASHMAN LLP | 410 PARK AVENUE | | NEW YORK | NY | 10022 | 05/04/09 | $4,826.47 | | PAID BY HVM L.L.C. DIRECTLY ON BEHALF OF EXTENDED STAY INC. |
| SEYFARTH SHAW  (V) | 131 S DEARBORN, SUITE 2400 | | CHICAGO | IL | 60603 | Various | $15,218.66 | | PAID BY HVM L.L.C. DIRECTLY ON BEHALF OF EXTENDED STAY INC. |
| SITRICK AND COMPANY INC | 1840 CENTURY PARK E, SUITE 800 | | LOS ANGELES | CA | 90067 | 06/04/09 | $60,000.00 | | PAID BY HVM L.L.C. DIRECTLY ON BEHALF OF EXTENDED STAY INC. |
| SIVER | SIVER | 9400 FOURTH STREET N, SUITE 119 | ST PETERSBURG | FL | 33702 | 05/28/09 | $3,912.55 | $121,769.38 | |
| STATE OF CALIFORNIA  (TAX) | CALIFORNIA FRANCHISE TAX BOARD | PO Box 942857 | SACRAMENTO | CA | 94257 | Various | $57,271.20 | | |
| STATE OF LOUISIANA  (TAX) | LOUISIANA DEPARTMENT OF REVENUE | PO BOX 201 | BATON ROUGE | LA | 70821-0201 | Various | $120,025.00 | | |
| STATE OF PENNSYLVANIA  (TAX) | PA DEPT OF REVENUEBUREAU OF RECEIPTS & CONTROL | DEPARTMENT 280406 | HARRISBURG | PA | 17128-0406 | 04/13/09 | $66,000.00 | | |
| STATE OF TENNESSEE  (TAX) | TN DEPT OF REVENUEANDREW JACKSON STATE OFFICE BLDG | 500 DEADERICK STREET | NASHVILLE | TN | 37242 | Various | $206,450.40 | | |
| THE BRATTLE GROUP | THE BRATTLE GROUP | 353 SACRAMENTO STREET, SUITE 1140 | SAN FRANCISCO | CA | 94111-3657 | 05/28/09 | $35,354.85 | $17,603.00 | |
| THOMSON PROPERTY TAX SERVICES | THOMSON PROPERTY TAX SERVICES | 39669 TREASURY CENTER | CHICAGO | IL | 60694 | 04/17/09 | $29,877.00 | $242,718.00 | |
| VENABLE LLP | VENABLE LLP | PO BOX 630798 | BALTIMORE | MD | 21263-0798 | 05/28/09 | $8,659.46 | $8,220.00 | |
| WEIL GOTSHAL & MANGES LLP | 767 FIFTH AVENUE | | NEW YORK | NY | 10153 | Various | $2,087,698.06 | | PAID BY HVM L.L.C. DIRECTLY ON BEHALF OF EXTENDED STAY INC. |
| | | | | | | Total: | $16,617,242.57 | $509,306.38 | |

**SOFA 3C--Payments to Insiders, trailing 12
months ended 5/31/09**

| | case #-->> | 09-13764<br>Extended Stay<br>Inc. |
|---|---|---|
| **HVM L.L.C.** | | |
| Management fees (A) | | - |
| G&A reimbursement (A) | | - |
| Service fees (A) | | 1,927,937 |
| Pass-through Costs(B): | | |
| Property operating expenses | | |
| Personal property taxes paid | | |
| Property damage loss claim payments | | |
| Capital expenditures | | |
| **Subtotal, HVM L.L.C.** | | **1,927,937** |
| | | |
| **BHAC Capital IV LLC** | | |
| Trademark fees (C) | | |
| Common stock dividends (D) | | 7,500,000 |
| **Subtotal, BHAC Capital IV LLC** | | **7,500,000** |
| | | |
| **The Lightstone Group / Lightstone Real Estate Partners LLC** | | |
| Asset management fee (2008) (E) | | 417,015 |
| Asset management fee (2009) (F) | | 800,000 |
| **Subtotal, The Lightstone Group** | | **1,217,015** |

**(A)** Under agreements with HVM L.L.C. ("HVM"), the debtors pay management fees, G&A reimbursement fees and service fees to HVM.

Included in such fees and G&A Reimbursements are the following items paid to insiders, for all of the Debtor entities, as follows:
** travel, entertainment and overhead costs of $92,124 for David Lichtenstein and Joseph Teichman, who are directors and officers of the debtors.
**allocated rent and utilities costs of $60,847 for HVM office space in The Lightstone Group's New York City office
**directors and officers insurance premiums of $291,550 for D&O coverage of HVM Manager LLC, an entity controlled by David Lichtenstein,
**HVM office sublease rent of $1,131,477 paid to BHAC Capital IV LLC, a non-debtor affiliate, which in turn paid rent of $1,068,617 on the same office space under a master lease with ESA P Portfolio LLC, a debtor,

**(B)** The debtor entities transfer funds to HVM in the ordinary course of business to reimburse property operating and owner expenses of the debtors.

**(C)** Trademark fees are govereened by license agreements with BHAC Capital IV, LLC, a non-debtor affiliate.

**(D)** Common stock dividends were paid from ESI to BHAC Capital IV LLC on various dates (detailed on SOFA #23).

**(E)** Payments were made on various dates from 6/15/08 to 6/14/09 paid by debtors (Extended Stay Inc. and Homestead Village LLC).

**(F)** Payment of $250,000 on 1/7/09 and $750,000 on 1/22/09 were made by DL-DW Holdings LLC, a non-debtor affiliate, and were allocated to Extended Stay Inc. and Homestead Village LLC.

In re: Extended Stay Inc.
Case No. 09-13764

Attachment 4a
Suits, executions, garnishments, and attachments

| Caption of suit | Case number | Nature of proceeding | Court | Location of court | Status or disposition |
|---|---|---|---|---|---|
| Angela Lonergan and Edward Lonergan v. Extended Stay America | MON-L-5637-07 | General Liability | Superior Court of New Jersey | Trenton, NJ | Settled |
| Barbara Burke v. Extended Stay America Inc. | 05-1334225 | General Liability | Circuit Court of the 17th Judicial Circuit | Miami, Florida | Pending |
| Candace Moyer v HVM L.L.C., Extended Stay America, Alexander Grant | 20081807 | General Liability | Superior Court of the State of Arizona, County of Pima | Tucson AZ | Pending |
| Emmanuel Kwaku v Extended Stay Hotels Inc | 08-A05668-3 | General Liability | Superior Court of Gwinnett County | Atlanta, GA | Dismissed without prejudice |
| Extended Stay, Inc.; ESA Management LLC; HVM LLC; BRE/ESA PA Properties LLC, BRE/ESA TX Properties LLC; BRE/ESA FL Properties LLC; BRE/ESA MN Properties LLC; BRE/ESA MD Properties Business Trust; and BRE/ESA Operating Lessee Inc. v American Automobile Insurance Company, Diamond State Insurance Company, Quaker Window Products Company, Inc., International Placement Services, Inc., Wallstreet Insurance Agency, Inc. and Cannon Cochran Management Services, Inc. | 060S-CC00027 | Garnishment action | Circuit Court of Osage County, Missouri, 20th Judicial Circuit | Osage County, Missouri | Pending |
| Gertrudes Rickard and Peter Rickard v. HVM L.L.C., Extended Stay America and Does 1-20 | 30-2008-00109654 | General Liability | Superior Court of California, Santa Ann, CA | Santa Ann, CA | Settled |
| Madalyne McCall v Extended Stay America Inc | CT-005619-07 | General Liability | Court of General Sessions of Shelby County | Memphis TN | Settled |
| Millicent Cook v. Extended Stay America, HVM L.L.C. | LC 082953 | General Liability | Superior Court of California, County of Los Angeles | Van Nuys, CA | Settled |
| Miriam Kapusta and Morton Kapusta v. Extended Stay America Inc | 7002820 | General Liability | Circuit Court of the 17th Judicial Circuit in and for Broward County | Fort Lauderdale, Florida | Settled |
| Richard Crawford v Extended Stay America, Inc | 05-CI-5411 | General Liability | Circuit Court, County of Fayette | Lexington, KY | Dismissed with prejudice |
| William McCulloch Jr. v. Extended Stay America, Inc. BRE&ESA Properties LLC and Does 1-20 | CGC-08-474160 | General Liability | Superior Court of California, County of San Francisco | San Francisco, CA | Settled |

In re: Extended Stay Inc.
**Case No. 09-13764**
Attachment SOFA 9
Payments related to debt counseling or bankruptcy

| Name of payee | Address 1 | Address 2 | City | State | Zip | Name of payor if other than debtor | Date of payment | Amount of money |
|---|---|---|---|---|---|---|---|---|
| Fried, Frank, Harris, Shriver & Jacobson, LLP | One New York Plaza | | New York | NY | 10004-1980 | HVM L.L.C. | 1/30/2009 | $400,500.00 |
| Fried, Frank, Harris, Shriver & Jacobson, LLP | One New York Plaza | | New York | NY | 10004-1980 | HVM L.L.C. | 2/20/2009 | $421,485.37 |
| Fried, Frank, Harris, Shriver & Jacobson, LLP | One New York Plaza | | New York | NY | 10004-1980 | HVM L.L.C. | 6/1/2009 | $365,514.91 |
| Fried, Frank, Harris, Shriver & Jacobson, LLP | One New York Plaza | | New York | NY | 10004-1980 | HVM L.L.C. | 6/12/2009 | $204,941.91 |
| Herrick Feinstein, LLP | 2 Park Avenue | | New York | NY | 10016 | n/a | 10/6/2008 | $12,909.70 |
| Herrick Feinstein, LLP | 2 Park Avenue | | New York | NY | 10016 | DL-DW Holdings LLC | 1/31/2009 | $59,462.24 |
| Houlihan, Lokey, Howard & Zukin, Inc. | 1930 Century Park West | | Los Angeles | CA | 90067-6802 | HVM L.L.C. | 1/23/2009 | $280,350.00 |
| Houlihan, Lokey, Howard & Zukin, Inc. | 1930 Century Park West | | Los Angeles | CA | 90067-6802 | HVM L.L.C. | 2/19/2009 | $126,573.78 |
| Houlihan, Lokey, Howard & Zukin, Inc. | 1930 Century Park West | | Los Angeles | CA | 90067-6802 | HVM L.L.C. | 3/18/2009 | $126,838.61 |
| Houlihan, Lokey, Howard & Zukin, Inc. | 1930 Century Park West | | Los Angeles | CA | 90067-6802 | HVM L.L.C. | 5/1/2009 | $120,915.03 |
| Houlihan, Lokey, Howard & Zukin, Inc. | 1930 Century Park West | | Los Angeles | CA | 90067-6802 | HVM L.L.C. | 5/22/2009 | $121,138.27 |
| Kurtzman Carson Consultants, LLC | 2335 Alaska Avenue | | Los Angeles | CA | 90245 | HVM L.L.C. | 6/12/2009 | $80,100.00 |
| Lazard Freres & Co., LLC | 30 Rockefeller Plaza | | New York | NY | 10020 | HVM L.L.C. | 10/24/2008 | $160,200.00 |
| Lazard Freres & Co., LLC | 30 Rockefeller Plaza | | New York | NY | 10020 | DL-DW Holdings LLC | 11/13/2008 | $163,531.25 |
| Lazard Freres & Co., LLC | 30 Rockefeller Plaza | | New York | NY | 10020 | HVM L.L.C. | 12/16/2008 | $173,460.19 |
| Lazard Freres & Co., LLC | 30 Rockefeller Plaza | | New York | NY | 10020 | DL-DW Holdings LLC | 1/8/2009 | $169,512.73 |
| Lazard Freres & Co., LLC | 30 Rockefeller Plaza | | New York | NY | 10020 | HVM L.L.C. | 2/20/2009 | $163,368.48 |
| Lazard Freres & Co., LLC | 30 Rockefeller Plaza | | New York | NY | 10020 | HVM L.L.C. | 3/18/2009 | $165,756.59 |
| Lazard Freres & Co., LLC | 30 Rockefeller Plaza | | New York | NY | 10020 | HVM L.L.C. | 4/16/2009 | $167,960.17 |
| Lazard Freres & Co., LLC | 30 Rockefeller Plaza | | New York | NY | 10020 | HVM L.L.C. | 5/19/2009 | $162,639.73 |
| Lazard Freres & Co., LLC | 30 Rockefeller Plaza | | New York | NY | 10020 | HVM L.L.C. | 6/8/2009 | $163,080.92 |
| Lazard Freres & Co., LLC | 30 Rockefeller Plaza | | New York | NY | 10020 | HVM L.L.C. | 6/10/2009 | $8,010.00 |
| Proskauer Rose, LLP | 1585 Broadway | | New York | NY | 10036-8299 | HVM L.L.C. | 10/24/2008 | $141,884.84 |
| Pryor Cashman, LLP | 410 Park Avenue | | New York | NY | 10022 | HVM L.L.C. | 5/4/2009 | $4,832.51 |
| Seyfarth Shaw, LLP | 131 South Dearborn Street | Suite 2400 | Chicago | IL | 60603-5577 | HVM L.L.C. | 4/16/2009 | $4,261.32 |
| Seyfarth Shaw, LLP | 131 South Dearborn Street | Suite 2400 | Chicago | IL | 60603-5577 | HVM L.L.C. | 5/4/2009 | $6,390.13 |
| Sitrick and Company | 1840 Century Park East | Suite 800 | Los Angeles | CA | 90067 | DL-DW Holdings LLC | 12/2/2008 | $56,070.00 |
| Sitrick and Company | 1840 Century Park East | Suite 800 | Los Angeles | CA | 90067 | HVM L.L.C. | 2/18/2009 | $13,903.36 |
| Sitrick and Company | 1840 Century Park East | Suite 800 | Los Angeles | CA | 90067 | HVM L.L.C. | 3/10/2009 | $52,065.00 |
| Sitrick and Company | 1840 Century Park East | Suite 800 | Los Angeles | CA | 90067 | HVM L.L.C. | 6/4/2009 | $60,075.00 |
| Weil, Gotshal & Manges, LLP | 767 Fifth Avenue | | New York | NY | 10153 | DL-DW Holdings LLC | 7/10/2008 | $96,120.00 |
| Weil, Gotshal & Manges, LLP | 767 Fifth Avenue | | New York | NY | 10153 | DL-DW Holdings LLC | 8/20/2008 | $97,382.38 |
| Weil, Gotshal & Manges, LLP | 767 Fifth Avenue | | New York | NY | 10153 | DL-DW Holdings LLC | 10/30/2008 | $327,236.07 |
| Weil, Gotshal & Manges, LLP | 767 Fifth Avenue | | New York | NY | 10153 | DL-DW Holdings LLC | 12/2/2008 | $439,943.78 |
| Weil, Gotshal & Manges, LLP | 767 Fifth Avenue | | New York | NY | 10153 | DL-DW Holdings LLC | 12/31/2008 | $242,650.01 |
| Weil, Gotshal & Manges, LLP | 767 Fifth Avenue | | New York | NY | 10153 | HVM L.L.C. | 1/30/2009 | $281,832.35 |
| Weil, Gotshal & Manges, LLP | 767 Fifth Avenue | | New York | NY | 10153 | HVM L.L.C. | 2/20/2009 | $326,569.71 |
| Weil, Gotshal & Manges, LLP | 767 Fifth Avenue | | New York | NY | 10153 | HVM L.L.C. | 3/18/2009 | $437,703.81 |
| Weil, Gotshal & Manges, LLP | 767 Fifth Avenue | | New York | NY | 10153 | HVM L.L.C. | 4/16/2009 | $350,066.04 |
| Weil, Gotshal & Manges, LLP | 767 Fifth Avenue | | New York | NY | 10153 | HVM L.L.C. | 5/8/2009 | $272,303.37 |
| Weil, Gotshal & Manges, LLP | 767 Fifth Avenue | | New York | NY | 10153 | HVM L.L.C. | 5/19/2009 | $160,200.00 |
| Weil, Gotshal & Manges, LLP | 767 Fifth Avenue | | New York | NY | 10153 | HVM L.L.C. | 6/2/2009 | $430,654.77 |
| Weil, Gotshal & Manges, LLP | 767 Fifth Avenue | | New York | NY | 10153 | HVM L.L.C. | 6/9/2009 | $279,179.68 |
| Weil, Gotshal & Manges, LLP | 767 Fifth Avenue | | New York | NY | 10153 | HVM L.L.C. | 6/12/2009 | $160,200.00 |
| | | | | | | | TOTAL: | $8,059,774.00 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK, NEW YORK**

**In re: Extended Stay Inc.**                                                    **Case No. 09-13764 (JMP)**

# Declaration Concerning Debtor's Statement of Financial Affairs

I, Joseph Teichman, Secretary of the corporation named as debtor in this case, declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date   9/28/2009                                        Signature:   / s / Joseph Teichman

                                                                     **Joseph Teichman**

                                                                     **Secretary**

---------------------------------------------------------------------------------------------------------------------------------

**Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C.§§ 152 and 3571.**