WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Marcia L. Goldstein
Jacqueline Marcus

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
|  |  |  |
|---|---|---|
| In re | : | Chapter 11 Case No. |
|  | : |  |
| **EXTENDED STAY INC.**, **et al.**, | : | 09-13764 (JMP) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |
-------------------------------------------------------------x

**NOTICE OF DEBTOR'S MOTION PURSUANT TO**
**SECTION 1121(d) OF THE BANKRUPTCY CODE**
**REQUESTING THIRD EXTENSION OF EXCLUSIVE PERIODS FOR FILING**
**A CHAPTER 11 PLAN AND SOLICITATION OF ACCEPTANCES THEREOF**

PLEASE TAKE NOTICE that a hearing on the annexed motion (the "Motion") of

Extended Stay Inc. ("ESA," and together with its affiliated debtors, collectively, the "Debtors"),

as debtor and debtor in possession, pursuant to section 1121(d) of chapter 11 of title 11 of the

United States Code, requesting an extension of ESA's exclusive periods for the filing of chapter

11 plan and solicitation of acceptances thereof, all as more fully described in the Motion, will be

held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States

Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green,

New York, New York 10004 (the "Bankruptcy Court") on **April 8, 2010 at 10:00 a.m.**

**(prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to the chambers of the Honorable James M. Peck), and shall be served upon: (i) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Marcia L. Goldstein, Esq., and Jacqueline Marcus, Esq., attorneys for the Debtors; (ii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Paul Schwartzberg, Esq.; (iii) Hahn & Hessen LLP, attorneys for the Official Committee of Unsecured Creditors, 488 Madison Avenue, New York, NY 10022, Attn: Mark T. Power, Esq., Mark S. Indelicato, Esq. and Christopher Jarvinen, Esq.; and (iv) McKenna Long & Alridge LLP, 303 Peachtree Street, NE Suite 5300, Atlanta, GA 30308, Attn: Gary W. Marsh, Esq., and Latham & Watkins LLP, 885 Third Avenue, New York, NY 10022, Attn: Mitchell Seider, Esq. and Keith Simon, Esq., attorneys for the Special Servicer and the Successor Trustee, so as to be filed and received by no later than **April 2, 2010 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend

the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: March 18, 2010
      New York, New York

/s/ Jacqueline Marcus
Marcia L. Goldstein
Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Marcia L. Goldstein
Jacqueline Marcus

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                          :
In re                                     :        Chapter 11 Case No.
                                          :
EXTENDED STAY INC., et al.,               :        09-13764 (JMP)
                                          :
            Debtors.                      :        (Jointly Administered)
                                          :
-------------------------------------------------------------x
```

**DEBTOR'S MOTION PURSUANT TO SECTION**
**1121(d) OF THE BANKRUPTCY CODE REQUESTING**
**THIRD EXTENSION OF EXCLUSIVE PERIODS FOR THE FILING**
**OF A CHAPTER 11 PLAN AND SOLICITATION OF ACCEPTANCES THEREOF**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Extended Stay Inc. ("ESA," and, collectively with its affiliated debtors,

"Extended Stay" or the "Debtors"),[1] as debtor and debtor in possession, submits this motion (the

"Motion") and respectfully represents:

**Background**

1.      Each of the Debtors commenced with this Court a voluntary case under

chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on either June 15, 2009

---

[1] A list of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, is attached hereto as "Exhibit A."

or February 18, 2010 (as applicable, the "<u>Commencement Date</u>").  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").  The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.     On June 19, 2009, the United States Trustee for the Southern District of New York (the "<u>U.S. Trustee</u>") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "<u>Creditors' Committee</u>").  On September 28, 2009, Ralph R. Mabey was appointed examiner in these chapter 11 cases (the "<u>Examiner</u>") and by order dated September 29, 2009, the Court approved the appointment of the Examiner.

### Extended Stay's Business

3.     Extended Stay is the largest owner and operator of mid-price extended stay hotels in the United States, holding one of the most geographically diverse portfolios in the lodging sector with properties located across 44 states and two provinces in Canada.  Extended Stay's portfolio encompasses over 666 properties, consisting of hotels directly owned or leased by Extended Stay or one of its affiliates.  Extended Stay currently operates five hotel brands: (i) Crossland Economy Studios, (ii) Extended Stay America, (iii) Extended Stay Deluxe, (iv) Homestead Studio Suites, and (v) StudioPLUS Deluxe Studios, each designed to appeal to value-conscious customers at different price points in their respective markets, and offering Extended Stay guests a range of amenities and services.

4.     Extended Stay's business model is a hybrid between a hotel and an apartment, as it provides value-conscious guests seeking longer-term accommodations with an affordable, attractive alternative to traditional hotels and apartments.  Extended Stay achieves

lower operating costs than traditional hotels, which provide higher service levels such as room service and daily maid service, by eliminating these services and other amenities in exchange for a lower per night price and a fully equipped kitchen, cable TV, and wireless internet access in each of its available rooms, in addition to on site laundry facilities. Typical Extended Stay guests include government and business travelers, people on temporary work assignments or training programs, individuals relocating or purchasing a home and individuals with other short-term housing needs.

5.     All Extended Stay hotels are managed by HVM L.L.C. ("HVM"), an entity that is affiliated with, but not owned by, the Extended Stay family of companies. HVM, on behalf of Extended Stay, pays all property level expenses of the hotels, contracts with service providers and purchases all goods and materials utilized in the operation of the business. HVM employs approximately 9,000 employees in connection with the operation of the hotels at any given point in time.

## Jurisdiction and Venue

6.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

7.     By this Motion, ESA requests that, pursuant to section 1121(d) of the Bankruptcy Court, the Court authorize a further 90 day extension of ESA's exclusive periods to file a chapter 11 plan and solicit acceptances thereof, through and including July 1, 2010 and August 30, 2010, respectively, without prejudice to the right of ESA to seek further extension of

such periods.  A proposed order granting the requested relief in this Motion is attached hereto as "Exhibit B" (the "Proposed Order").

8.      On December 22, 2009, the Debtors filed their Motion Pursuant to Section 1121(d) of the Bankruptcy Code Requesting Second Extension of Exclusive Periods for Filing A Chapter 11 Plan and Solicitation of Acceptance Thereof [Docket No. 651] (the "Second Extension Motion").  Currently, pursuant to the Second Order Pursuant to Section 1121(d) of the Bankruptcy Code, Extending Exclusive Periods for the Filing of a Chapter 11 Plan and Solicitation of Acceptances Thereof, dated January 14, 2010 [Docket No. 722] (the "Second Extension Order"), the exclusive periods to file a chapter 11 plan and solicit acceptances thereof for the Debtors other than the five entities that commenced their chapter 11 cases on February 18, 2010, expire on April 2, 2010 and May 31, 2010, respectively.[2]

9.      Since the entry of the Second Extension Order, the Debtors have continued to progress expeditiously towards the formulation of a chapter 11 plan, negotiating primarily with two separate groups of potential investors.  On March 18, 2010, the Debtors filed a Second Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Starwood Plan") for all of the Debtors other than ESA (the "Plan Debtors").  The Starwood Plan is premised on a transaction set forth in the Investment and Standby Purchase Agreement (the "Investment Agreement") with Starwood ESH, L.L.C. (the "Starwood Investor").  Having timely filed the Starwood Plan, the Plan Debtors have the benefit of continued exclusivity.[3]

---

[2] Contemporaneously with the filing of this Motion, the Debtors have sought a bridge order extending ESA's Exclusive Periods through and including April 8, 2010, the date of the next omnibus hearing.  The initial Exclusive Periods for the five subsequent Debtors have not yet expired.  The Debtors reserve the right to seek an extension of the Exclusive Periods of such entities.

[3] The Debtors have filed the Starwood Plan for the Plan Debtors well within the Plan Period (as defined below).  The current Solicitation Period (as defined below) for most of the Debtors expires on May 31, 2010.  At this time, the Debtors are not seeking to extend the Solicitation Period for the Plan Debtors.

10.     Neither Centerbridge Partners, L.P. and Paulson & Co. Inc. nor the

Starwood Investor was willing to structure a proposed plan of reorganization that included ESA.

The Debtors believe that ESA's assets have minimal, if any, value.  Consequently, and in view of

all of the other advantages presented by the Starwood Plan, the Debtors determined to proceed

without including ESA in the Starwood Plan.  The Debtors and their professionals have not yet

determined the most appropriate treatment of ESA and its creditors.  Accordingly, pursuant to

this Motion, the Debtors request an extension of the Plan Period (as defined below) and the

Solicitation Period (as defined below) for ESA, through and including July 1, 2010 and August

30, 2010, respectively.

### Basis for Relief Requested

11.     Section 1121(b) of the Bankruptcy Code provides for an initial period of

120 days after the commencement of a chapter 11 case during which a debtor has the exclusive

right to propose and file a chapter 11 plan (the "Plan Period").  See 11 U.S.C. § 1121(b).  Section

1121(c)(3) of the Bankruptcy Code provides that, if a debtor files a plan within the 120-day Plan

Period, it has an additional 60 day period to obtain acceptance of such plan, during which time

competing plans may not be filed (the "Solicitation Period" and together with the Plan Period,

the "Exclusive Periods").  See id. at § 1121(c)(3).  Pursuant to section 1121(d) of the Bankruptcy

Code, where the initial 120-day and 180-day Exclusive Periods provided for in the Bankruptcy

Code prove to be an unrealistic time frame for proposal and solicitation of a plan, the Court may

extend a debtor's Exclusive Periods for cause, up to a maximum of eighteen months and twenty

months, respectively.  See id. at § 1121(d) (as amended by the Bankruptcy Abuse Protection and

Consumer Protection Act, the "BAPCPA").

---

However, the Debtors reserve expect to seek a further extension of the Solicitation Period for the Plan
Debtors, if necessary.

12.     The Exclusive Periods are intended to afford a debtor a full and fair opportunity to propose a consensual plan and solicit acceptances of such plan without the deterioration and disruption of the debtor's business that is likely to be caused by the filing of competing plans by non-debtor parties.  The primary objective of a chapter 11 case is the formulation, confirmation, and consummation of a consensual chapter 11 plan.

13.     Where the initial 120-day and 180-day Exclusive Periods provided for in the Bankruptcy Code prove to be an unrealistic time frame, section 1121(d) of the Bankruptcy Code allows the Bankruptcy Courts to extend a debtor's Exclusive Periods for cause.  Although the Bankruptcy Code does not define the term "cause," the legislative history indicates it is intended to be a flexible standard to balance the competing interests of a debtor and its creditors. See H.R. Rep. No. 95-595, at 231-32 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 6191 (noting that Congress intended to give bankruptcy courts flexibility to protect a debtor's interest by allowing unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest).

14.     Congress built flexibility into section 1121 of the Bankruptcy Code to give the debtor an adequate opportunity to stabilize its business operations at the outset of its chapter 11 case and to negotiate an effective plan of reorganization with creditors.  In re Newark Airport/Hotel Ltd. P'ship., 156 B.R. 444, 451 (Bankr. D.N.J.), aff'd, 155 B.R. 93 (D.N.J. 1993) (noting that Congress designed chapter 11 provisions to enable a debtor to remain in control for some period of time, thereby making reorganization an attractive alternative to financially troubled companies); Gaines v. Perkins (In re Perkins), 71 B.R. 294, 297-98 (W.D. Tenn. 1987) (Congress designed section 1121 to give the debtor time to reach an agreement with its creditors regarding a plan of reorganization).

15.     In determining whether cause exists to extend the Exclusive Periods, a court may consider a variety of factors to assess the totality of circumstances in each case.   See In re Dow Corning Corp., 208 B.R. 661, 664, 670 (Bankr. E.D. Mich 1997); In re Express One Int'l, Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); In re McLean Indus., Inc., 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) (identifying the factors used by courts to determine whether cause exists to extend exclusivity).

16.     Courts have had held that the relevant factors include: (a) the size and complexity of the debtor's case; (b) the existence of good-faith progress towards reorganization; (c) a finding that the debtor is not seeking to extend exclusivity to pressure creditors "to accede to [the debtors'] reorganization demands"; (d)existence of an unresolved contingency; and (e)the fact that the debtor is paying its bills as they come due.   See, e.g., McLean Indus., 87 B.R. at 834 (citations omitted).   Accord In re Express One Int'l, Inc., 194 B.R. at 100 (identifying four of the five above-quoted factors, among others, as relevant in determining whether "cause" exists to extend exclusivity); In re United Press Int'l, Inc., 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (holding that the debtor showed "cause" to extend its exclusivity period based upon certain of above-quoted factors).   As illustrated below, an application of the foregoing standards to ESA's request demonstrates sufficient "cause" to grant the requested extension.

**Cause Exists to Extend ESA's Exclusive Periods**

**A.     The Debtors' Cases are Large and Complex**

17.     As further set forth in the Second Extension Motion, it is beyond question the Debtors' chapter 11 cases are both large and complex.  The Debtors' indebtedness is in excess of $7.4 billion and documented in a number of complex loan facilities.  The Debtors, through HVM, operate over 666 hotels, and have expended a significant amount of time and

energy focusing on the daily operations of the Debtors' hotel business, in addition to meeting the further reporting requirements under the Bankruptcy Code. The Debtors' management and their professionals have also had to devote a substantial amount of time and effort related to the Examiner's investigation.

18.    Although ESA's case is neither large nor particularly complex, the Debtors have expended their efforts to date primarily in dealing with ESA's very large and extraordinarily complex debtor affiliates. The reasonableness of the Debtors' decision to prioritize the efforts, by dealing first with those Debtors that have operating businesses worth several billion dollars, is beyond question. On the other hand, ESA should not be penalized as a result of such an allocation of resources.

19.    The Debtors filed the Starwood Approval Motion and the Starwood Plan within the past 24 hours. In addition, the Debtors anticipate that they will be filing the disclosure statement in connection with the Starwood Plan within the next week. ESA's existing Exclusive Periods simply do not provide adequate time to consider and fully develop a strategy for dealing with ESA. Additional time is necessary in order to confirm whether ESA has any assets that may be available for distribution to its creditors, to further analyze the liabilities of ESA and to formulate an appropriate method for dealing with ESA.

**B.    The Debtors Are Paying Their Bills as They Come Due**

20.    Courts considering an extension of exclusivity may also assess a debtor's liquidity and solvency. See In re Texaco Inc., 76 B.R. at 322. Inasmuch as substantially all of the Debtors' operations take place within the Plan Debtors, the expenses of operating ESA are minimal.

21.     Since the Commencement Date, the Debtors have been funding the expenses of ESA.  Thus, ESA has sufficient resources to meet all required postpetition payment obligations, including the reimbursement of HVM, and will continue to have access to such funds at least through consummation of the Starwood Plan.  Consequently, this factor militates in favor of a further extension of the Exclusive Periods for ESA.

## C.     Substantial Good Faith Progress Has Been Demonstrated

22.     It is beyond question that substantial good faith progress has taken place. During the past few months, the Debtors have made substantial progress advancing these chapter 11 cases and negotiating the parameters of a plan of reorganization, as evidenced by the filing of the Starwood Plan and accompanying Investment Agreement for the Plan Debtors.  In addition, the Debtors have worked diligently on a number of time-consuming tasks necessary to the administration of these chapter 11 cases, and have spent a considerable amount of time addressing motions and pleadings filed by other parties, as well as cooperating with the Examiner's information requests.

23.     The Debtors' substantial progress on these crucial issues justifies the requested extension of ESA's Exclusive Periods.

## D.     ESA Is Not Seeking To Extend Exclusivity In Order to Pressure Its Creditors Into Accepting a Plan They Find Unacceptable

24.     Lastly, affording ESA a meaningful opportunity to formulate and prosecute a plan through an extension of the Exclusive Periods will not harm or prejudice ESA's creditors or other parties in interest.  ESA is not seeking an extension of the Exclusive Periods to delay creditors or force them to accede to its demands, or for the purpose of delaying the reorganization due to some speculative future event.  On the contrary, ESA is requesting the extension so that it can make an informed and thoughtful decision about how to proceed.  The

requested extension is reasonable given the Debtors' progress to date and the current posture of these chapter 11 cases. Termination of the Exclusive Periods for ESA, on the other hand, could give rise to the threat of competing plans that could affect the Plan Debtors' ability to confirm the Starwood Plan, thereby ensuring a contentious confirmation process. This would result in increased administrative expenses and consequently diminish any returns to the Debtors' creditors. Moreover, it could significantly delay, if not completely undermine, the Plan Debtors' ability to confirm a plan in these cases. Accordingly, ESA requests that the Court further extend the Exclusive Periods as provided herein.

25. Similar extensions of exclusivity have been granted by this Court in cases of comparable size and complexity both prior and subsequent to the enactment of BAPCPA. *See In re Dana Corp.*, Case No. 06-10354 (BRL) (Bankr. S.D.N.Y.) (granting initial extension of six months and second extension of eight months for total 18-month maximum exclusive period under BAPCPA) [Docket Nos. 1584 and 4398]; *In re Calpine Corp.*, Case No. 05-60200 (BRL) (Bankr. S.D.N.Y.) (granting initial extension of eight months and subsequent extension of six months for total 18-month maximum exclusive period under BAPCPA) [Docket Nos. 1216 and 3223]; *In re Quebecor World (USA) Inc.*, Case No. 08-10152 (JMP) (Bankr. S.D.N.Y.) (debtors granted exclusivity for maximum eighteen-month period under BAPCPA) [Docket Nos. 572, 1149, 1501, 1548, 1570 and 1666]; *In re Frontier Airlines Holdings, Inc.*, Case No. 08-11298 (RDD) (Bankr. S.D.N.Y.) (debtors granted exclusivity for maximum eighteen-month period under BAPCPA) [Docket Nos. 434, 727 and 853]; *see also In re WorldCom Inc.*, Case No. 02-13533 (AJG) (Bankr. S.D.N.Y.) (debtors' retained exclusivity for approximately 14 months); *In re Enron Corp.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y.) (debtors retained exclusivity for

approximately 15 months); *In re Global Crossing, Inc.*, Case No. 02-40188 (REG) (Bankr.

S.D.N.Y.) (debtors retained exclusivity for approximately 17 months).

## **Notice**

26.     No trustee has been appointed in these chapter 11 cases.  ESA has served

notice of this Motion in accordance with the procedures set forth in the order entered on July 17,

2009 governing case management and administrative procedures for these cases [Docket No.

176] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; and (iii) all parties

who have requested notice in these chapter 11 cases.  ESA submits that no other or further notice

need be provided.

WHEREFORE ESA respectfully requests that the Court enter the Proposed Order

and grant ESA such other and further relief as it deems just and proper.

Dated: March 18, 2010
       New York, New York

/s/ Jacqueline Marcus_____
Marcia L. Goldstein
Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

## Exhibit A

| Debtor | Last Four Digits of Federal Tax I.D. Number |
|---|---|
| Extended Stay Inc. | 7401 |
| ESA P Portfolio L.L.C. f/k/a BRE/ESA P Portfolio L.L.C. | 7190 |
| ESA 2005 Portfolio L.L.C. f/k/a BRE/ESA 2005 Portfolio L.L.C. | 8617 |
| ESA 2005-San Jose L.L.C. f/k/a BRE/ESA 2005-San Jose L.L.C. | 1317 |
| ESA 2005-Waltham L.L.C. f/k/a BRE/ESA 2005-Waltham L.L.C. | 1418 |
| ESA Acquisition Properties L.L.C. f/k/a BRE/ESA Acquisition Properties L.L.C. | 8149 |
| ESA Alaska L.L.C. f/k/a BRE/ESA Alaska L.L.C. | 8213 |
| ESA Canada Properties Borrower L.L.C. f/k/a BRE/ESA Canada Properties Borrower L.L.C. | 7476 |
| ESA FL Properties L.L.C. f/k/a BRE/ESA FL Properties L.L.C. | 7687 |
| ESA MD Borrower L.L.C. f/k/a BRE/ESA MD Borrower L.L.C. | 8839 |
| ESA MN Properties L.L.C. f/k/a BRE/ESA MN Properties L.L.C. | 0648 |
| ESA P Portfolio MD Borrower L.L.C. f/k/a BRE/ESA P Portfolio MD Borrower L.L.C. | 7448 |
| ESA P Portfolio PA Properties L.L.C. f/k/a BRE/ESA P Portfolio PA Properties L.L.C. | 6306 |
| ESA P Portfolio TXNC Properties L.P. f/k/a BRE/ESA P Portfolio TXNC Properties L.P. | 7378 |
| ESA PA Properties L.L.C. f/k/a BRE/ESA PA Properties L.L.C. | 7652 |
| ESA Properties L.L.C. f/k/a BRE/ESA Properties L.L.C. | 1249 |
| ESA TX Properties L.P. f/k/a BRE/ESA TX Properties L.P. | 1295 |
| ESH/Homestead Portfolio L.L.C. f/k/a BRE/Homestead Portfolio L.L.C. | 9049 |
| ESH/HV Properties L.L.C. f/k/a BRE/HV Properties L.L.C. | 8927 |
| ESH/MSTX Property L.P. f/k/a BRE/MSTX Property L.P. | 5862 |
| ESH/TN Properties L.L.C. f/k/a BRE/TN Properties L.L.C. | 5781 |

| Debtor | Last Four Digits of Federal Tax I.D. Number |
|---|---|
| ESH/TX Properties L.P. f/k/a BRE/TX Properties L.P. | 6964 |
| ESH/Homestead Mezz L.L.C. f/k/a BRE/Homestead Mezz L.L.C. | 9883 |
| ESA P Mezz L.L.C. f/k/a BRE/ESA P Mezz L.L.C. | 7467 |
| ESA Mezz L.L.C. f/k/a BRE/ESA Mezz L.L.C. | 0767 |
| ESH/Homestead Mezz 2 L.L.C. f/k/a BRE/Homestead Mezz 2 L.L.C. | 9903 |
| ESA P Mezz 2 L.L.C. f/k/a BRE/ESA P Mezz 2 L.L.C. | 7480 |
| ESA Mezz 2 L.L.C. f/k/a BRE/ESA Mezz 2 L.L.C. | 0866 |
| ESH/Homestead Mezz 3 L.L.C. f/k/a BRE/Homestead Mezz 3 L.L.C. | 9936 |
| ESA P Mezz 3 L.L.C. f/k/a BRE/ESA P Mezz 3 L.L.C. | 8977 |
| ESA Mezz 3 L.L.C. f/k/a BRE/ESA Mezz 3 L.L.C. | 0929 |
| ESH/Homestead Mezz 4 L.L.C. f/k/a BRE/Homestead Mezz 4 L.L.C. | 9953 |
| ESA P Mezz 4 L.L.C. f/k/a BRE/ESA P Mezz 4 L.L.C. | 8997 |
| ESA Mezz 4 L.L.C. f/k/a BRE/ESA Mezz 4 L.L.C. | 0964 |
| ESH/Homestead Mezz 5 L.L.C. f/k/a BRE/Homestead Mezz 5 L.L.C. | 9613 |
| ESA P Mezz 5 L.L.C. f/k/a BRE/ESA P Mezz 5 L.L.C. | 9186 |
| ESA Mezz 5 L.L.C. f/k/a BRE/ESA Mezz 5 L.L.C. | 1006 |
| ESH/Homestead Mezz 6 L.L.C. f/k/a BRE/Homestead Mezz 6 L.L.C. | 9667 |
| ESA P Mezz 6 L.L.C. f/k/a BRE/ESA P Mezz 6 L.L.C. | 9247 |
| ESA Mezz 6 L.L.C. f/k/a BRE/ESA Mezz 6 L.L.C. | 8995 |
| ESH/Homestead Mezz 7 L.L.C. f/k/a BRE/Homestead Mezz 7 L.L.C. | 9722 |
| ESA P Mezz 7 L.L.C. f/k/a BRE/ESA P Mezz 7 L.L.C. | 9349 |
| ESA Mezz 7 L.L.C. f/k/a BRE/ESA Mezz 7 L.L.C. | 9065 |
| ESH/Homestead Mezz 8 L.L.C. f/k/a BRE/Homestead Mezz 8 L.L.C. | 9779 |
| ESA P Mezz 8 L.L.C. | 9402 |

| Debtor | Last Four Digits of Federal Tax I.D. Number |
|---|---|
| ESA Mezz 8 L.L.C. f/k/a BRE/ESA Mezz 8 L.L.C. | 9117 |
| ESH/Homestead Mezz 9 L.L.C. f/k/a BRE/Homestead Mezz 9 L.L.C. | 1011 |
| ESA P Mezz 9 L.L.C. | 0281 |
| ESA Mezz 9 L.L.C. | 0923 |
| ESH/Homestead Mezz 10 L.L.C. f/k/a BRE/Homestead Mezz 10 L.L.C. | 1063 |
| ESA P Mezz 10 L.L.C. | 0224 |
| ESA Mezz 10 L.L.C. | 0175 |
| Homestead Village L.L.C. f/k/a BRE/Homestead Village L.L.C. | 8930 |
| ESA MD Beneficiary L.L.C. f/k/a BRE/ESA MD Beneficiary L.L.C. | 7038 |
| ESA P Portfolio MD Trust f/k/a BRE/ESA P Portfolio MD Trust | 8258 |
| ESA MD Properties Business Trust f/k/a BRE/ESA MD Properties Business Trust | 6992 |
| ESA P Portfolio MD Beneficiary L.L.C. f/k/a BRE/ESA P Portfolio MD Beneficiary L.L.C. | 8432 |
| ESA Canada Properties Trust f/k/a BRE/ESA Canada Properties Trust | 2314 |
| ESA Canada Trustee Inc. f/k/a BRE/ESA Canada Trustee Inc. | 2861 |
| ESA Canada Beneficiary Inc. f/k/a BRE/ESA Canada Beneficiary Inc. | 7543 |
| ESA UD Properties L.L.C. | 7075 |
| ESA 2007 Operating Lessee Inc. f/k/a BRE/ESA 2007 Operating Lessee Inc. | 9408 |
| ESA 2005 Operating Lessee Inc. f/k/a BRE/ESA 2005 Operating Lessee Inc. | 8471 |
| ESA Operating Lessee Inc. f/k/a BRE/ESA Operating Lessee Inc. | 4369 |
| ESA P Portfolio Operating Lessee Inc. f/k/a BRE/ESA P Portfolio Operating Lessee Inc. | 7433 |
| ESA Business Trust f/k/a BRE/ESA Business Trust | 8078 |
| ESA Management L.L.C. | 9101 |
| ESA P Portfolio Holdings L.L.C. f/k/a BRE/ESA P Portfolio Holdings L.L.C. | 8432 |
| ESA Canada Operating Lessee Inc. f/k/a BRE/ESA Canada Operating Lessee Inc. | 8838 |
| Extended Stay Hotels L.L.C. | 7438 |
| ESH/MSTX GP L.L.C. f/k/a BRE/MSTX GP L.L.C. | 5876 |

| Debtor | Last Four Digits of Federal Tax I.D. Number |
|---|---|
| ESH/TXGP L.L.C. f/k/a BRE/TXGP L.L.C. | 6936 |
| ESA TXGP L.L.C. f/k/a BRE/ESA TXGP L.L.C. | 1199 |
| ESA P Portfolio TXNC GP L.L.C. f/k/a BRE/ESA P Portfolio TXNC GP L.L.C. | 7210 |
| ESH/TN Member Inc. f/k/a BRE/TN Member Inc. | 8365 |

**<u>Exhibit B</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
: 
In re                                 :           **Chapter 11 Case No.**
: 
**EXTENDED STAY INC., et al.,**       :           **09-13764 (JMP)**
: 
          **Debtors.**           :           **(Jointly Administered)**
: 
-------------------------------------------------------------x

### THIRD ORDER PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE, EXTENDING DEBTOR'S EXCLUSIVE PERIODS FOR THE FILING OF A CHAPTER 11 PLAN AND SOLICITATION OF ACCEPTANCES THEREOF

Upon the motion, dated March 18, 2010 (the "Motion"), of Extended Stay Inc.

("ESA," and, collectively with its debtor affiliates in the above referenced chapter 11 cases, the

"Debtors"), as debtor and debtor in possession, pursuant to section 1121(d) of title 11 of the

United States Code (the "Bankruptcy Code"), requesting the extension of the period during

which ESA[1] has the exclusive right to file a chapter 11 plan to July 1, 2010 (the "Plan Period")

and extension of the period during which ESA may solicit acceptances thereof to August 30,

2010 (the "Solicitation Period" and together with the Plan Period, the "Exclusive Periods"), all as

more fully described in the Motion; and the Court having jurisdiction to consider the Motion and

the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing

Order M-61 Referring to Bankruptcy Judges for the Southern District of New York And All

Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the

Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered on July 17, 2009 governing case management and administrative procedures for these cases [Docket No. 176] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; and (iii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of ESA, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to section 1121(d) of the Bankruptcy Code, ESA's Plan Period is extended through and including July 1, 2010; and it is further

ORDERED that, pursuant to section 1121(d) of the Bankruptcy Code, ESA's Solicitation Period is extended through and including August 30, 2010; and it is further

ORDERED that the extension of the Exclusive Periods granted herein is without prejudice to such further requests that may be made pursuant to section 1121(d) of the Bankruptcy Code; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: April __, 2010
     New York, New York

_____

THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE