WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Marcia L. Goldstein
Jacqueline Marcus

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                    :

**In re**                             :         **Chapter 11 Case No.**
                                      :

**EXTENDED STAY INC., et al.,**    :         **09-13764 (JMP)**
                                      :

          **Debtors.**          :         **(Jointly Administered)**
                                      :
-------------------------------------------------------------x

**UPDATE TO PLAN SUPPLEMENT FOR THE DEBTORS' FIFTH AMENDED PLAN**
**OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

         In accordance with the Fifth Amended Plan of Reorganization Under Chapter 11

of the Bankruptcy Code, dated June 8, 2010 [Docket No. 1027] (as it may be amended, the

"Plan"),[1] filed by ESA Properties LLC and seventy-three of its debtor affiliates, as debtors and

debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),

attached hereto are the following documents:

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

| Tab | Document |
|-----|----------|
| A | Litigation Trust Agreement |

Dated: July 13, 2010
      New York, New York

/s/ Jacqueline Marcus
Marcia L. Goldstein
Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**<u>Tab A</u>**

**Litigation Trust Agreement**

EXTENDED STAY LITIGATION TRUST AGREEMENT

# TABLE OF CONTENTS

ARTICLE 1 ESTABLISHMENT OF THE LITIGATION TRUST ............................................. 2
  1.1    Establishment of Litigation Trust and Appointment of Original Trustee. ....... 2
  1.2    Transfer of Assets and Rights to the Litigation Trustee. ............................. 2
  1.3    Title to Litigation Trust Assets. .................................................................. 4
  1.4    Nature and Purpose of the Litigation Trust. .............................................. 4
  1.5    Incorporation of the ESI Settlement, ESI Settlement Order, the Plan and the
       Confirmation Order. ................................................................................... 5
  1.6    Initial Funding of the Litigation Trust. ....................................................... 5
  1.7    Appointment as Representative. .................................................................. 5

ARTICLE 2 LITIGATION TRUST INTERESTS ............................................................. 5
  2.1    Allocation of Litigation Trust Interests. ..................................................... 5
  2.2    Interests Beneficial Only. ........................................................................... 6
  2.3    Evidence of Beneficial Interests. ................................................................. 6
  2.4    Securities Law Registration. ....................................................................... 6
  2.5    Transfer and Exchange. .............................................................................. 6
  2.6    Access to the Trust Register by the Litigation Trust Beneficiaries. ........... 7
  2.7    Absolute Owners. ...................................................................................... 7
  2.8    Issuance of Certificates Upon Transfer. ..................................................... 7
  2.9    Mutilated, Defaced, Lost, Stolen or Destroyed Certificates. ...................... 8
  2.10  Cash-Out Option. ....................................................................................... 8

ARTICLE 3 THE LITIGATION TRUSTEE ................................................................... 9
  3.1    Litigation Trust Proceeds. .......................................................................... 9
  3.2    Collection of Income. ................................................................................. 9
  3.3    Payment of Litigation Trust Expenses. ...................................................... 9
  3.4    Distributions. ............................................................................................. 9
  3.5    Tenure, Removal and Replacement of the Litigation Trustee. .................. 10
  3.6    Acceptance of Appointment by Successor Litigation Trustee. ................. 11
  3.7    Role of the Litigation Trustee. .................................................................. 11
  3.8    Authority of Litigation Trustee. ............................................................... 11
  3.9    Limitation of Litigation Trustee's Authority. ........................................... 13
  3.10  Books and Records. .................................................................................. 13
  3.11  Inquiries into Trustee's Authority. ........................................................... 14
  3.12  Compliance with Laws. ............................................................................ 14
  3.13  Compensation of the Litigation Trustee. ................................................. 14
  3.14  Reliance by Litigation Trustee. ................................................................ 14
  3.15  Investment and Safekeeping of Litigation Trust Assets. .......................... 15
  3.16  Standard of Care; Exculpation. ................................................................ 15

ARTICLE 4 [INTENTIONALLY OMITTED] ............................................................... 15

ARTICLE 5 TAX MATTERS ...................................................................................... 15
  5.1    Federal Income Tax Reporting. ................................................................ 15
  5.2    Allocations of Litigation Trust Taxable Income. ..................................... 16

ARTICLE 6 DISTRIBUTIONS................................................................................................ 17
    6.1    Annual Distribution; Withholding. ...................................................................... 17
    6.2    Manner of Payment or Distribution. .................................................................. 17
    6.3    Delivery of Litigation Trust Distributions. ........................................................ 18
    6.4    Cash Distributions. ............................................................................................ 18

ARTICLE 7 INDEMNIFICATION ...................................................................................... 18
    7.1    Indemnification of Litigation Trustee. .............................................................. 18

ARTICLE 8 NET LITIGATION TRUST RECOVERY........................................................ 19
    8.1    No Effect on Mutuality....................................................................................... 19
    8.2    Section 502(h). .................................................................................................. 19
    8.3    Net Litigation Trust Recovery. .......................................................................... 19

ARTICLE 9 REPORTS TO LITIGATION TRUST BENEFICIARIES ................................. 20
    9.1    Reports................................................................................................................ 20

ARTICLE 10 TERM; TERMINATION OF THE LITIGATION TRUST ............................. 20
    10.1    Term; Termination of the Litigation Trust. ....................................................... 20
    10.2    Continuance of Trust for Winding Up. ............................................................... 21

ARTICLE 11 AMENDMENT AND WAIVER ..................................................................... 21
    11.1    Amendment and Waiver. ..................................................................................... 21

ARTICLE 12 MISCELLANEOUS PROVISIONS ................................................................ 22
    12.1    Intention of Parties to Establish the Litigation Trust. ....................................... 22
    12.2    Reimbursement of Trust Litigation Costs. ......................................................... 22
    12.3    Laws as to Construction. .................................................................................... 22
    12.4    Jurisdiction......................................................................................................... 22
    12.5    Severability. ....................................................................................................... 23
    12.6    Notices. .............................................................................................................. 23
    12.7    Fiscal Year. ........................................................................................................ 25
    12.8    Headings. ........................................................................................................... 25
    12.9    Counterparts....................................................................................................... 25
    12.10    Confidentiality. .................................................................................................. 25
    12.11    Entire Agreement. ............................................................................................. 26

This Litigation Trust Agreement (the "Litigation Trust Agreement"), dated as of _____, 2010, by and among the Debtors, ESI and [NAME OF LITIGATION TRUSTEE], [a [STATE OF ORGANIZATION (if a company)] company], as the trustee (the "Original Trustee"), is executed in order to establish a litigation trust (the "Litigation Trust") in connection with the Debtors' Fifth Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, including, without limitation, any supplement to such Plan and the exhibits and schedules thereto (as the same may be amended, modified or supplemented from time to time in accordance with the terms and provisions thereof, the "Plan").  Capitalized terms used in this Litigation Trust Agreement and not otherwise defined herein shall have the meanings ascribed to them in the Plan.

W I T N E S S E T H

WHEREAS, certain of the Debtors filed petitions for relief under chapter 11 of the Bankruptcy Code, on June 15, 2009, with the Bankruptcy Court, and certain other Debtors filed petitions with the Bankruptcy Court on February 18, 2010;

WHEREAS, the Creditors' Committee was appointed by the Office of the United States Trustee (the "United States Trustee") in the Chapter 11 Cases of the Debtors and ESI on June 19, 2009, and was reconstituted on January 25 and March 3, 2010;

WHEREAS, pursuant to the Bankruptcy Court's September 24, 2009 Order Pursuant to 11 U.S.C. § 1104(c) Directing the Appointment of an Examiner, the United States Trustee on September 28, 2009, filed a Notice appointing Ralph R. Mabey as the Examiner in the Chapter 11 Cases (the "Examiner"), which Notice and appointment was approved by order of the Bankruptcy Court, dated September 29, 2009;

WHEREAS, on July __, 2010, the Bankruptcy Court entered the ESI Settlement Order approving the ESI Settlement;

WHEREAS, on _____, 2010, the Bankruptcy Court entered an order granting the Examiner's Motion for Order Granting Certain Relief and Establishing Certain Procedures Related to Conclusion of Examination [Docket No. 1012] (the "Examiner Conclusion Order");

WHEREAS, on July __, 2010, the Bankruptcy Court entered the Confirmation Order approving the Plan;

WHEREAS, the Litigation Trust is created pursuant to, and to effectuate certain provisions of, the Plan and ESI Settlement and pursuant to which the Litigation Trust will hold the Litigation Trust Assets (which Litigation Trust Assets, prior to the transfer to the Litigation Trust, are held by the Debtors and ESI on behalf of the Litigation Trust Beneficiaries pursuant to the terms of the Plan) as contemplated by the Confirmation Order;

WHEREAS, the Litigation Trustee was duly appointed as a representative of the Estates and ESI pursuant to section 1123(a)(5), (a)(7), and (b)(3)(B) of the Bankruptcy Code;

WHEREAS, the Litigation Trust is organized for the primary purpose of liquidating and distributing assets transferred to the Litigation Trust with no objective to

continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Litigation Trust;

WHEREAS, the Litigation Trust is established for the benefit of the Litigation Trust Beneficiaries and for the pursuit of Litigation Trust Assets; and

WHEREAS, the Litigation Trust is intended to qualify as a liquidating trust within the meaning of Treasury Regulation Section 301.7701-4(d).

NOW, THEREFORE, in consideration of the premises and the mutual covenants and agreements contained herein and in ESI Settlement, the Plan and the Confirmation Order, the Debtors, ESI, the Creditors' Committee (with respect to <u>Section 1.2</u> herein), the Special Servicer (with respect to <u>Section 1.2</u> herein) and the Litigation Trustee agree as follows:

ARTICLE 1

ESTABLISHMENT OF THE LITIGATION TRUST

1.1     <u>Establishment of Litigation Trust and Appointment of Original Trustee</u>.

(a)     Pursuant to the ESI Settlement Order, the Plan and the Confirmation Order, ESI, the Debtors, and the Original Trustee hereby establish a trust which shall be known as the "Extended Stay Litigation Trust" on behalf of the Litigation Trust Beneficiaries.

(b)     The Original Trustee is hereby appointed as trustee of the Litigation Trust effective as of the Effective Date of the Plan (the "<u>Effective Date</u>") and agrees to accept and hold the assets of the Litigation Trust in trust for the Litigation Trust Beneficiaries subject to the terms of the ESI Settlement Order, the Plan, the Confirmation Order and this Litigation Trust Agreement.  The Original Trustee and each successor trustee serving from time to time hereunder (the "<u>Litigation Trustee</u>") shall have all the rights, powers and duties set forth herein.

1.2     <u>Transfer of Assets and Rights to the Litigation Trustee</u>.

(a)     As of the Effective Date, (i) the Debtors and ESI (pursuant to terms and conditions acceptable to the Debtors, the Creditors' Committee, the Special Servicer (to the extent that it is a Litigation Trust Beneficiary) and the Litigation Trustee, or as otherwise ordered by the Bankruptcy Court) hereby transfer, assign, and deliver to the Litigation Trust, without recourse, all of their respective rights, title, and interests in and to the Litigation Trust Assets free and clear of any and all Liens, Claims (other than Claims in the nature of setoff or recoupment), encumbrances or interests of any kind in such property of any other Person or entity and (ii) the Debtors and ESI (pursuant to terms and conditions acceptable to the Debtors, the Creditors' Committee, the Special Servicer (to the extent that it is a Litigation Trust Beneficiary) and the Litigation Trustee, or as otherwise ordered by the Bankruptcy Court), hereby transfer, assign, and deliver to the Litigation Trust, without waiver, all of their respective rights, title and interests in and to any attorney-client privilege, work-product privilege, or other privilege or immunity attaching to any documents or communications (whether written or oral) associated with the Litigation Trust Assets (collectively, the "<u>Privileges</u>"), and the Privileges shall vest in the Litigation Trust, in trust, and, consistent with sections 1123(a)(5)(B) and 1123(b)(3)(B) of the

Bankruptcy Code, for the benefit of the Litigation Trust Beneficiaries. To the extent any Litigation Trust Assets cannot be transferred to the Litigation Trust because of a restriction on transferability under applicable non-bankruptcy law that is not superseded or preempted by section 1123 of the Bankruptcy Code or any other provision of the Bankruptcy Code, such Litigation Trust Assets shall be deemed to have been retained by ESI or the Debtors, as applicable, and the Litigation Trustee shall be deemed to have been designated as a representative of ESI or the Debtors, as applicable, pursuant to section 1123(b)(3)(B) of the Bankruptcy Code to enforce and pursue such Litigation Trust Assets on behalf of ESI or the Debtors, as applicable. Notwithstanding the foregoing, all net proceeds of such Litigation Trust Assets shall be transferred to the Litigation Trust to be distributed to holders of the Litigation Trust Interests consistent with the Debtors' Plan and the Litigation Trust Agreement.

(b)     On or as promptly as practicable after the Effective Date, (x) the Debtors and ESI (pursuant to terms and conditions acceptable to the Debtors, the Creditors' Committee, the Special Servicer (to the extent that it is a Litigation Trust Beneficiary) and the Litigation Trustee, or as otherwise ordered by the Bankruptcy Court) and (y) the Examiner (if required pursuant to the Examiner Conclusion Order, or as otherwise ordered by the Bankruptcy Court), shall (i) deliver or cause to be delivered to the Litigation Trust any and all documents in connection with the Litigation Trust Assets (including those maintained in electronic format and original documents) whether held by the Debtors, ESI or the Examiner, their respective employees, agents, advisors, attorneys, accountants, or any other professionals and (ii) provide access to such employees of the Debtors, ESI or the Examiner, their agents, advisors, attorneys, accountants or any other professionals hired by the Debtors, ESI or the Examiner with knowledge of matters relevant to the Litigation Trust Assets. Upon the reasonable request of the Litigation Trustee, to the extent permitted by law, (x) the Debtors and ESI (pursuant to terms and conditions acceptable to the Debtors, the Creditors' Committee, the Special Servicer (to the extent that it is a Litigation Trust Beneficiary), and the Litigation Trustee, or as otherwise ordered by the Bankruptcy Court) and (y) the Examiner (pursuant to the Examiner Conclusion Order, or as otherwise ordered by the Bankruptcy Court), shall provide the Litigation Trustee with a list of all documents in connection with the Litigation Trust Assets known to it but not held by it or any of its employees, agents, advisors, attorneys, accountants or any other professionals. Such list shall contain a description of each document, to the extent feasible and permitted by law, as well as the name of the entity or Person holding such document.

(c)     At any time and from time to time on and after the Effective Date, (x) the Reorganized Debtors and ESI (pursuant to terms and conditions acceptable to the Debtors, the Creditors' Committee, the Special Servicer (to the extent that it is a Litigation Trust Beneficiary) and the Litigation Trustee, or as otherwise ordered by the Bankruptcy Court) and (y) the Examiner (pursuant to the Examiner Conclusion Order, or as otherwise ordered by the Bankruptcy Court), to the extent in existence, agree (i) at the reasonable request of the Litigation Trustee to execute and/or deliver any instruments, documents, books, and records (including those maintained in electronic format and original documents as may be needed), (ii) to take, or cause to be taken, all such further actions as the Litigation Trustee may reasonably request in order to evidence or effectuate the transfer of the Litigation Trust Assets and the Privileges to the Litigation Trustee and the consummation of the transactions contemplated hereby and by the Plan and to otherwise carry out the intent of the parties hereunder and under the Plan, and (iii) to cooperate with the Litigation Trustee in the prosecution of the Litigation Trust Assets.

1.3    Title to Litigation Trust Assets.

The transfer of the Litigation Trust Assets to the Litigation Trust shall be made for the benefit of the Litigation Trust Beneficiaries to the extent such Litigation Trust Beneficiaries are entitled to beneficial interests under the ESI Settlement, the ESI Settlement Order, the Plan and the Confirmation Order (the "Litigation Trust Interests"). In this regard, the Litigation Trust Assets will be treated for federal income tax purposes as (i) transferred (subject to any obligations relating to these assets) to the Litigation Trust Beneficiaries in partial satisfaction of Allowed Claims, and (ii) immediately thereafter, transferred to the Litigation Trust in exchange for Litigation Trust Interests for the benefit of the Litigation Trust Beneficiaries, in accordance with the ESI Settlement, the ESI Settlement Order, the Plan and the Confirmation Order. Upon the transfer of the Litigation Trust Assets, the Litigation Trust shall succeed to all of the right, title and interest of the Debtors and ESI in and to the Litigation Trust Assets and neither the Debtors nor ESI will have any further interest in or with respect to the Litigation Trust Assets or the Litigation Trust.

1.4    Nature and Purpose of the Litigation Trust.

(a)    Purpose.  The Litigation Trust is organized and established as a trust pursuant to which the Litigation Trust, subject to the terms and conditions contained herein and in the Plan, is to (i) hold the assets of the Litigation Trust and dispose of the same in accordance with this Litigation Trust Agreement and the Plan in accordance with Treasury Regulation Section 301.7701-4(d) and (ii) the Litigation Trustee is to oversee and direct the expeditious but orderly liquidation of the assets of the Litigation Trust.  Accordingly, the primary purpose of the Litigation Trust is to liquidate the assets transferred to the Litigation Trust with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to preserve or enhance the liquidation value of the assets of the Litigation Trust, and consistent with, the liquidating purpose of the Litigation Trust.

(b)    Actions of the Litigation Trustee.  The Litigation Trustee shall, in an expeditious but orderly manner, liquidate and convert to Cash the assets of the Litigation Trust, make timely distributions in accordance with Article 6 herein and not unduly prolong the duration of the Litigation Trust.  The liquidation of the Litigation Trust Assets may be accomplished either through the prosecution, compromise and settlement, abandonment or dismissal of any or all claims, rights or causes of action, or otherwise.  The Litigation Trustee shall have the absolute right to pursue, settle and compromise or not pursue any and all Litigation Trust Assets as it determines is in the best interests of the Litigation Trust Beneficiaries, and consistent with the purposes of the Litigation Trust, subject, however, to Section 3.8(j) hereof, and the Litigation Trustee shall have no liability for the outcome of any such decision except for any damages caused by recklessness, gross negligence, willful misconduct, or knowing violation of law.

(c)    Relationship.  This Litigation Trust Agreement is intended to create a trust and a trust relationship and to be governed and construed in all respects as a trust.  The Litigation Trust is not intended to be, and shall not be deemed to be or treated as, a general partnership, limited partnership, joint venture, corporation, joint stock company or association, nor shall the Litigation Trustee or the Litigation Trust Beneficiaries, or any of them, for any purpose be, or be

4

deemed to be or treated in any way whatsoever to be, liable or responsible hereunder as partners or joint venturers. The relationship of the Litigation Trust Beneficiaries to the Litigation Trust and the Litigation Trustee shall be solely that of beneficiaries of a trust and shall not be deemed a principal or agency relationship, and their rights shall be limited to those conferred upon them by this Litigation Trust Agreement.

1.5 <u>Incorporation of the ESI Settlement, ESI Settlement Order, the Plan and the Confirmation Order</u>.

The ESI Settlement, the ESI Settlement Order, the Plan and the Confirmation Order are each hereby incorporated into this Litigation Trust Agreement and made a part hereof by this reference; <u>provided</u>, <u>however</u>, to the extent that there is conflict between the provisions of this Litigation Trust Agreement, the provisions of the ESI Settlement, the ESI Settlement Order, the Plan, and/or the Confirmation Order, each such document shall have controlling effect in the following rank order: (1) the Confirmation Order; (2) the ESI Settlement Order (inclusive of the ESI Settlement); (3) this Litigation Trust Agreement; and (4) the Plan.

1.6 <u>Initial Funding of the Litigation Trust</u>.

On or after the Effective Date, the Litigation Trust shall be initially funded with a non-interest bearing loan in the amount of the Litigation Trust Funding from the Cash Distribution that is non-recourse to the Debtors, the Estates or ESI, secured only by a lien on the proceeds of the Litigation Trust Assets. Any failure or inability of the Litigation Trust to obtain funding will not affect the enforceability of the Litigation Trust.

1.7 <u>Appointment as Representative</u>.

Pursuant to sections 1123(a)(5)(B) and 1123(b)(3) of the Bankruptcy Code, the Plan provides for the appointment of a Litigation Trustee as the duly appointed representative of the Estates and ESI with respect to the Litigation Trust Assets, and, as such, the Litigation Trustee succeeds to all of the rights and powers of a trustee in bankruptcy with respect to prosecution of the Litigation Trust Assets for the benefit of the Litigation Trust Beneficiaries.

ARTICLE 2

LITIGATION TRUST INTERESTS

2.1 <u>Allocation of Litigation Trust Interests</u>.

The allocation and Distribution of the Litigation Trust Interests shall be accomplished as set forth in the ESI Settlement, the ESI Settlement Order, the Plan and the Confirmation Order, including, without limitation, Article VI, Section 6.17 and Article VIII of the Plan. The aggregate number and face value of Litigation Trust Interests to be distributed pursuant to the Plan shall be determined by the Litigation Trustee, consistent with the intent and purposes of the Plan, subject, however, to the approval of the Bankruptcy Court, upon notice to the Litigation Trust Beneficiaries. The Litigation Trust Interests distributed to the Special Servicer shall be referred to herein as the "<u>Class A Interests</u>" and all other Litigation Trust Interests shall be referred to herein as the "<u>Class B Interests</u>."

2.2     <u>Interests Beneficial Only</u>.

        The ownership of a Litigation Trust Interest shall not entitle any Litigation Trust Beneficiary to any title in or to the assets of the Litigation Trust as such (which title shall be vested in the Litigation Trustee) or to any right to call for a partition or division of the assets of the Litigation Trust or to require an accounting.

2.3     <u>Evidence of Beneficial Interests</u>.

        The Litigation Trust Interests initially shall be represented by book entries on the books and records of the Litigation Trust and not by certificates. If transfers are permitted pursuant to <u>Section 2.5(a)</u> hereof, the Litigation Trust Interests may be represented by certificates as determined by the Litigation Trustee. In the event certificates are created, the Litigation Trustee shall cause to be placed on such certificate such legends as it deems are required or appropriate under tax laws or regulations in connection with tax withholding pursuant to <u>Section 6.1</u> hereunder, under securities laws or regulations in connection with registration or reporting requirements, if any, or otherwise. Any Person to whom a certificate is issued or transferred, by virtue of the acceptance thereof, shall assent to and be bound by the terms and conditions of this Litigation Trust Agreement and the Plan. In the event certificates are issued, the form of such certificates shall be determined by the Litigation Trustee.

2.4     <u>Securities Law Registration</u>.

        It is intended that the Litigation Trust Interests shall not constitute "securities". To the extent the Litigation Trust Interests are deemed to be "securities," the issuance of Litigation Trust Interests to holders of Allowed Claims under the Plan shall be exempt, pursuant to section 1145 of the Bankruptcy Code, from registration under the Securities Act of 1933, as amended, and any applicable state and local laws requiring registration of securities. If the Litigation Trustee determines, with the advice of counsel, that the Litigation Trust is required to comply with registration and reporting requirements of the Securities Exchange Act of 1934, as amended (the "<u>Exchange Act</u>"), or the Investment Company Act of 1940, as amended (the "<u>Investment Company Act</u>"), then the Litigation Trustee shall take any and all actions to comply with such registration and reporting requirements, if any, and file periodic reports with the Securities and Exchange Commission (the "<u>SEC</u>"). Notwithstanding the foregoing procedure, nothing herein shall be deemed to preclude the Litigation Trustee from amending this Litigation Trust Agreement to make such changes as are deemed necessary or appropriate by the Litigation Trustee, with the advice of counsel, to ensure that the Litigation Trust is not subject to registration or reporting requirements of the Exchange Act, or the Investment Company Act.

2.5     <u>Transfer and Exchange</u>.

        (a)     No transfer, sale, assignment, pledge, hypothecation or other disposition of a Litigation Trust Interest may be effected until either (i) the Litigation Trustee has received such legal advice or other information that it, in its sole discretion, deems necessary or appropriate to assure that any such disposition shall not require the Litigation Trust to comply with the registration and reporting requirements of the Exchange Act or the Investment Company Act or (ii) the Litigation Trustee has determined to register under such Acts, as necessary, and/or

make periodic reports in order to enable such disposition to be made. In the event that any such disposition is allowed, the Litigation Trustee may add such restrictions upon transfer and other terms to this Litigation Trust Agreement as are deemed necessary or appropriate by the Litigation Trustee, with the advice of counsel, to permit or facilitate such disposition under applicable securities and other laws. Notwithstanding the foregoing, any Litigation Trust Interest issued to the Special Servicer or the Mortgage Trust (i.e., the Class A Interests) may be transferred to holders of Mortgage Certificates, as of the Record Date.

(b)     The Litigation Trustee shall appoint a registrar, which may be the Litigation Trustee (the "Registrar") for the purpose of recording ownership of the Litigation Trust Interests as herein provided. The Registrar, if other than the Litigation Trustee, may be such other institution acceptable to Litigation Trustee. For its services hereunder, the Registrar, unless it is the Litigation Trustee, shall be entitled to receive reasonable compensation from the Litigation Trust as an expense of the Litigation Trust.

(c)     The Litigation Trustee shall cause to be kept at the office of the Registrar, or at such other place or places as shall be designated by them from time to time, a registry of the Litigation Trust Beneficiaries of the Litigation Trust (the "Trust Register") which shall be maintained pursuant to such reasonable regulations as the Litigation Trustee and the Registrar may prescribe.

2.6     Access to the Trust Register by the Litigation Trust Beneficiaries.

The Litigation Trust Beneficiaries and their duly authorized representatives shall have the right, upon reasonable prior written notice to the Registrar and the Litigation Trustee, and in accordance with the reasonable regulations prescribed by the Registrar and the Litigation Trustee, to inspect and, at the sole expense of the Litigation Trust Beneficiary seeking the same, make copies of the Trust Register, in each case for a purpose reasonably related to such Litigation Trust Beneficiary's interest in the Litigation Trust.

2.7     Absolute Owners.

The Litigation Trustee may deem and treat each Litigation Trust Beneficiary of record in the Trust Register as the absolute owner of such Litigation Trust Interests for the purpose of receiving distributions and payment thereon or on account thereof and for all other purposes whatsoever and the Litigation Trustee shall not be charged with having received notice of any claim or demand to such Litigation Trust Interests or the interest therein of any other Person.

2.8     Issuance of Certificates Upon Transfer.

In the event certificates representing Litigation Trust Interests are created, subject to the conditions of Section 2.5(a) hereunder, whenever any certificate shall be presented for transfer or exchange, the Litigation Trustee shall cause the Registrar to issue, authenticate and deliver in exchange therefor, the certificate for the Litigation Trust Interest(s) that the person presenting such certificates shall be entitled to receive.

2.9    <u>Mutilated, Defaced, Lost, Stolen or Destroyed Certificates</u>.

In the event certificates representing Litigation Trust Interests are created, if a Litigation Trust Beneficiary claims that his/her certificate (the "<u>Original Certificate</u>") has been mutilated, defaced, lost, stolen or destroyed, the Litigation Trustee shall issue, and the Registrar shall authenticate, a replacement certificate if such Litigation Trust Beneficiary submits a notarized affidavit certifying that (i) he/she is the true, lawful, present and sole owner of the Original Certificate, (ii) he/she has diligently searched all of his/her financial and other records and the Original Certificate is nowhere to be found, (iii) the Original Certificate and any rights or interests therein were not endorsed, and have not been pledged, sold, delivered, transferred or assigned under any agreement, hypothecated or pledged for any loan, or disposed of in any manner by the Litigation Trust Beneficiary or on his/her behalf, (iv) no other Person or other entity has any right, title, claim, equity or interest in, to, or respecting the Original Certificate and (v) in the event of the recovery of the Original Certificate at any time after the issuance of a new certificate in exchange thereof, the Litigation Trust Beneficiary will cause the recovered Original Certificate to be returned to the Litigation Trust, or its successor, for cancellation.  In addition, such Litigation Trust Beneficiary will indemnify, and if required by the Litigation Trustee or the Registrar, provide a bond or other security sufficient in the reasonable judgment of the Litigation Trustee, the Registrar or any authenticating agent, from any loss which any of them may suffer if the Original Certificate is replaced, including a loss resulting from the assertion by any entity or Person of the right to payment under the Original Certificate.  Such Litigation Trust Beneficiary shall pay reasonable charges established by the Litigation Trustee and the Registrar for the purpose of reimbursing the Litigation Trust and the Registrar for the expenses incident thereto, including any tax or other governmental charges.  The Litigation Trustee shall incur no liability to anyone by reason of anything done or omitted to be done by it in good faith under the provisions of this <u>Section 2.9</u>.  All Litigation Trust Interests shall be held and owned upon the express condition that the provisions of this <u>Section 2.9</u> are exclusive in respect of the replacement or payment of mutilated, defaced, lost, stolen or destroyed certificates and shall, to the extent permitted by law, preclude any and all other rights or remedies respecting such replacement or the payment in respect thereto.  Any duplicate certificate issued pursuant to this <u>Section 2.9</u> shall constitute original interests in the Litigation Trust and shall be entitled in the manner provided herein to equal and proportionate benefits with all other Litigation Trust Interests issued hereunder in any monies or property at the time held by the Litigation Trustee for the benefit of the Litigation Trust Beneficiaries.  The Litigation Trustee and the Registrar shall not treat the Original Certificate as outstanding.

2.10    <u>Cash-Out Option</u>.

The Litigation Trustee may negotiate with one or more third parties one or more offers to purchase Litigation Trust Interests from the Litigation Trust Beneficiaries, at the option of each Litigation Trust Beneficiary.

# ARTICLE 3

## THE LITIGATION TRUSTEE

3.1     Litigation Trust Proceeds.

All recoveries and proceeds from the Litigation Trust Assets collected by the Litigation Trustee shall be added to the assets of the Litigation Trust (the "Litigation Trust Proceeds") and held as a part thereof (and which title shall be vested in the Litigation Trustee).

3.2     Collection of Income.

The Litigation Trustee shall collect all income earned with respect to the assets of the Litigation Trust, which shall thereupon be added to the assets of the Litigation Trust and held as a part thereof (and which title shall be vested in the Litigation Trust).

3.3     Payment of Litigation Trust Expenses.

(a)     The Litigation Trustee shall maintain a litigation expense fund (the "Litigation Expense Fund") and expend the assets of the Litigation Expense Fund (i) as are reasonably necessary to meet contingent liabilities and to maintain the value of the assets of the Litigation Trust during liquidation, (ii) to pay reasonable administrative expenses (including but not limited to, the costs and expenses of the Litigation Trustee (including reasonable fees, costs, and expenses of professionals), any taxes imposed on the Litigation Trust or fees and expenses in connection with, arising out of or related to the Litigation Trust Assets, (iii) reimburse NewCo, the Reorganized Debtors, HVM and their officers, directors and managers for all reasonable costs and expenses incurred as a third party in connection with any cause of action or proceeding pursued by or otherwise involving the Litigation Trust and the Litigation Trust Assets or as a defendant in relation to a claim that has been released pursuant to the Plan, as detailed in section 6.17(f) of the Plan; and (iv) to satisfy other liabilities incurred or assumed by the Litigation Trust (or to which the assets are otherwise subject) in accordance with the Plan or this Litigation Trust Agreement.

(b)     The Litigation Trustee may retain from the Litigation Trust Proceeds and add to the Litigation Expense Fund, at any time and from time to time, such amounts as the Litigation Trustee deems reasonable and appropriate to ensure that the Litigation Expense Fund will be adequate to meet the expenses and liabilities described in subsection (a) of this Section.

(c)     Notwithstanding any other provision of this Litigation Trust Agreement to the contrary, the Litigation Trustee shall not be required to take any action or enter into or maintain any claim, demand, action or proceeding relating to the Litigation Trust unless it shall have sufficient funds in the Litigation Expense Fund for that purpose.

3.4     Distributions.

The Litigation Trustee shall distribute the net distributable assets of the Litigation Trust to the Litigation Trust Beneficiaries in accordance with the provisions of Article 6.

3.5     Tenure, Removal and Replacement of the Litigation Trustee.

        (a)     Each Litigation Trustee will serve until resignation and the appointment of a successor pursuant to subsection (b) below, removal pursuant to subsection (c) below, or death (if applicable).

        (b)     The Litigation Trustee may resign by giving not less than sixty (60) days' prior written notice to the Litigation Trust Beneficiaries.  Such resignation will become effective on the later to occur of:  (i) the day specified in such notice and (ii) the appointment of a successor trustee as provided herein and the acceptance by such successor trustee of such appointment.  If a successor trustee is not appointed or does not accept its appointment within sixty (60) days following delivery of notice of resignation, the Litigation Trustee may file a motion with the Bankruptcy Court, upon notice and hearing, for the appointment of a successor trustee;

        (c)     The Litigation Trustee may be removed by the affirmative vote of the holders of a majority of the Class A Interests and the holders of a majority of the Class B Interests by written consent or at the meeting of holders of the Litigation Trust Interests called for the purpose of removing the Litigation Trustee.  Such removal shall become effective on the date action is taken by the holders of the Litigation Trust Interests.

        (d)     In the event of the death (in the case of a Litigation Trustee that is a natural person), dissolution (in the case of a Litigation Trustee that is not a natural person), resignation pursuant to Section 3.5(b) hereof, incompetency, or removal of the Litigation Trustee pursuant to Section 3.5(c) hereof, the holders of a majority of the Class A Interests and the holders of a majority of the Class B Interests may appoint a successor Litigation Trustee subject to Bankruptcy Court approval and prior notice to the Litigation Trust Beneficiaries.  Such appointment shall specify the date on which such appointment shall be effective;

        (e)     Immediately upon the appointment of any successor trustee, all rights, powers, duties, authority, and privileges of the predecessor Litigation Trustee hereunder will be vested in and undertaken by the successor trustee without any further act.  The successor Litigation Trustee will not be liable personally for any act or omission of the predecessor Litigation Trustee;

        (f)     Upon the appointment of a successor trustee, the predecessor Litigation Trustee (or the duly appointed legal representative of a deceased Litigation Trustee) shall, if applicable, when requested in writing by the successor trustee, execute and deliver an instrument or instruments conveying and transferring to such successor trustee upon the trust herein expressed, without recourse to the predecessor Litigation Trustee, all the estates, properties, rights, powers and trusts of such predecessor Litigation Trustee, and shall duly assign, transfer, and deliver to such successor trustee all property and money held hereunder, and all other assets and documents relating to the Litigation Trust, the Litigation Trust Assets, or the Litigation Trust Interests then in its possession and held hereunder.

3.6     Acceptance of Appointment by Successor Litigation Trustee.

        Any successor trustee appointed hereunder shall execute an instrument accepting such appointment and assuming all of the obligations of the predecessor Litigation Trustee hereunder and thereupon the successor trustee shall, without any further act, become vested with all the estates, properties, rights, powers, trusts, and duties of its predecessor in the Litigation Trust hereunder with like effect as if originally named herein.

3.7     Role of the Litigation Trustee.

        In furtherance of and consistent with the purpose of the Litigation Trust and the Plan, the Litigation Trustee, subject to the terms and conditions contained herein and in the Plan, shall have the power to (i) prosecute, compromise and settle, abandon or dismiss for the benefit of the Litigation Trust Beneficiaries all claims, rights and causes of action transferred to the Litigation Trustee (whether such suits are brought in the name of the Litigation Trustee or otherwise), and (ii) otherwise perform the functions and take the actions provided or permitted in the Plan or in this Litigation Trust Agreement.  In all circumstances, the Litigation Trustee shall act in the best interests of all the Litigation Trust Beneficiaries of the Litigation Trust and in furtherance of the purpose of the Litigation Trust.

3.8     Authority of Litigation Trustee.

        Subject to any limitations contained herein or in the Plan, the Litigation Trustee shall have the following powers and authorities.

        (a)     hold legal title to any and all rights of the holders of the Litigation Trust Interests in or arising from the Litigation Trust Assets, including, without limitation, collecting, receiving any and all money and other property belonging to the Litigation Trust and the right to vote any claim or interest relating to a Litigation Trust Asset in a case under the Bankruptcy Code and receive any distribution therein;

        (b)     perform the duties, exercise the powers, and assert the rights of a trustee under sections 704 and 1106 of the Bankruptcy Code, including, without limitation, commencing, prosecuting or settling causes of action, enforcing contracts or asserting claims, defenses, offsets and privileges;

        (c)     protect and enforce the rights to the Litigation Trust Assets by any method deemed appropriate including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium or similar law and general principles of equity;

        (d)     obtain reasonable insurance coverage with respect to the liabilities and obligations of the Litigation Trustee under this Litigation Trust Agreement (in the form of an errors and omissions policy or otherwise);

        (e)     obtain insurance coverage with respect to real and personal property that may become assets of the Litigation Trust, if any;

(f)     retain and pay such counsel and other professionals, including, without limitation, any professionals previously retained by the Creditors' Committee, or the Special Servicer (to the extent that it is a Litigation Trust Beneficiary), as the Litigation Trustee shall select to assist the Litigation Trustee in its duties, on such terms as the Litigation Trustee deems reasonable and appropriate, without Bankruptcy Court approval; the Litigation Trustee may commit the Litigation Trust to and shall pay such counsel and other professionals reasonable compensation for services rendered and reasonable and documented out-of-pocket expenses incurred;

(g)     retain and pay an independent public accounting firm to perform such reviews and/or audits of the financial books and records of the Litigation Trust as may be required by the SEC and applicable securities laws and as may be reasonable and appropriate in the Litigation Trustee's discretion and to prepare and file any tax returns, informational returns, or periodic or current reports as required by applicable securities laws, for the Litigation Trust as may be required; the Litigation Trustee may commit the Litigation Trust to and shall pay such independent public accounting firm reasonable compensation for services rendered and reasonable and documented out-of-pocket expenses incurred;

(h)     retain and pay such third parties to assist the Litigation Trustee in carrying out its powers and duties under this Litigation Trust Agreement; the Litigation Trustee may commit the Litigation Trust to and shall pay all such persons or entities reasonable compensation for services rendered and reasonable and documented out-of-pocket expenses incurred, as well as commit the Litigation Trust to indemnify any such parties in connection with the performance of services (provided that such indemnity shall not cover any losses, costs, damages, expenses or liabilities that result from the recklessness, gross negligence, willful misconduct, or knowing violation of law by such party);

(i)     waive any privilege (including the Privileges) or any defense on behalf of the Litigation Trust or, with respect to the Litigation Trust Assets, the Debtors or ESI, as applicable;

(j)     compromise, adjust, arbitrate, sue on or defend, pursue, prosecute abandon, exercise rights, powers, and privileges with respect to, or otherwise deal with and settle, in accordance with the terms set forth herein, all causes of action in favor of or against the Litigation Trust; provided, however, that any settlement that (i) exceeds [$1,000,000] with respect to a Litigation Trust Asset or (ii) involves a Litigation Trust Asset that has an alleged claim amount exceeding [$1,000,000], shall be subject to approval by the Bankruptcy Court, upon notice to the Litigation Trust Beneficiaries;

(k)     avoid and recover transfers of the Debtor's property as provided for in the Plan as may be permitted by the Bankruptcy Code or applicable state law;

(l)     coordinate with the Plan Administrator, or the Reorganized Debtors or ESI, as applicable, to execute offsets, assert counterclaims against holders of Claims, establish reserves for Disputed Claims, and make determinations as to pro rata calculations, as may be provided for in the ESI Settlement, the Plan or the Confirmation Order; provided, however, that the Litigation Trustee shall defer to the Plan Administrator, or the Reorganized Debtors or ESI,

as applicable, with respect to matters that the Plan authorizes the Plan Administrator, or the Reorganized Debtors or ESI, to undertake;

(m)     invest any moneys held as part of the Litigation Trust in accordance with the terms of Section 3.15 hereof, limited, however, to such investments that are consistent with the Litigation Trust's status as a liquidating trust within the meaning of Treasury Regulation Section 301.7701-4(d) and in accordance with Rev. Proc 94-45, 1994-2 C.B. 684;

(n)     request any appropriate tax determination with respect to the Litigation Trust, including, without limitation, a determination pursuant to section 505 of the Bankruptcy Code;

(o)     subject to applicable securities laws, if any, establish and maintain a website for the purpose of providing notice of Litigation Trust activities in lieu of sending written notice to holders of Litigation Trust Interests, subject to providing notice of such website to such holders;

(p)     seek the examination of any entity, subject to the provisions of the Federal Rules of Evidence or any other applicable law or rule; and

(q)     take or refrain from taking any and all other actions that the Litigation Trustee, reasonably deems necessary or convenient for the continuation, protection and maximization of the Litigation Trust Assets or to carry out the purposes hereof.

3.9     Limitation of Litigation Trustee's Authority.

(a)     Notwithstanding anything herein to the contrary, the Litigation Trustee shall not (i) be authorized to engage in any trade or business, (ii) take such actions inconsistent with the orderly liquidation of the assets of the Litigation Trust as are required or contemplated by applicable law, the Plan and this Litigation Trust Agreement, or (iii) be authorized to engage in any investments or activities inconsistent with the treatment of the Litigation Trust as a liquidating trust within the meaning of Treasury Regulation Section 301.7701-4(d) and in accordance with Rev. Proc. 94-45, 1994-2 C.B. 684.

(b)     The Litigation Trust shall not hold 50% or more of the stock (in either vote or value) of any entity that is treated as a corporation for federal income tax purposes, nor be the sole member of a limited liability company, nor have any interest in an entity that is treated as a partnership for federal income tax purposes, unless such stock, membership interest, or partnership interest was obtained involuntarily or as a matter of practical economic necessity in order to preserve the value of the assets of the Litigation Trust.

3.10    Books and Records.

(a)     The Litigation Trustee shall maintain books and records relating to the assets of the Litigation Trust and income of the Litigation Trust and the payment of expenses of, and liabilities of claims against or assumed by, the Litigation Trust in such detail and for such period of time as may be necessary to enable it to make full and proper accounting in respect thereof.  Such books and records shall be maintained on a modified cash or other comprehensive

basis of accounting necessary to facilitate compliance with the tax reporting and securities law requirements of the Litigation Trust. Nothing in this Litigation Trust Agreement requires the Litigation Trustee to file any accounting or seek approval of any court with respect to the administration of the Litigation Trust, or as a condition for managing any payment or distribution out of the assets of the Litigation Trust.

(b)    The Litigation Trust Beneficiaries and their duly authorized representatives shall have the right, upon reasonable prior written notice to the Litigation Trustee, to inspect and, at the sole expense of such Litigation Trust Beneficiary seeking the same, make copies of the books and records relating to the Litigation Trust on any business day and as often as may be reasonably be desired, in each case for a purpose reasonably related to such Litigation Trust Beneficiary's interest in the Litigation Trust.

3.11    Inquiries into Trustee's Authority.

Except as otherwise set forth in the Litigation Trust or in the Plan, no Person dealing with the Litigation Trust shall be obligated to inquire into the authority of the Litigation Trustee in connection with the protection, conservation or disposition of the Litigation Trust Assets.

3.12    Compliance with Laws.

Any and all distributions of assets of the Litigation Trust and proceeds of borrowings, if any, shall be in compliance with applicable laws, including, without limitation, applicable federal and state securities laws.

3.13    Compensation of the Litigation Trustee.

Notwithstanding anything to the contrary contained herein, the Litigation Trustee shall be reasonably compensated for its services, and reimbursed for its reasonable expenses, in accordance with the agreement reached between the Litigation Trustee and the Debtors on or prior to the date hereof.

3.14    Reliance by Litigation Trustee.

Except as otherwise provided herein:

(a)    the Litigation Trustee may rely, and shall be protected in acting upon, any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document believed by the Litigation Trustee to be genuine and to have been signed or presented by the proper party or parties; and

(b)    Persons dealing with the Litigation Trustee shall look only to the assets of the Litigation Trust to satisfy any liability incurred by the Litigation Trustee to such Person in carrying out the terms of this Litigation Trust Agreement, and the Litigation Trustee shall not have any personal obligation to satisfy any such liability.

3.15    Investment and Safekeeping of Litigation Trust Assets.

The Litigation Trustee shall invest all assets transferred to the Litigation Trust (other than Litigation Trust Assets), all Litigation Trust Proceeds, the Litigation Expense Fund and all income earned by the Litigation Trust (pending periodic distributions in accordance with the provisions of the Plan) only in Cash, cash equivalents, U.S. Treasury securities, money market investments, and similar investments; provided, however, that (a) the scope of any such permissible investments shall be limited to include only those investments, or shall be expanded to include any additional investments, as the case may be, that a liquidating trust within the meaning of Treasury Regulation Section 301.7701-4(d) may be permitted to hold, pursuant to the Treasury Regulations, or any modification in the guidelines of the United States Internal Revenue Service (the "IRS") , whether set forth in IRS rulings, other IRS pronouncements or otherwise, (b) the Litigation Trustee may retain any Litigation Trust Proceeds received that are not Cash only for so long as may be required for the prompt and orderly liquidation of such assets in Cash; and (c) under no circumstances, shall the Litigation Trustee segregate the assets of the Litigation Trust on the basis of classification of the holders of Litigation Trust Interests, other than with respect to Distributions to be made on account of Disputed Claims in accordance with the provisions of the Plan.

3.16    Standard of Care; Exculpation.

Neither the Litigation Trustee nor any of its duly designated agents or representatives or professionals shall be liable for any act or omission taken or omitted to be taken by the Litigation Trustee in good faith, other than acts or omissions resulting from the Litigation Trustee's own gross negligence, recklessness, willful misconduct, or knowing violation of law. The Litigation Trustee may, in connection with the performance of its functions, and in its sole and absolute discretion, consult with its attorneys, accountants, financial advisors and agents, and shall not be liable for any act taken, omitted to be taken, or suffered to be done in accordance with advice or opinions rendered by such Persons. Notwithstanding such authority, the Litigation Trustee shall be under no obligation to consult with its attorneys, accountants, financial advisors or agents, and its good faith determination not to do so shall not result in the imposition of liability on the Litigation Trustee, unless such determination is based on gross negligence, recklessness, willful misconduct, or knowing violation of law.

ARTICLE 4

[INTENTIONALLY OMITTED]

ARTICLE 5

TAX MATTERS

5.1    Federal Income Tax Reporting.

(a)    Subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary (including receipt by the Litigation Trustee of a private letter ruling if the Litigation Trustee so requests one, or the receipt of an adverse determination by the IRS upon

audit if not contested by the Litigation Trustee), the Litigation Trustee shall file returns for the Litigation Trust as a grantor trust pursuant to Treasury Regulation Section 1.671-4(a) and in accordance with this <u>Article 5</u>. The Litigation Trustee shall also annually send to each Litigation Trust Beneficiary a separate statement setting forth such Litigation Trust Beneficiary's share of items of income, gain, loss, deduction, or credit and will instruct all such holders to report such items on their federal income tax returns or to forward the appropriate information to such Litigation Trust Beneficiary's underlying beneficial owners with instructions to utilize such information in preparing their federal income tax returns.

(b)     As soon as practicable after the Effective Date, but in no event later than sixty (60) days thereafter, (i) the Litigation Trustee, in consultation with the Creditors' Committee, ESI and the Debtors (or the Reorganized Debtors, as the case may be), will determine the fair market value as of the Effective Date of all assets transferred to the Litigation Trust, and such determined fair market value shall be used by the Reorganized Debtors, the Litigation Trust, the Litigation Trustee and the Litigation Trust Beneficiaries for all tax purposes, and (ii) the Litigation Trustee shall make such valuation available from time to time to all parties to the Litigation Trust, to the extent relevant to such parties for tax purposes, and shall be used consistently by such parties for all United States federal income tax purposes. The Litigation Trustee shall also file (or cause to be filed) any other statements, returns or disclosures relating to the Litigation Trust that are required by any governmental unit and pay taxes, if any, properly payable by the Litigation Trust.

(c)     The Litigation Trustee may request an expedited determination of taxes of the Litigation Trust under section 505(b) of the Bankruptcy Code for all returns filed for, or on behalf of, the Litigation Trust for all taxable periods through the effective date of the dissolution of the Litigation Trust.

(d)     For federal income tax purposes, the Reorganized Debtors, ESI, the Litigation Trustee, and the Litigation Trust Beneficiaries will treat the transfer of assets to the Litigation Trust and issuance of Litigation Trust Interests as a deemed transfer by the Debtors and ESI of the assets to the Litigation Trust Beneficiaries, followed by a deemed transfer of such assets by the Litigation Trust Beneficiaries to the Litigation Trust in exchange for direct or indirect beneficial interests in the Litigation Trust; provided, however, that the Litigation Trust Assets will be subject to any post-Effective Date obligations incurred by the Litigation Trust relating to the pursuit of Litigation Trust Assets.

(e)     For federal income tax purposes, the Litigation Trust Beneficiaries will be treated as the grantors, deemed owners and beneficiaries of the Litigation Trust. The foregoing treatment shall also apply to the extent permitted by applicable law, for state and local tax purposes.

5.2     <u>Allocations of Litigation Trust Taxable Income</u>.

(a)     Allocations of Litigation Trust taxable income or loss of the Litigation Trust shall be allocated by reference to the manner in which an economic gain or loss would be borne immediately after a hypothetical liquidating distribution of the remaining Litigation Trust Assets. The tax book value of the Litigation Trust Assets for purpose of this paragraph shall

equal their fair market value on the Effective Date, adjusted in accordance with tax accounting principles prescribed by the United States Internal Revenue Code, the applicable Treasury Regulations and other applicable administrative and judicial authorities and pronouncements.

(b)     To the extent of any transfers of Litigation Trust Interests in accordance with Section 2.5(a) herein, the Litigation Trustee shall promptly establish a standard convention for allocating and apportioning taxable income and loss between a transferor and its transferee and shall not be required to so allocate and apportion based on the actual Litigation Trust activities prior and subsequent to the date of any transfer.  The Litigation Trustee shall notify the Litigation Trust Beneficiaries of the convention adopted promptly after such adoption.  The Litigation Trustee shall use its discretion to establish a fair and equitable convention to apply and may, but is not required to, adopt a monthly, quarterly or similar record date convention.

## ARTICLE 6

## DISTRIBUTIONS

6.1     Annual Distribution; Withholding.

The Litigation Trustee shall distribute at least annually to the Litigation Trust Beneficiaries all net cash income plus all net cash proceeds from the liquidation of assets; provided, however, that the Litigation Trust may retain such amounts (i) as are reasonably necessary to maintain reserves for distributions to holders of Disputed Claims that may be entitled to Litigation Trust Interests upon allowance of such claims, (ii) as are reasonably necessary to meet contingent liabilities and to maintain the value of the assets of the Litigation Trust during liquidation, (iii) to pay or reserve for reasonable administrative expenses (including the costs and expenses of the Litigation Trust and the Litigation Trustee and the fees, costs and expenses of all professionals retained by the Litigation Trustee, and any taxes imposed on the Litigation Trust or in respect of the assets of the Litigation Trust), and (iv) to satisfy other liabilities incurred or assumed by the Litigation Trust (or to which the assets are otherwise subject) in accordance with the Plan or this Litigation Trust Agreement.  All such distributions shall be based on the number of Litigation Trust Interests held by a Litigation Trust Beneficiary compared with the aggregate number of Litigation Trust Interests outstanding, subject to the terms of the ESI Settlement Order, the Plan, the Confirmation Order and this Litigation Trust Agreement.  The Litigation Trustee may withhold from amounts distributable to any Person any and all amounts, determined in the Litigation Trustee's reasonable sole discretion, to be required by any law, regulation, rule, ruling, directive or other governmental requirement.

6.2     Manner of Payment or Distribution.

(a)     All distributions made by the Litigation Trustee to holders of Litigation Trust Interests shall be payable to the holders of Litigation Trust Interests of record as of the 20th day prior to the date scheduled for the distribution, unless such day is not a Business Day, then such day shall be the following Business Day.  If the distribution shall be in Cash, the Litigation Trustee shall distribute such Cash by wire, check, or such other method as the Litigation Trustee deems appropriate under the circumstances.

(b)     All or a portion of the initial Litigation Trust Assets Recoveries shall first be used to repay the Litigation Trust Funding Reimbursement (as described in Art. I, Section 1.91 and Art. VI., Section 6.17(f) of the Plan) or such other treatment as agreed to by the Special Servicer and the Litigation Trustee, and then such proceeds shall be distributed to the Litigation Trust Beneficiaries as provided for herein.  To the extent that the Reorganized Debtors or ESI become liable for the payment of any Claims arising under section 502(h) of the Bankruptcy Code on account of Litigation Trust Assets Recoveries, the Litigation Trustee will be responsible for making Distributions on account of such Claims pursuant to <u>Section 8.2</u> herein.

(c)     All Litigation Trust Assets Recoveries, after payment of the Litigation Trust Funding Reimbursement, distributed to Litigation Trust Beneficiaries shall be based upon their respective Litigation Trust Interests as determined by the ESI Settlement Order, the Plan, the Confirmation Order or pursuant to separate order of the Bankruptcy Court; <u>provided</u>, <u>however</u>, where applicable, the distributions will take into account the requirements of the Intercreditor Agreement.

6.3     <u>Delivery of Litigation Trust Distributions</u>.

All distributions under this Litigation Trust Agreement to any holder of Litigation Trust Interests shall be made at the address of such holder as set forth in the Trust Register or at such other address or in such other manner as such holder of Litigation Trust Interests shall have specified for payment purposes in a written notice to the Litigation Trustee and the Registrar at least 20 days prior to such distribution date.  In the event that any distribution to any holder is returned as undeliverable, the Litigation Trustee shall be entitled to rely on the most current information available from the Plan Administrator to determine the current address of such holder, but no distribution to such holder shall be made unless and until the Litigation Trustee has determined the then current address of such holder, at which time such distribution shall be made to such holder without interest; <u>provided</u>, <u>however</u>, that such undeliverable or unclaimed distributions shall be deemed unclaimed property at the expiration of one year from the date of distribution.  The Litigation Trustee shall reallocate the undeliverable and unclaimed distributions for the benefit of all other Litigation Trust Beneficiaries.

6.4     <u>Cash Distributions</u>.

No Cash distributions shall be required to be made to any Litigation Trust Beneficiary in an amount less than $100.00.  Any funds so withheld and not distributed shall be held in reserve and distributed in subsequent distributions.  Notwithstanding the foregoing, all Cash shall be distributed in the final distribution of the Litigation Trust.

ARTICLE 7

INDEMNIFICATION

7.1     <u>Indemnification of Litigation Trustee</u>.

(a)     To the fullest extent permitted by law, the Litigation Trust, to the extent of its assets legally available for that purpose, shall indemnify and hold harmless the Litigation Trustee and each of their respective directors, members, shareholders, partners, officers, agents,

employees, attorneys and other professionals (collectively, the "Indemnified Persons") from and against any and all losses, costs, damages, reasonable and documented out-of-pocket expenses (including, without limitation, fees and expenses of attorneys and other advisors and any court costs incurred by any Indemnified Person) or liability by reason of anything any Indemnified Person did, does, or refrains from doing for the business or affairs of the Litigation Trust, except to the extent that the loss, cost, damage, expense or liability resulted primarily from the Indemnified Person's recklessness, gross negligence, willful misconduct, or knowing violation of law. To the extent reasonable, the Litigation Trust shall pay in advance or reimburse reasonable and documented out-of-pocket expenses (including advancing reasonable costs of defense) incurred by the Indemnified Person who is or is threatened to be named or made a defendant or a respondent in a proceeding concerning the business and affairs of the Litigation Trust.

(b) Any Indemnified Person may waive the benefits of indemnification under this Section 7.1, but only by an instrument in writing executed by such Indemnified Person.

(c) The rights to indemnification under this Section 7.1 are not exclusive of other rights which any Indemnified Person may otherwise have at law or in equity, including without limitation common law rights to indemnification or contribution. Nothing in this Section 7.1 will affect the rights or obligations of any Person (or the limitations on those rights or obligations) under this Litigation Trust Agreement, or any other agreement or instrument to which that Person is a party.

ARTICLE 8

NET LITIGATION TRUST RECOVERY

8.1     No Effect on Mutuality.

Notwithstanding anything contained in this Litigation Trust Agreement to the contrary, nothing herein shall affect the mutuality of obligations, if any, of any holder of any Claim under section 553 of the Bankruptcy Code.

8.2     Section 502(h).

Notwithstanding anything contained in the Plan or this Litigation Trust Agreement to the contrary, in the event that a compromise and settlement of a Litigation Trust Asset or a Final Order with respect to a Litigation Trust Asset provides for the allowance of a Claim pursuant to section 502(h) of the Bankruptcy Code against one or more of the Debtors or ESI, the Distributions to be made on account of such Claim pursuant to the Plan shall be funded by the Litigation Trust, in the amount(s), from time to time, that all similarly situated holders of Claims are entitled to receive under the Plan.

8.3     Net Litigation Trust Recovery.

Notwithstanding anything contained in the Plan or this Litigation Trust Agreement to the contrary, in the event that a defendant in a litigation brought by the Litigation Trustee for and on behalf of the Litigation Trust (i) is required by a Final Order to make payment to the Litigation Trust (the "Judgment Amount") and (ii) is permitted by a Final Order to assert a

right of setoff under sections 553, 555, 556, 559, 560 and 561 of the Bankruptcy Code or applicable non-bankruptcy law against the Judgment Amount (a "Valid Setoff"), (y) such defendant shall be obligated to pay only the excess, if any, of the Judgment Amount over the Valid Setoff and (z) none of the Litigation Trust or the holders of the Litigation Trust Interests shall be entitled to assert a claim against the Debtors or the Reorganized Debtors with respect to the Valid Setoff.

ARTICLE 9

REPORTS TO LITIGATION TRUST BENEFICIARIES

9.1     Reports.

(a)     The Litigation Trustee shall cause to be prepared, as applicable, either at such times as may be required by the Exchange Act, if applicable, or, not less than annually, financial statements of the Litigation Trust, to be delivered to the Litigation Trust Beneficiaries together with annual income tax reporting of the Litigation Trust.  To the extent required by law, the financial statements prepared as of the end of the fiscal year shall be audited by nationally recognized independent accountants in accordance with U.S. generally accepted accounting principles.  The materiality and scope of audit determinations shall be established between the Litigation Trustee and the appointed auditors with a view toward safeguarding the value of the assets of the Litigation Trust, but nothing relating to the mutually agreed scope of work shall result in any limitation of audit scope that would cause the auditors to qualify their opinion as to scope of work with respect to such financial statements.

(b)     Within ten (10) Business Days after the end of the relevant report preparation period the Litigation Trustee shall cause any information reported pursuant to Section 9.1(a) hereof to be mailed to such Litigation Trust Beneficiaries and to be filed with the Bankruptcy Court.

(c)     Any report required to be distributed by the Litigation Trustee under Section 9.1(a) hereof shall also be distributed to the Persons listed in Section 12.6 hereof within ten (10) Business Days of its distribution to the Litigation Trust Beneficiaries under Section 9.1(a) hereof.  The Litigation Trustee may post any report required to be provided under this Section 9.1 on a web site maintained by the Litigation Trustee in lieu of actual notice to the Litigation Trust Beneficiaries (unless otherwise required by law) subject to providing notice to the Persons listed in Section 12.6 herein.

ARTICLE 10

TERM; TERMINATION OF THE LITIGATION TRUST

10.1     Term; Termination of the Litigation Trust.

(a)     The Litigation Trust shall have an initial term of five (5) years.  The Bankruptcy Court, upon motion by the Litigation Trustee, on notice with an opportunity for a hearing, at least three (3) months before the expiration of the original term or any extended term, may extend, for a fixed period, the term of the Litigation Trust if it is necessary to facilitate or

complete the liquidation of the assets of the Litigation Trust. The Bankruptcy Court may approve multiple extensions of the term of the Litigation Trust.

(b)     The Litigation Trust may be terminated earlier than its scheduled termination if (i) the Bankruptcy Court has entered a Final Order closing all of or the last of the Chapter 11 Cases pursuant to section 350(a) of the Bankruptcy Code; and (ii) the Litigation Trustee has administered all assets of the Litigation Trust and performed all other duties required by the Plan and the Litigation Trust.

10.2    Continuance of Trust for Winding Up.

After the termination of the Litigation Trust and for the purpose of liquidating and winding up the affairs of the Litigation Trust, the Litigation Trustee shall continue to act as such until its duties have been fully performed. Prior to the final distribution of all of the remaining assets of the Litigation Trust, the Litigation Trustee shall be entitled to reserve from such assets any and all amounts required to provide for its own costs and expenses, in accordance with Section 3.13 herein, until such time as the winding up of the Litigation Trust is completed. Upon termination of the Litigation Trust, the Litigation Trustee shall retain for a period of three years the books, records, Litigation Trust Beneficiary lists, the Trust Register, and certificates and other documents and files that have been delivered to or created by the Litigation Trustee. At the Litigation Trustee's discretion, all of such records and documents may, but need not, be destroyed at any time after three years from the completion and winding up of the affairs of the Litigation Trust. Except as otherwise specifically provided herein, upon the termination of the Litigation Trust, the Litigation Trustee shall have no further duties or obligations hereunder.

ARTICLE 11

AMENDMENT AND WAIVER

11.1    Amendment and Waiver.

(a)     The Litigation Trustee may amend, supplement or waive any provision of, this Litigation Trust Agreement, without notice to or the consent of any Litigation Trust Beneficiary or the approval of the Bankruptcy Court: (i) to cure any ambiguity, omission, defect or inconsistency in this Litigation Trust Agreement provided that such amendments, supplements or waivers shall not adversely affect the distributions to be made under this Litigation Trust Agreement to any of the Litigation Trust Beneficiaries, or adversely affect the U.S. federal income tax status of the Litigation Trust as a "liquidating trust"; (ii) to comply with any requirements in connection with the U.S. Federal income tax status of the Litigation Trust as a "liquidating trust"; (iii) to comply with any requirements in connection with maintaining that the Litigation Trust is not subject to registration or reporting requirements of the Exchange Act, or the Investment Company Act; (iv) to make the Litigation Trust a reporting entity and, in such event, to comply with any requirements in connection with satisfying the registration or reporting requirements of the Exchange Act or the Investment Company Act; and (v) to evidence and provide for the acceptance of appointment hereunder by a successor trustee in accordance with the terms of this Litigation Trust Agreement and the Plan.

(b)     Any substantive provision of this Litigation Trust Agreement may be amended or waived by the Litigation Trustee, subject to the prior approval of the holders of a majority of the Class A Interests and the holders of a majority of the Class B Interests, with the approval of the Bankruptcy Court upon notice and an opportunity for a hearing; provided, however, that no change may be made to this Litigation Trust Agreement that would adversely affect the distributions to be made under this Litigation Trust Agreement to any of the Litigation Trust Beneficiaries, or adversely affect the U.S. Federal income tax status of the Litigation Trust as a "liquidating trust."  Notwithstanding this Section 11.1, any amendments to this Litigation Trust Agreement shall not be inconsistent with the purpose and intention of the Litigation Trust to liquidate in an expeditious but orderly manner the Litigation Trust Assets in accordance with Treasury Regulation Section 301.7701-4( d).

## ARTICLE 12

## MISCELLANEOUS PROVISIONS

12.1     Intention of Parties to Establish the Litigation Trust.

This Litigation Trust Agreement is intended to create a liquidating trust for federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as such a trust and any ambiguity herein shall be construed consistent herewith and, if necessary, this Litigation Trust Agreement may be amended in accordance with Section 11.1 herein to comply with such federal income tax laws, which amendments may apply retroactively.

12.2     Reimbursement of Trust Litigation Costs.

If the Litigation Trustee or the Litigation Trust, as the case may be, is the prevailing party in a dispute regarding the provisions of this Litigation Trust Agreement or the enforcement thereof, the Litigation Trustee or the Litigation Trust, as the case may be, shall be entitled to collect any and all costs, reasonable and documented out-of-pocket expenses and fees, including attorneys' fees, from the non-prevailing party incurred in connection with such dispute or enforcement action.  To the extent that the Litigation Trust has advanced such amounts, the Litigation Trust may recover such amounts from the non-prevailing party.

12.3     Laws as to Construction.

This Litigation Trust Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to whether any conflicts of law would require the application of the law of another jurisdiction.

12.4     Jurisdiction.

Without limiting any Person or entity's right to appeal any order of the Bankruptcy Court or to seek withdrawal of the reference with regard to any matter, (i) the Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Litigation Trust Agreement and to decide any claims or disputes which may arise or result from, or be connected with, this Litigation Trust Agreement, any breach or default hereunder, or the transactions

contemplated hereby, and (ii) any and all actions related to the foregoing shall be filed and maintained only in the Bankruptcy Court, and the parties, including the Litigation Trust Beneficiaries, and holders of Claims and Equity Interests, hereby consent to and submit to the jurisdiction and venue of the Bankruptcy Court.

     12.5   <u>Severability</u>.

     If any provision of this Litigation Trust Agreement or the application thereof to any Person or circumstance shall be finally determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Litigation Trust Agreement, or the application of such provision to Persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provision of this Litigation Trust Agreement shall be valid and enforced to the fullest extent permitted by law.

     12.6   <u>Notices</u>.

     All notices, requests or other communications to the parties hereto shall be in writing and shall be sufficiently given only if (i) delivered in person; (ii) sent by electronic mail or facsimile communication (as evidenced by a confirmed fax transmission report); (iii) sent by registered or certified mail, return receipt requested; or (iv) sent by commercial delivery service or courier.  Until a change of address is communicated, as provided below, all notices, requests and other communications shall be sent to the parties at the following addresses or facsimile numbers:

     If to the Litigation Trustee, to:

     With a copy to:

     If to The Reorganized Debtors, to:

     c/o HVM L.L.C.
     100 Dunbar Street
     Spartanburg, SC 29306
     Attn: Gary A DeLapp
     Email: gdelapp@extendedstay.com

     With a copy to:

Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004
Attn: Jennifer Rodburg, Esq.
Email: Jennifer.rodburg@friedfrank.com

-and-

Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166-0193
Attn: David M. Feldman, Esq.
Email: dfeldman@gibsondunn.com

-and-

Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017-3954
Attn: Mark Thompson, Esq.
Email: mthompson@stblaw.com


If to ESI, to:

c/o HVM L.L.C.
100 Dunbar Street
Spartanburg, SC 29306
Attn: Gary A DeLapp
Email: gdelapp@extendedstay.com


With a copy to:

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Email: Jacqueline.marcus@weil.com


If to the Creditors' Committee, to:

Hahn & Hessen LLP
488 Madison Avenue
New York, NY 10022
Attn: Mark T. Power, Esq. or Christopher Jarvinen, Esq.
Email: mpower@hahnhessen.com or cjarvinen@hahnhessen.com

If to the Special Servicer, to:

CWCapital Asset Management LLC
701 13th Street, NW, Suite 1000
Washington, D.C. 20005
Attn: Stephen Abelman
Email: sabelman@cwcapital.com

With a copy to:

Venable LLC
750 East Pratt Street, Suite 900
Baltimore, MD 21202
Email: gacross@venable.com

All notices shall be effective and shall be deemed delivered:  (i) if by personal delivery, delivery service or courier, on the date of delivery; (ii) if by electronic mail or facsimile communication, on the date of receipt or confirmed transmission of the communication; and (iii) if by mail, on the date of receipt.  Any party from time to time may change its address, facsimile number, or other information for the purpose of notices to that party by giving notice specifying such change to the other party hereto.

12.7    Fiscal Year.

The fiscal year of the Litigation Trust will begin on the first day of January and end on the last day of December of each year.

12.8    Headings.

The section headings contained in this Litigation Trust Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Litigation Trust Agreement or of any term or provision hereof.

12.9    Counterparts.

This Litigation Trust Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original instrument, but all together shall constitute one agreement.

12.10   Confidentiality.

The Litigation Trustee and each successor trustee (each a "Covered Person") shall, during the period that they serve in such capacity under this Litigation Trust Agreement and following either the termination of this Litigation Trust Agreement or such individual's removal, incapacity, or resignation hereunder, hold strictly confidential and not use for personal gain any material, nonpublic information of or pertaining to any entity to which any of the assets of the Litigation Trust relates or of which it has become aware in its capacity (the "Information"), except to the extent disclosure is required by applicable law, order, regulation or

legal process.  In the event that any Covered Person is requested or required (by oral questions, interrogatories, requests for information or documents, subpoena, civil investigation, demand or similar legal process) to disclose any Information, such Covered Person will furnish only that portion of the Information, which the Covered Person, advised by counsel, is legally required and exercise all reasonable efforts to obtain reliable assurance that confidential treatment will be accorded the Information.

    12.11  Entire Agreement.

        This Litigation Trust Agreement (including the Recitals), the Plan, and the Confirmation Order constitute the entire agreement by and among the parties hereto with respect to the subject matter hereof, and there are no representations, warranties, covenants or obligations except as set forth herein or therein.  This Litigation Trust Agreement, the ESI Settlement Order, the Plan and the Confirmation Order supersede all prior and contemporaneous agreements, understandings, negotiations, discussions, written or oral, of the parties hereto, relating to any transaction contemplated hereunder.  Except as otherwise specifically provided herein, in the Plan or in the Confirmation Order, nothing in this Litigation Trust Agreement is intended or shall be construed to confer upon or to give any person other than the parties thereto and their respective heirs, administrators, executors, successors, or assigns any right to remedies under or by reason of this Litigation Trust Agreement.

## REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

IN WITNESS WHEREOF, the parties hereto have either executed and acknowledged this Litigation Trust Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized officers all as of the date first above written.

**<u>REORGANIZED DEBTORS</u>**

_____

By:
Title:


**<u>ESI</u>**

_____

By:
Title:


**<u>CREDITORS' COMMITTEE</u>:  Only with respect to Section 1.2**

_____

By:
Title:


**<u>SPECIAL SERVICER</u>:  Only with respect to Section 1.2**

_____

By:
Title:


**<u>LITIGATION TRUSTEE</u>:**

_____

By:
Title: