WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Marcia L. Goldstein
Jacqueline Marcus

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------x
                                            :
```
**In re**                                  :            **Chapter 11 Case No.**
```
                                            :
```
**EXTENDED STAY INC., et al.,**             :            **09-13764 (JMP)**
```
                                            :
```
           **Debtors.**                     :            **(Jointly Administered)**
```
                                            :
-----------------------------------------------------------x
```

**UPDATE TO PLAN SUPPLEMENT FOR THE DEBTORS' FIFTH AMENDED PLAN**
**OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

     In accordance with the Fifth Amended Plan of Reorganization Under Chapter 11

of the Bankruptcy Code, dated June 8, 2010, as Amended [Docket No. 1157] (as it may be

amended, the "Plan"),[1] filed by ESA Properties L.L.C. and seventy-three of its debtor affiliates,

as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the

"Debtors"), attached hereto are the following documents:

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

| Tab | Document |
|-----|----------|
| A | NewCo Board of Managers |
| B | Restructuring Transactions (Revised) |
| C | Blackline of Restructuring Transactions (against version filed with Update to Plan Supplement, dated July 15, 2010) |

Dated: July 19, 2010
    New York, New York


                                        /s/ Jacqueline Marcus
                                        Marcia L. Goldstein
                                        Jacqueline Marcus
                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Debtors and
                                        Debtors in Possession

## **Tab A**

NewCo Board of Managers

**NewCo Board of Managers**

Doug Geoga, Salt Creek Hospitality, LLC

William D. Rahm, Centerbridge Partners, L.P.

Michael Barr, Paulson & Co. Inc.

A.J. Agarwal, Blackstone Real Estate Partners VI L.P.

**<u>Tab B</u>**

Restructuring Transactions (Revised)

**Restructuring Transactions**

Pursuant to, under and in accordance with the Plan, the Debtors, NewCo and/or the Reorganized Debtors may, without any further approval of the Bankruptcy Court, effectuate some, all or none of the restructuring transactions listed below. In addition, on, or as soon as practicable after the Effective Date, the Debtors, NewCo and/or the Reorganized Debtors may, without further order of the Bankruptcy Court or the need to modify the Plan, effectuate other restructuring transactions not listed below that are similar in nature and involve Tier 1 Debtors and/or Tier 2 Debtors, all of which will be effectuated pursuant to, under and in accordance with the Plan (all such transactions, whether explicitly listed below or not, collectively, the "Restructuring Transactions"). If additional material Restructuring Transactions not listed below are to be effectuated, a list thereof shall be filed with the Bankruptcy Court on or before the Effective Date. All Restructuring Transactions are being taken pursuant to and in accordance with the Plan and shall be implemented pursuant to and in accordance with the Plan and as described herein. Any and all transfers, mergers, or consolidations contemplated by the Plan, including any and all Restructuring Transactions taken by the Debtors, NewCo and/or the Reorganized Debtors shall be deemed transfers, mergers and consolidations taken under and pursuant to the Plan, and pursuant to Section 1146(a) of the Bankruptcy Code, the making or delivery of any instrument in connection therewith shall not be taxed under any law imposing any sales and use, stamp, real estate transfer, mortgage recording, or other similar tax. The Restructuring Transactions are expressly incorporated into the Plan as if set forth in the Plan itself.

On or following the Effective Date, the Debtors, NewCo and/or the Reorganized Debtors, as the case may be, shall take such actions as may be necessary or appropriate to effect the relevant Restructuring Transactions, including, but not limited to, all of the transactions described in the Plan. Such actions may include without limitation: (a) the execution and delivery of appropriate agreements or other documents of merger, consolidation, or reorganization containing terms that are consistent with the terms of the Plan and that satisfy the requirements of applicable law, (b) the execution and delivery of appropriate instruments of transfer, assignment, assumption, guaranty, or delegation of any property, right, liability, duty, or obligation on terms consistent with the terms of the Plan, (c) the filing of appropriate certificates of incorporation, formation, limited partnership, merger, consolidation, dissolution or cancellation with the appropriate governmental authorities under applicable law, and (d) all other actions that such Debtors, Reorganized Debtors and/or NewCo determine are necessary or appropriate, including the making of filings or recordings in connection with the relevant Restructuring Transactions. Appropriate documentation of such Restructuring Transactions shall be filed with the appropriate governmental authorities as necessary under applicable law, subject to the terms of the Confirmation Order.

The form of each Restructuring Transaction shall be determined, as necessary, by the Investor, NewCo or the Reorganized Debtors.

In the event that a Restructuring Transaction is a merger transaction, upon the consummation of such Restructuring Transaction, each party to such merger, other than the surviving entity, shall cease to exist as a separate legal entity and thereafter the surviving

Reorganized Debtor shall assume and perform the obligations of each merged Debtor, or Reorganized Debtor, as the case may be, under this Plan and in accordance with applicable law.

In the event that a Debtor or Reorganized Debtor is liquidated, the surviving successor entity (or the entity which owned the stock or other equity of such liquidating entity prior to such liquidation) shall assume and perform the obligations, if any, of such liquidating entity.

Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to such terms in the Plan.

## I.    Formation of new entities, mergers and consolidations

The following Restructuring Transactions will be undertaken pursuant to and in accordance with the Plan on the Effective Date to implement the provisions of the Plan and shall be deemed to have occurred in the order set forth below:

1.    ESA Acquisition Properties L.L.C., ESA Alaska L.L.C., ESA MN Properties L.L.C., ESA FL Properties L.L.C., ESA PA Properties L.L.C., ESA Properties L.L.C., ESA P Portfolio PA Properties L.L.C., ESA 2005 – San Jose L.L.C., ESA 2005 – Waltham L.L.C., ESA 2005 Portfolio L.L.C., ESA TXGP L.L.C., ESA TX Properties L.P., ESA P Portfolio TXNC GP L.L.C. and ESA P Portfolio TXNC Properties L.P. shall be merged with and into ESA P Portfolio L.L.C., with ESA P Portfolio L.L.C. to be the surviving entity.

2.    ESH/Homestead Portfolio L.L.C., ESH/MSTX GP L.L.C., ESH/MSTX Property L.P., ESH/TXGP L.L.C. and ESH/TX Properties L.P. shall be merged with and into ESH/HV Properties L.L.C. with ESH/ HV Properties L.L.C. to be the surviving entity.

3.    Investor shall form NewCo as a Delaware limited liability company.

4.    NewCo shall form one or more single member Delaware limited liability companies (each, a "Mezzanine Borrower") each as a single purpose, bankruptcy remote entity (an "SPE"). The equity interests in the most structurally subordinate Mezzanine Borrower shall be held directly by NewCo. The equity interests in the next most structurally subordinate Mezzanine Borrower shall be held directly by the most structurally subordinate Mezzanine Borrower, and so-on in a direct parent-subsidiary chain for each other Mezzanine Borrower.

5.    100% of the limited liability company interests or stock, as applicable, of ESA P Portfolio L.L.C., ESH/HV Properties L.L.C., ESA MD Beneficiary L.L.C., ESA P Portfolio MD Beneficiary L.L.C., ESA Canada Beneficiary Inc., ESA Canada Trustee Inc., and ESH/TN Member Inc. and 99% of the limited liability company interests of ESH/TN Properties L.L.C. (collectively, the "New MB Equity"), shall be issued to NewCo and 100% of the limited liability company interests or stock, as applicable, of ESA 2007 Operating Lessee Inc., ESA UD Properties L.L.C. and ESA Canada Operating Lessee Inc. (collectively, the "New Non-MB Equity")

shall be issued to NewCo, NewCo shall be admitted as a member of, or become a stockholder of, as applicable, each such surviving Tier 1 Debtor and each such surviving Tier 1 Debtor shall be continued without dissolution.

6. The limited liability company interests or stock, as applicable, of each of the Tier 2 Debtors (i.e. ESA MD Properties Business Trust, ESA MD Borrower L.L.C., ESA P Portfolio MD Trust, ESA P Portfolio MD Borrower L.L.C, ESA Canada Properties Trust and ESA Canada Properties Borrower L.L.C.) and the ESH/TN Properties Membership Interest shall remain outstanding and unimpaired, shall continue to be owned by the applicable surviving Tier 1 Debtor or Tier 2 Debtor and each of the Tier 2 Debtors shall be continued without dissolution.

7. The limited liability company agreements, limited partnership agreements, certificates of incorporation, certificates of formation, certificates of limited partnership, bylaws or other organizational documents, as applicable, of the Tier 1 Debtors and the Tier 2 Debtors in effect immediately prior to the Effective Date shall be amended and/or amended and restated, as NewCo deems appropriate, to reflect the transactions contemplated hereunder and in the Plan or otherwise related thereto including, without limitation, (i) the new ownership (as applicable), (ii) a prohibition on non-voting securities, (iii) the issuance of the New MB Equity and New Non-MB Equity, (iv) the admission of NewCo or its applicable subsidiary as a member or limited partner of, or NewCo or its applicable subsidiary becoming a stockholder of, as applicable, each of the surviving Tier 1 Debtors and (v) the cancellation of the Existing Equity and the Other Existing Equity Interests. Notwithstanding any provision herein or in the Plan to the contrary, each of the members, partners, stockholders or other interest holders of each of the Tier 1 Debtors and the Tier 2 Debtors, together with their successors and assigns, shall be deemed to hereby consent, such consent to be deemed effective immediately prior to the Effective Date, to any such amendment and/or amendment and restatement.

8. NewCo shall contribute 100% of the New MB Equity to the most structurally subordinate Mezzanine Borrower, such contributee Mezzanine Borrower shall be admitted as a member of, or become a stockholder of, as applicable, the surviving Tier 1 Debtors, NewCo will cease to be a member or stockholder of the surviving Tier 1 Debtors, and each of the surviving Tier 1 Debtor shall be continued without dissolution, which Mezzanine Borrower in turn will contribute the New MB Equity to the next most structurally subordinate Mezzanine Borrower, such contributee Mezzanine Borrower shall be admitted as a member of, or become a stockholder of, as applicable, the surviving Tier 1 Debtors, the contributor Mezzanine Borrower shall cease to be a member or stockholder of the surviving Tier 1 Debtors, and each surviving Tier 1 Debtor shall be continued without dissolution, and so on down the chain until the New MB Equity is owned directly by the most structurally senior Mezzanine Borrower. For the avoidance of doubt, following each such contribution, the next most structurally subordinate Mezzanine Borrower shall be admitted as a member of, or become a stockholder of, as applicable, the surviving Tier 1 Debtors, the contributor Mezzanine

Borrower shall cease to be a member or stockholder of the applicable Tier 1 Debtor, and each of the surviving Tier 1 Debtors shall be continued without dissolution.

9.      The Existing Equity and Other Existing Equity Interests and the certificates that previously evidenced ownership of the Existing Equity and the Other Existing Equity Interests (other than the ESH/TN Properties Membership Interest), shall be cancelled and shall be null and void, the holder(s) thereof shall no longer have any rights in respect of the Existing Equity and the Other Existing Equity Interests (other than the ESH/TN Properties Membership Interest) and shall cease to be a member, partner or stockholder, as applicable, of the applicable surviving Tier 1 Debtors.

10.     Sponsors shall form a single member Delaware limited liability company ("IP LLC").  IP LLC shall form one or more single member Delaware limited liability companies (each, a "Mezzanine IP Borrower"), the number of which is to be determined prior to the Effective Date based upon the amount and structure of any mezzanine financing.  Each Mezzanine IP Borrower shall be formed as an SPE. The most structurally senior Mezzanine IP Borrower shall form a single member Delaware limited liability company ("IP Borrower Holdco").   IP Borrower HoldCo shall be formed as an SPE.  IP Borrower Holdco shall form a single member Delaware limited liability company ("IP Borrower"). IP Borrower shall be formed as an SPE.

11.     ESA 2005 Operating Lessee Inc. and ESA Operating Lessee Inc. shall each be merged with and into ESA P Portfolio Operating Lessee Inc. with ESA P Portfolio Operating Lessee Inc. to be the surviving entity.

An organizational chart of NewCo and the Reorganized Debtors is attached hereto as Exhibit A.

The following chart sets forth each of the mergers and consolidations that are occurring under and pursuant to the Plan.

| Restructuring Debtor | Restructuring Transaction | Surviving Party |
|---|---|---|
| ESA Acquisition Properties L.L.C. | Merges with and into ESA P Portfolio L.L.C. | ESA P Portfolio L.L.C. |
| ESA Alaska L.L.C. | Merges with and into ESA P Portfolio L.L.C. | ESA P Portfolio L.L.C. |
| ESA MN Properties L.L.C. | Merges with and into ESA P Portfolio L.L.C. | ESA P Portfolio L.L.C. |
| ESA FL Properties L.L.C. | Merges with and into ESA P | ESA P Portfolio L.L.C. |

| | | |
|---|---|---|
| | Portfolio L.L.C. | |
| ESA PA Properties L.L.C. | Merges with and into ESA P Portfolio L.L.C. | ESA P Portfolio L.L.C. |
| ESA Properties L.L.C. | Merges with and into ESA P Portfolio L.L.C. | ESA P Portfolio L.L.C. |
| ESA P Portfolio PA Properties L.L.C. | Merges with and into ESA P Portfolio L.L.C. | ESA P Portfolio L.L.C. |
| ESA 2005-San Jose L.L.C. | Merges with and into ESA P Portfolio L.L.C. | ESA P Portfolio L.L.C. |
| ESA 2005-Waltham L.L.C. | Merges with and into ESA P Portfolio L.L.C. | ESA P Portfolio L.L.C. |
| ESA 2005 Portfolio L.L.C. | Merges with and into ESA P Portfolio L.L.C. | ESA P Portfolio L.L.C. |
| ESA TXGP L.L.C. | Merges with and into ESA P Portfolio L.L.C. | ESA P Portfolio L.L.C. |
| ESA TX Properties L.P. | Merges with and into ESA P Portfolio L.L.C. | ESA P Portfolio L.L.C. |
| ESA P Portfolio TXNC GP L.L.C. | Merges with and into ESA P Portfolio L.L.C. | ESA P Portfolio L.L.C. |
| ESA P Portfolio TXNC Properties L.P. | Merges with and into ESA P Portfolio L.L.C. | ESA P Portfolio L.L.C. |
| ESH/Homestead Portfolio L.L.C. | Merges with and into ESH/HV Properties L.L.C. | ESH/HV Properties L.L.C. |
| ESH/MSTX GP L.L.C. | Merges with and into ESH/HV Properties L.L.C. | ESH/HV Properties L.L.C. |
| ESH/MSTX Property L.P. | Merges with and into ESH/HV Properties L.L.C. | ESH/HV Properties L.L.C. |
| ESH/TXGP L.L.C. | Merges with and into ESH/HV Properties L.L.C. | ESH/HV Properties L.L.C. |
| ESH/TX Properties L.P. | Merges with and into ESH/HV Properties L.L.C. | ESH/HV Properties L.L.C. |
| ESA 2005 Operating Lessee | Merges with and into ESA P | ESA P Portfolio Operating |

| Inc. | Portfolio Operating Lessee Inc. | Lessee Inc. |
| --- | --- | --- |
| ESA Operating Lessee Inc. | Merges with and into ESA P Portfolio Operating Lessee Inc. | ESA P Portfolio Operating Lessee Inc. |

## II.    Transfer, Assignment and Designations

1.    Pursuant to and in accordance with the Plan and the BHAC IP Transfer Agreement, IP Borrower shall acquire, as a designee of NewCo, the BHAC IP.  In addition, pursuant to and in accordance with the Plan, all Intellectual Property of Homestead Village L.L.C. shall vest in NewCo and NewCo shall transfer all Intellectual Property of Homestead Village L.L.C that vests in NewCo to IP Borrower.

2.    Pursuant to and in accordance with the Plan and the ESI Settlement Agreement, Extended Stay Inc. shall assume and assign to NewCo or its designee (a) the G&A Expense Reimbursement Agreement, dated as of May 11, 2004, between Extended Stay, Inc. and Homestead Village Management, LLC, as amended by: (i) First Amendment to G&A Expense Reimbursement Agreement, dated as of October 8, 2004, between Extended Stay Inc. and Homestead Village Management, LLC; and (ii) Second Amendment to G&A Expense Reimbursement Agreement, dated as of May 11, 2005, between Extended Stay Inc. and HVM L.L.C., f/k/a Homestead Village Management, LLC (as amended, the "ESI G&A Agreement") and (b) the Services Agreement, dated as of January 1, 2006, between Extended Stay, Inc. and HVM L.L.C. (the "ESI Services Agreement").

3.    Pursuant to and in accordance with the Plan, Homestead Village L.L.C. shall assume and assign to NewCo or its designee (a) the G&A Expense Reimbursement Agreement, dated as of May 11, 2004, between Homestead Village L.L.C. and Homestead Village Management, LLC, as amended by: (i) First Amendment to G&A Expense Reimbursement Agreement, dated as of October 8, 2004, between Homestead Village L.L.C. and Homestead Village Management, LLC; and (ii) Second Amendment to G&A Expense Reimbursement Agreement, dated as of May 11, 2005, between Homestead Village L.L.C. and HVM L.L.C., f/k/a Homestead Village Management, LLC (as amended, the "Homestead G&A Agreement") and (b) the Services Agreement, dated as of January 1, 2006, between Homestead Village L.L.C. and HVM L.L.C. (the "Homestead Services Agreement").

4.    Pursuant to and in accordance with the Plan, ESA TX Properties L.P. shall assume and assign to ESA P Portfolio L.LC. the Ground Lease by and between Claude A. Adams III and Studio Plus Properties, Inc., as ground lessee, dated

August 28, 1995, as assigned to BRE/ESA TX Properties L.P. pursuant to that certain Ground Lease Assignment dated as of May 11, 2004.

5.    Pursuant to and in accordance with the Plan, ESH/Homestead Portfolio L.L.C shall assume and assign to ESH/HV Properties L.L.C. the Ground Lease by and between Morelli Enterprises, LP and Boulevard Motel Corp. as ground lessee, dated May 14, 1997, as amended by the Amendment to Ground Lease dated May 14, 1997, the Second Amendment to Ground Lease dated September 29, 1997, the Third Amendment to Purchase Agreement dated November 10, 1997 and the Fourth Amendment of Ground Lease dated as of August 29, 2003, of which a certain Short Form Memorandum, dated January 10, 2001, was recorded in the Recorder's Office of Chester County, Pennsylvania on February 12, 2001 in Book 4895 Page 1908, and that certain Amended Short Form of Memorandum of Lease dated as of June 16, 2003 recorded in the Recorder's Office of Chester County, Pennsylvania, as assigned from Boulevard Motel Corp. to BRE/Homestead Portfolio L.L.C. (n/k/a ESH/Homestead Portfolio L.L.C.) pursuant to that certain Assignment and Assumption of Lease, dated as of June 17, 2003.

6.    Pursuant to and in accordance with the Plan, ESH/Homestead Portfolio L.L.C shall assume and assign to ESH/HV Properties L.L.C. the Ground Lease by and between Meadow Park Associates and Boulevard Motel Corp. dated March 9, 1998 as amended by that certain First Amendment of Lease dated as of May 8, 1998 of which a certain Memorandum of Lease was recorded in the Recorder's Office of Hudson County, New Jersey on November 9, 2000 in Deed Book 5711 Page 295, as assigned from Boulevard Motel Corp. to BRE/Homestead Portfolio L.L.C. (n/k/a ESH/Homestead Portfolio L.L.C.) pursuant to that certain Assignment and Assumption of Lease, dated as of June 16, 2003, as consented to by Meadow Park Associates.

7.    Pursuant to and in accordance with the Plan, ESA Properties L.L.C. shall assume and assign to ESA P Portfolio L.L.C. the Master Lease dated December 5, 1997, by and between Elizabeth Metromall Urban Renewal, Inc. and Elizabeth Metromall LLC as ground lessee, recorded in the Office of the County Clerk of Union County, New Jersey, in Book 4604 page 148, as amended and restated by that certain Amended and Restated Master Lease by and between Elizabeth Metromall Urban Renewal, Inc. and Elizabeth Metromall LLC, dated June 4, 1998, recorded in the Office of the County Clerk of Union County, New Jersey in Book 4674 page 183, as amended by First Amendment to the Amended and Restated Master Lease dated December 8, 2000, as partially assigned by that certain Partial Assignment of Amended and Restated Lease dated June 4, 1998 from Elizabeth Metromall LLC to Jersey Gardens Center LLC, recorded in the Office of the County Clerk of Union County, New Jersey in Book 4674 page 212 and rerecorded in the same Office in Book 4679 page 137, a portion of such partial assignment further assigned by that certain Assignment of Partial Leasehold under Amended and Restated Master Lease dated December 8, 2000 from Jersey Gardens Center LLC to ESA 2653, Inc., recorded in the Office of the County Clerk of Union County, New Jersey in Book 5076 page 285 and as

assigned to BRE/ESA Properties L.L.C. (n/k/a ESH/ESA Properties L.L.C.) pursuant to that certain Assignment of Ground Lease dated as of July 11, 2005.

8.     Each of the Trademark License Agreements, dated as of March 23, 2010, between Homestead Village L.L.C. and HFI Acquisitions Company LLC. as set forth on Tab A of the Plan Supplement shall be assumed by Homestead Village L.L.C. and assigned to IP Borrower.

**<u>Tab C</u>**

Blackline of Restructuring Transactions (against version filed with Update
to Plan Supplement, dated July 15, 2010)

**Restructuring Transactions**

       Pursuant to, under and in accordance with the Plan, the Debtors, NewCo and/or the Reorganized Debtors may, without any further approval of the Bankruptcy Court, effectuate some, all or none of the restructuring transactions listed below.  In addition, on, or as soon as practicable after the Effective Date, the Debtors, NewCo and/or the Reorganized Debtors may, without further order of the Bankruptcy Court or the need to modify the Plan, effectuate other restructuring transactions not listed below that are similar in nature and involve Tier 1 Debtors and/or Tier 2 Debtors, all of which will be effectuated pursuant to, under and in accordance with the Plan (all such transactions, whether explicitly listed below or not, collectively, the "Restructuring Transactions").  If additional material Restructuring Transactions not listed below are to be effectuated, a list thereof shall be filed with the Bankruptcy Court on or before the Effective Date.  All Restructuring Transactions are being taken pursuant to and in accordance with the Plan and shall be implemented pursuant to and in accordance with the Plan and as described herein.  Any and all transfers, mergers, or consolidations contemplated by the Plan, including any and all  Restructuring Transactions taken by the Debtors, NewCo and/or the Reorganized Debtors shall be deemed transfers, mergers and consolidations taken under and pursuant to the Plan, and pursuant to Section 1146(a) of the Bankruptcy Code, the making or delivery of any instrument in connection therewith shall not be taxed under any law imposing any sales and use, stamp, real estate transfer, mortgage recording, or other similar tax.  The Restructuring Transactions are expressly incorporated into the Plan as if set forth in the Plan itself.

       On or following the Effective Date, the Debtors, NewCo and/or the Reorganized Debtors, as the case may be, shall take such actions as may be necessary or appropriate to effect the relevant Restructuring Transactions, including, but not limited to, all of the transactions described in the Plan.  Such actions may include without limitation:  (a) the execution and delivery of appropriate agreements or other documents of merger, consolidation, or reorganization containing terms that are consistent with the terms of the Plan and that satisfy the requirements of applicable law, (b) the execution and delivery of appropriate instruments of transfer, assignment, assumption, guaranty, or delegation of any property, right, liability, duty, or obligation on terms consistent with the terms of the Plan, (c) the filing of appropriate certificates of incorporation, formation, limited partnership, merger, consolidation, dissolution or cancellation with the appropriate governmental authorities under applicable law, and (d) all other actions that such Debtors, Reorganized Debtors and/or NewCo determine are necessary or appropriate, including the making of filings or recordings in connection with the relevant Restructuring Transactions.  Appropriate documentation of such Restructuring Transactions shall be filed with the appropriate governmental authorities as necessary under applicable law, subject to the terms of the Confirmation Order.

       The form of each Restructuring Transaction shall be determined, as necessary, by the Investor, NewCo or the Reorganized Debtors.

       In the event that a Restructuring Transaction is a merger transaction, upon the consummation of such Restructuring Transaction, each party to such merger, other than the

surviving entity, shall cease to exist as a separate ~~corporate~~legal entity and thereafter the surviving Reorganized Debtor shall assume and perform the obligations of each merged Debtor, or Reorganized Debtor, as the case may be, under this Plan and in accordance with applicable law.

In the event that a Debtor or Reorganized Debtor is liquidated, the surviving successor entity (or the entity which owned the stock or other equity of such liquidating entity prior to such liquidation) shall assume and perform the obligations, if any, of such liquidating entity.

Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to such terms in the Plan.

**I.     Formation of new entities, mergers and consolidations**

The following Restructuring Transactions will be undertaken pursuant to and in accordance with the Plan on the Effective Date to implement the provisions of the Plan and shall be deemed to have occurred in the order set forth below:

1.     ESA Acquisition Properties L.L.C., ESA Alaska L.L.C., ESA MN Properties L.L.C., ESA FL Properties L.L.C., ESA PA Properties L.L.C., ESA Properties L.L.C., ESA P Portfolio PA Properties L.L.C., ESA 2005 – San Jose L.L.C., ESA 2005 – Waltham L.L.C., ESA 2005 Portfolio L.L.C., ESA TXGP L.L.C., ESA TX Properties L.P., ESA P Portfolio TXNC GP L.L.C. and ESA P Portfolio TXNC Properties L.P. shall be merged with and into ESA P Portfolio L.L.C., with ESA P Portfolio L.L.C. to be the surviving entity.

2.     ESH/Homestead Portfolio L.L.C., ESH/MSTX GP L.L.C., ESH/MSTX Property L.P., ESH/TXGP L.L.C. and ESH/TX Properties L.P. shall be merged with and into ESH/HV Properties L.L.C. with ESH/ HV Properties L.L.C. to be the surviving entity.

3.     Investor shall form NewCo as a Delaware limited liability company.

4.     NewCo shall form one or more single member Delaware limited liability companies (each, a "Mezzanine Borrower") each as a single purpose, bankruptcy remote entity (an "SPE").  The equity interests in the most structurally subordinate Mezzanine Borrower shall be held directly by NewCo.  The equity interests in the next most structurally subordinate Mezzanine Borrower shall be held directly by the most structurally subordinate Mezzanine Borrower, and so-on in a direct parent-subsidiary chain for each other Mezzanine Borrower.

5.     100% of the ~~equity~~limited liability company interests or stock, as applicable, of ESA P Portfolio L.L.C., ESH/HV Properties L.L.C., ESA MD Beneficiary L.L.C., ESA P Portfolio MD Beneficiary L.L.C., ESA Canada Beneficiary Inc., ESA Canada Trustee Inc., and ESH/TN Member Inc. and 99% of the ~~equity~~limited liability company interests of ESH/TN Properties L.L.C. (collectively, the "New MB Equity"), shall be issued to NewCo and 100% of the ~~equity~~limited liability

company interests or stock, as applicable, of ESA 2007 Operating Lessee Inc., ESA UD Properties L.L.C. and ESA Canada Operating Lessee Inc. (collectively, the "New Non-MB Equity") shall be issued to NewCo, NewCo shall be admitted as a member of, or become a stockholder of, as applicable, each such surviving Tier 1 Debtor and each such surviving Tier 1 Debtor shall be continued without dissolution.

6.  The ~~equity~~limited liability company interests ~~in~~or stock, as applicable, of each of the Tier 2 Debtors (i.e. ESA MD Properties Business Trust, ESA MD Borrower L.L.C., ESA P Portfolio MD Trust, ESA P Portfolio MD Borrower L.L.C, ESA Canada Properties Trust and ESA Canada Properties Borrower L.L.C.) and the ESH/TN Properties Membership Interest shall remain outstanding and unimpaired, shall continue to be owned by the applicable surviving Tier 1 Debtor ~~and~~or Tier 2 Debtor and each of the Tier 2 Debtors shall be continued without dissolution.

7.  The limited liability company agreements, limited partnership agreements, certificates of incorporation, certificates of formation, certificates of limited partnership, bylaws or other organizational documents, as applicable, of the Tier 1 Debtors and the Tier 2 Debtors in effect immediately prior to the Effective Date shall be amended and/or amended and restated, as NewCo deems appropriate, to reflect the transactions contemplated hereunder and in the Plan, or otherwise related thereto including, without limitation, (i) the new ownership (as applicable), (ii) a prohibition on non-voting securities, (iii) the issuance of the New MB Equity and New Non-MB Equity, (iv) the admission of NewCo or its applicable subsidiary as a member or limited partner of, or NewCo or its applicable subsidiary becoming a stockholder of, as applicable, each of the surviving Tier 1 Debtors and (v) the cancellation of the Existing Equity and the Other Existing Equity Interests. ~~Each~~Notwithstanding any provision herein or in the Plan to the contrary, each of the members, partners, stockholders or other interest holders of each of the Tier 1 Debtors and the Tier 2 Debtors, together with their successors and assigns, shall be deemed to hereby consent, such consent to be deemed effective immediately prior to the Effective Date, to any such amendment and/or amendment and restatement.

8.  NewCo shall contribute 100% of the New MB Equity to the most structurally subordinate Mezzanine Borrower, ~~which~~such contributee Mezzanine Borrower shall be admitted as a member of, or become a stockholder of, as applicable, the surviving Tier 1 Debtors, NewCo will cease to be a member or stockholder of the surviving Tier 1 Debtors, and each of the surviving Tier 1 Debtor shall be continued without dissolution, which Mezzanine Borrower in turn will contribute the New ~~Debtor~~MB Equity to the next most structurally subordinate Mezzanine Borrower, such contributee Mezzanine Borrower shall be admitted as a member of, or become a stockholder of, as applicable, the surviving Tier 1 Debtors, the contributor Mezzanine Borrower shall cease to be a member or stockholder of the surviving Tier 1 Debtors, and each surviving Tier 1 Debtor shall be continued without dissolution, and so on down the chain until the New MB Equity is owned

directly by the most structurally senior Mezzanine Borrower. ~~NewCo, or the~~For the avoidance of doubt, following each such contribution, the next most structurally ~~senior~~subordinate Mezzanine Borrower~~,~~ shall be admitted as a member ~~or limited partner~~ of, or become a stockholder of, as applicable, ~~each of~~ the surviving Tier 1 Debtors, the contributor Mezzanine Borrower shall cease to be a member or stockholder of the applicable Tier 1 Debtor, and each of the surviving Tier 1 Debtors shall be continued without dissolution.

9.   The Existing Equity and Other Existing Equity Interests and the certificates that previously evidenced ownership of the Existing Equity and the Other Existing Equity Interests (other than the ESH/TN Properties Membership Interest), shall be cancelled and shall be null and void, the holder(s) thereof shall no longer have any rights in respect of the Existing Equity and the Other Existing Equity Interests (other than the ESH/TN Properties Membership Interest) and shall cease to be a member, partner or stockholder, as applicable, of the applicable surviving Tier 1 Debtors.

10.   Sponsors shall form a single member Delaware limited liability company ("IP LLC").  IP LLC shall form one or more single member Delaware limited liability companies (each, a "Mezzanine IP Borrower"), the number of which is to be determined prior to the Effective Date based upon the amount and structure of any mezzanine financing.  Each Mezzanine IP Borrower shall be formed as an SPE. The most structurally senior Mezzanine IP Borrower shall form a single member Delaware limited liability company ("IP Borrower Holdco").   IP Borrower HoldCo shall be formed as an SPE.  IP Borrower Holdco shall form a single member Delaware limited liability company ("IP Borrower"). IP Borrower shall be formed as an SPE.

11.   ESA 2005 Operating Lessee Inc. and ESA Operating Lessee Inc. shall each be merged with and into ESA P Portfolio Operating Lessee Inc. with ESA P Portfolio Operating Lessee Inc. to be the surviving entity.

An organizational chart of NewCo and the Reorganized Debtors is attached hereto as Exhibit A.

The following chart sets forth each of the mergers and consolidations that are occurring under and pursuant to the Plan.

| Restructuring Debtor | Restructuring Transaction | Surviving Party |
|---|---|---|
| ESA Acquisition Properties L.L.C. | Merges with and into ESA P Portfolio L.L.C. | ESA P Portfolio L.L.C. |
| ESA Alaska L.L.C. | Merges with and into ESA P Portfolio L.L.C. | ESA P Portfolio L.L.C. |

| | | |
|---|---|---|
| ESA MN Properties L.L.C. | Merges with and into ESA P Portfolio L.L.C. | ESA P Portfolio L.L.C. |
| ESA FL Properties L.L.C. | Merges with and into ESA P Portfolio L.L.C. | ESA P Portfolio L.L.C. |
| ESA PA Properties L.L.C. | Merges with and into ESA P Portfolio L.L.C. | ESA P Portfolio L.L.C. |
| ESA Properties L.L.C. | Merges with and into ESA P Portfolio L.L.C. | ESA P Portfolio L.L.C. |
| ESA P Portfolio PA Properties L.L.C. | Merges with and into ESA P Portfolio L.L.C. | ESA P Portfolio L.L.C. |
| ESA 2005-San Jose L.L.C. | Merges with and into ESA P Portfolio L.L.C. | ESA P Portfolio L.L.C. |
| ESA 2005-Waltham L.L.C. | Merges with and into ESA P Portfolio L.L.C. | ESA P Portfolio L.L.C. |
| ESA 2005 Portfolio L.L.C. | Merges with and into ESA P Portfolio L.L.C. | ESA P Portfolio L.L.C. |
| ESA TXGP L.L.C. | Merges with and into ESA P Portfolio L.L.C. | ESA P Portfolio L.L.C. |
| ESA TX Properties L.P. | Merges with and into ESA P Portfolio L.L.C. | ESA P Portfolio L.L.C. |
| ESA P Portfolio TXNC GP L.L.C. | Merges with and into ESA P Portfolio L.L.C. | ESA P Portfolio L.L.C. |
| ESA P Portfolio TXNC Properties L.P. | Merges with and into ESA P Portfolio L.L.C. | ESA P Portfolio L.L.C. |
| ESH/Homestead Portfolio L.L.C. | Merges with and into ESH/ HV Properties L.L.C. | ESH/HV Properties L.L.C. |
| ESH/MSTX GP L.L.C. | Merges with and into ESH/ HV Properties L.L.C. | ESH/HV Properties L.L.C. |
| ESH/MSTX Property L.P. | Merges with and into ESH/ HV Properties L.L.C. | ESH/HV Properties L.L.C. |
| ESH/TXGP L.L.C. | Merges with and into ESH/ HV Properties L.L.C. | ESH/HV Properties L.L.C. |

| ESH/TX Properties L.P. | Merges with and into ESH/HV Properties L.L.C. | ESH/HV Properties L.L.C. |
|---|---|---|
| ESA 2005 Operating Lessee Inc. | Merges with and into ESA P Portfolio Operating Lessee Inc. | ESA P Portfolio Operating Lessee Inc. |
| ESA Operating Lessee Inc. | Merges with and into ESA P Portfolio Operating Lessee Inc. | ESA P Portfolio Operating Lessee Inc. |

## II. **Transfer, Assignment and Designations**

1. Pursuant to and in accordance with the Plan and the BHAC IP Transfer Agreement, IP Borrower shall acquire, as a designee of NewCo, the BHAC IP.  In addition, pursuant to and in accordance with the Plan, all Intellectual Property of Homestead Village L.L.C. shall vest in NewCo and NewCo shall transfer all Intellectual Property of Homestead Village L.L.C that vests in NewCo to IP Borrower.

2. Pursuant to and in accordance with the Plan and the ESI Settlement Agreement, Extended Stay Inc. shall assume and assign to NewCo or its designee (1a) the G&A Expense Reimbursement Agreement, dated as of May 11, 2004, between Extended Stay, Inc. and Homestead Village Management, LLC, as amended by: (ai) First Amendment to G&A Expense Reimbursement Agreement, dated as of October 8, 2004, between Extended Stay Inc. and Homestead Village Management, LLC; and (bii) Second Amendment to G&A Expense Reimbursement Agreement, dated as of May 11, 2005, between Extended Stay Inc. and HVM L.L.C., f/k/a Homestead Village Management, LLC (as amended, the "ESI G&A Agreement") and (2b) the Services Agreement, dated as of January 1, 2006, between Extended Stay, Inc. and HVM L.L.C. (the "ESI Services Agreement").

3. Pursuant to and in accordance with the Plan, Homestead Village L.L.C. shall assume and assign to NewCo or its designee (1a) the G&A Expense Reimbursement Agreement, dated as of May 11, 2004, between Homestead Village L.L.C. and Homestead Village Management, LLC, as amended by: (1i) First Amendment to G&A Expense Reimbursement Agreement, dated as of October 8, 2004, between Homestead Village L.L.C. and Homestead Village Management, LLC; and (2ii) Second Amendment to G&A Expense Reimbursement Agreement, dated as of May 11, 2005, between Homestead Village L.L.C. and HVM L.L.C., f/k/a Homestead Village Management, LLC (as amended, the "Homestead G&A Agreement") and (2b) the Services Agreement,

dated as of January 1, 2006, between Homestead Village L.L.C. and HVM L.L.C. (the "<u>Homestead Services Agreement</u>").

4.      Pursuant to and in accordance with the Plan, ESA TX Properties L.P. shall assume and assign to ESA P Portfolio L.LC. the Ground Lease by and between Claude A. Adams III and Studio Plus Properties, Inc., as ground lessee, dated August 28, 1995, as assigned to BRE/ESA TX Properties L.P. pursuant to that certain Ground Lease Assignment dated as of May 11, 2004.

5.      Pursuant to and in accordance with the Plan, ESH/Homestead Portfolio L.L.C shall assume and assign to ESH/HV Properties L.L.C. the Ground Lease by and between Morelli Enterprises, LP and Boulevard Motel Corp. as ground lessee, dated May 14, 1997, as amended by the Amendment to Ground Lease dated May 14, 1997, the Second Amendment to Ground Lease dated September 29, 1997, the Third Amendment to Purchase Agreement dated November 10, 1997 and the Fourth Amendment of Ground Lease dated as of August 29, 2003, of which a certain Short Form Memorandum, dated January 10, 2001, was recorded in the Recorder's Office of Chester County, Pennsylvania on February 12, 2001 in Book 4895 Page 1908, and that certain Amended Short Form of Memorandum of Lease dated as of June 16, 2003 recorded in the Recorder's Office of Chester County, Pennsylvania, as assigned from Boulevard Motel Corp. to BRE/Homestead Portfolio L.L.C. (n/k/a ESH/Homestead Portfolio L.L.C.) pursuant to that certain Assignment and Assumption of Lease, dated as of June 17, 2003.

6.      Pursuant to and in accordance with the Plan, ESH/Homestead Portfolio L.L.C shall assume and assign to ESH/HV Properties L.L.C. the Ground Lease by and between Meadow Park Associates and Boulevard Motel Corp. dated March 9, 1998 as amended by that certain First Amendment of Lease dated as of May 8, 1998 of which a certain Memorandum of Lease was recorded in the Recorder's Office of Hudson County, New Jersey on November 9, 2000 in Deed Book 5711 Page 295, as assigned from Boulevard Motel Corp. to BRE/Homestead Portfolio L.L.C. (n/k/a ESH/Homestead Portfolio L.L.C.) pursuant to that certain Assignment and Assumption of Lease, dated as of June 16, 2003, as consented to by Meadow Park Associates.

7.      Pursuant to and in accordance with the Plan, ESA Properties L.L.C. shall assume and assign to ESA P Portfolio L.L.C. the Master Lease dated December 5, 1997, by and between Elizabeth Metromall Urban Renewal, Inc. and Elizabeth Metromall LLC as ground lessee, recorded in the Office of the County Clerk of Union County, New Jersey, in Book 4604 page 148, as amended and restated by that certain Amended and Restated Master Lease by and between Elizabeth Metromall Urban Renewal, Inc. and Elizabeth Metromall LLC, dated June 4, 1998, recorded in the Office of the County Clerk of Union County, New Jersey in Book 4674 page 183, as amended by First Amendment to the Amended and Restated Master Lease dated December 8, 2000, as partially assigned by that certain Partial Assignment of Amended and Restated Lease dated June 4, 1998 from Elizabeth Metromall LLC to Jersey Gardens Center LLC, recorded in the

Office of the County Clerk of Union County, New Jersey in Book 4674 page 212 and rerecorded in the same Office in Book 4679 page 137, a portion of such partial assignment further assigned by that certain Assignment of Partial Leasehold under Amended and Restated Master Lease dated December 8, 2000 from Jersey Gardens Center LLC to ESA 2653, Inc., recorded in the Office of the County Clerk of Union County, New Jersey in Book 5076 page 285 and as assigned to BRE/ESA Properties L.L.C. (n/k/a ESH/ESA Properties L.L.C.) pursuant to that certain Assignment of Ground Lease dated as of July 11, 2005.

8.    Each of the Trademark License Agreements, dated as of March 23, 2010, between Homestead Village L.L.C. and HFI Acquisitions Company LLC. as set forth on Tab A of the Plan Supplement shall be assumed by Homestead Village L.L.C. and assigned to IP Borrower.

7759911