UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
: Chapter 11 Case No.
In re :
: 09-13764 (JMP)
EXTENDED STAY, INC., et al., :
: (Jointly Administered)
Debtors. :
------------------------------------------------------------ x

**ORDER PURSUANT TO BANKRUPTCY
RULE 9019 APPROVING A SETTLEMENT AGREEMENT
BETWEEN EXTENDED STAY INC. AND REMAINING DEBTORS**

Upon the motion, dated June 30, 2010 (the "Motion"),[1] of Extended Stay Inc. ("ESI") and its debtor affiliates, as debtors and debtors in possession in the above-referenced chapter 11 cases (collectively, the "Debtors"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for approval of a settlement agreement (the "ESI Settlement") among ESI, its Debtor affiliates and certain other parties, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered July 17, 2009 governing case management and administrative procedures [Docket No. 176] to (i) the U.S. Trustee, (ii) the attorneys for the Creditors' Committee, (iii) all of the parties to the ESI

---

[1] Unless otherwise defined, capitalized terms shall have the meanings ascribed to such terms in the Motion.

Settlement, and (iv) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion, and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, the Debtors' execution of the ESI Settlement is approved; and it is further

ORDERED that ESI and its Debtor affiliates are authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the ESI Settlement and to perform any and all obligations contemplated therein; and it is further

ORDERED that on or before the Effective Date of the Plan, ESI will assume and assign the G&A Agreement and the Services Agreement to NewCo or its designee pursuant to sections 365(a) and (f) of the Bankruptcy Code; and it is further

ORDERED the winding down of the ESI estate shall be through a liquidating plan or another arrangement agreed to by ESI, the Special Servicer (subject to the consent of the Operating Advisor) and the Creditors' Committee.  The terms of any orders entered in connection with such wind-down shall be consistent with the terms of this Agreement and the Litigation Trust Agreement; and it is further

3

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that the ESI Settlement represents a fair, prudent and reasonable compromise of the controversies resolved therein and is in the best interests of the Debtors' estates and ESI's estate, and their respective creditors; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
      July 20, 2010

                                          *s/ James M. Peck*
                                          Honorable James M. Peck
                                          United States Bankruptcy Judge