UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
: 
In re:                                              : Chapter 11
                                                    : 
Extended Stay, Inc., *et al.*,                      : Case No. 09-13764(JMP)
                                                    : 
        Debtors.                           : (Jointly Administered)
                                                    : 
---------------------------------------------------------------x

## ORDER AND STIPULATION AMONG CITIGROUP GLOBAL MARKETS, INC. AND THE EXAMINER

This stipulation (the "Stipulation") is entered into between Citigroup global Markets, Inc. ("Citigroup"), on the one hand, and Ralph R. Mabey, Esq. ("Examiner"), in his capacity as Examiner (as defined below), on the other hand, by and through their undersigned counsel.

### RECITALS

A. On June 15, 2009 (the "Petition Date"), Extended stay, Inc. and its affiliated debtors in the above-captioned bankruptcy cases (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administrered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procdure. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. On July 30, 2009, the Office of the United States Trustee filed its motion for the appointment of an examiner pursuant to section 1104(c) of the Bankruptcy Code [Docket

No. 219] (the "Examiner Motion").  The Examiner Motion sought the appointment of an examiner to conduct an invetigation pursuant to section 1106(b) of the Bankruptcy Code.

        C.      On Setember 24, 2009, this Court entered the Order Directing Appointment of An Examiner [Docket No. 311] granting the Examiner Motion and directing the appointment of an examiner to conduct an investigation regarding : (i) the structure, negotitaion and closing of the Acquisition (as defined in the Examiner Motion), (ii) the financial circumstances that led to the filing of the Debtors' chapter 11 cases, and (iii) whether the Debtors' estates have any claims against any person with respect to items (i) and (ii) (collectively, the "Investigation").

        D.      On September 28, 2009, the Office of the United States Trustee appointed Ralph R. Mabey as Examiner in the Debtors' bankruptcy cases, and filed its notice [Docket No. 312] of such appointment, and application [Docket No. 313] for an order of this Court approving the appointment of Ralph R. Mabey as Examiner in the Debtors' bankruptcy cases.  On September 29, 2009, the Court entered its Order Approving Appointment of Examiner [Docket No. 455].

        E.      Citigroup and the Examiner (collectively, the "Parties") wish to coordinate and cooperate with each other in an effort to assist with the Investigation and minimize the expenditure of time and costs.  Therefore, the Parties have entered into this Stipulation and agree to be bound by its terms.

        NOW THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND UPON COURT APPROVAL HEREOF, IT IS ORDERED THAT:

        1.      Documents and/or information that the Examiner may request from Citigroup may be subject to a privilege, right, or immunity Citigroup or other parties may be entitled to claim or invoke, including, without limitation, on the grounds that the information is confidential and proprietary business information (collectively, the "Shared Information").  This Stipulation does not create any obligation or duty on behalf of Citigroup to provide the Shared

information to the Examiner and the provision of any Shared Information is voluntary. Except as expressly provided herein, the Examiner may use the Shared Information in connection with the Investigation.

2. By entering into this Stipulation or by any action or conduct pursuant to this Stipulation, including but not limited to, Citigroup's provision of Shared Information to the Examiner, neither the Parties, nor their respective professionals, intend to, or shall, waive, in whole or part, the attorney-client privilege, the work-product doctrine or any other privilege, right or immunity they may be entitled to claim or invoke, including, without limitation, on the grounds that the information is confidential and proprietary business information, with respect to any Shared Information or otherwise. The Parties agree that with respect to any inadvertent production to the Examiner by Citigroup of information non-responsive to the Examiner's requests that may otherwise be subject to a privilege, right, or immunity, such privilege, right, or immunity shall not be deemed waived. Rather, upon receipt of written notification from Citigroup or its counsel, the Examiner shall promptly return such non-responsive information to Citigroup or its counsel, and destroy all retained copies of same, whether in hard copy or electronic form.

3. The Examiner shall hold all Shared Information in strict confidence. The Examiner agrees that he will not provide or discuss any Shared Information with any other person or entity (including governmental units) except as required by applicable law, regulation, or legal process, and only after compliance with the terms of this Stipulation, provided, however, that Shared Information may be provided to (a) accountants, attorneys, experts, consultants, staff, and agents of the Examiner (it being understood that such parties shall be required to treat Shared Information as provided in this Stipulation), and (b) any person or entity authorized by Citigroup in writing to receive Shared Information. Nothing in this Stipulation shall prohibit the Examiner or his professionals from using or disclosing in any manner any non-privileged factual information contained within the Shared Information provided that it does not constitute confidential and proprietary business information or reflect legal analysis or attorney work

product, and the Examiner and his professionals need not comply with the procedures in paragraphs 5 or 6 hereof concerning such information.

4. Except as otherwise provided herein, in the event that the Examiner received a request or is required (whether by law, oral questions, government action, interrogatories, requests for information or documents, subpoena, civil investigative demand or similar process) to provide or produce any Shared Information, the Examiner shall provide notice to counsel to Citigroup within three (3) business days of receipt of any such request and Citigroup shall, in turn, indicate in writing to the Examiner whether they have an objection to such production or provision of any Shared Information within five (5) business days of receipt of such notice. The Examiner shall not produce of provide any Shared Information until the objections of Citigroup to the production or provision of any Shared Information, if any, is finally resolved by the Bankruptcy Court pursuant to paragraph 5 of this Stipulation. If no timely objection is asserted by Citigroup, the Examiner may, in his sole discretion, produce or provide the Shared Information in accordance with the request.

5. If the Examiner desires to share Shared Information with any persons or entities (including governmental units) not authorized to receive Shared Information pursuant to this Stipulation (whether through any oral or written report by the Examiner, witness interview, deposition, or examination under Federal Rule of Bankruptcy Procedure 2004), the Examiner must either (i) obtain the advance, written consent of Citigroup or its counsel, or (ii) file an application with the Bankruptcy Court, in camera, to request authorization to produce, share or otherwise provide any of the Shared Information with a party not covered by this Stipulation. Citigroup shall have ten (10) business days to either consent to the disclosure of Shared Information or oppose the Examiner's application.

6. If the Examiner wishes to disclose Shared Information that he contends is available publicly, available through discovery (except for privileged information or Shared Information otherwise immune from discovery), including Federal Rule of Bankruptcy Procedure 2004, or that has been disclosed publicly, but not in violation of this Stipulation

(collectively, "Public Information"), the Examiner will provide written notice to Citigroup that (i) identifies the Shared Information the Examiner contends is Public information, and (ii) describes how the Shared Information is Public Information.  If Citigroup objects to the Examiner's contention that such Shared Information is Public Information, Citigroup shall have ten (10) business days to seek relief from the Bankruptcy Court.  The Examiner shall not disclose the Shared Information that he contends is Public Information with any persons or entities (including governmental units) until the Bankruptcy Court resolves Citigroup's objection.

7. The Disclosure by the Examiner of any Shared Information, whether by consent of Citigroup, by Bankruptcy Court order, or by the Examiner in violation of this Stipulation shall not affect the privileged protection of such disclosed Shared Information with respect to any person or entity and shall not affect the privileged protection of any other Shared Information.

8. Any violation of the terms of this Stipulation by the Examiner shall constitute sufficient cause for Citigroup to immediately cease providing the Examiner any Shared Information and to demand the return of all Shared Information within five (5) business days.  Furthermore, any third party that has received Shared information from the Examiner other than in compliance with this Stipulation, whether inadvertent or not, shall, upon learning that any documents or materials are Shared Information, immediately return all Shared Information to Citigroup no later than two (2) calendar days from receipt of a request for the return of the Shared Information by Citigroup or the Examiner.

9. Nothing in this Stipulation is intended to expand or limit the rights, responsibilities, and powers of Citigroup and/or the Examiner.

10. This Stipulation shall be binding on the Parties from the date of its execution.

11. The Parties represent and warrant to each other that the signatories to this Stipulation have full power and authority to enter into this Stipulation.

12. This Stipulation may not be changed, modified, or amended except in a writing signed by the Parties and/or their counsel.

13. The Parties agree that any dispute regarding this Stipulation shall be subject to the exclusive jurisdiction and venue of the Bankruptcy Court.

14. This Stipulation shall be governed by the laws of New York without regard to conflicts of law principles. If any provision of this Stipulation is determined by a court of competent jurisdiction to be invalid or enforceable, the remainder of this Stipulation shall nonetheless remain in full force and effect.

15. This Stipulation may be executed in any number of counterparts and shall constitute one agreement, binding upon the Parties hereto as if the Parties signed the same document; all facsimile signatures shall be treated as original for all purposes.

| | |
|---|---|
| Dated: February 25, 2010<br>New York, New York | Dated: March 24, 2010<br>New York, New York |
| By: /s/ Joellen R. Valentine<br>Citigroup Global Markets, Inc.<br>388 Greenwich street 17th Floor<br>New York, New York 10013<br>Telephone: (212) 816-4002<br>Facsimile: (646) 291-5634 | By: /s/ Margreta M. Morgulas<br>STUTMAN, TREISTER & GLATT<br>PROFESSIONAL CORPORATION<br>1901 Avenue of the Stars, 12th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 228-5600<br>Facsimile: (310) 228-5788<br><br>Counsel to the Examiner |

**SO ORDERED:**

Dated: New York, New York
October 25, 2010

*s/ James M. Peck*
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE