MILLER THOMSON LLP
Scotia Plaza
40 King Street West, Suite 5800
P.O. Box 1011
Toronto, ON Canada M5H 3S1
Direct Telephone: 416.595.8522
Facsimile: 416.595.8695
Max Maréchaux

Ordinary Course Professional
for Debtors and Debtors
in Possession

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

| | |
|---|---|
| **In re** | **Chapter 11 Case No.** |
| **EXTENDED STAY INC., et al.,** | **09-13764 (JMP)** |
| **Debtors.** | **(Jointly Administered)** |

-------------------------------------------------------------------x

## SUMMARY SHEETS PURSUANT TO UNITED STATES TRUSTEE
## GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION
## AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330

### SECOND FEE APPLICATION

NAME OF APPLICANT: Miller Thomson LLP

TIME PERIOD: August 30, 2010 through and including October 8, 2010[1]
ROLE IN THE CASE: Ordinary Course Professional (Canadian Lawyers)

CURRENT APPLICATION:

| | | |
|---|---|---|
| | Total Fees Requested: | CDN $121,546.76/ USD $117,698.03 |
| | Total Expenses Requested: | CDN $57,716.99/ USD $55,889.41 |

---

[1] The Second Fee Application generally covers the monthly period of September 2010 and the period of October 1, 2010 through and including October 8, 2010. However, due to ordinary billing practices, certain time entries for services rendered prior to September and October were not billed until September and October. Such amounts, including time entries for August 30, 2010, have been included in the Second Fee Application. There are no amounts included in the Second Fee Application that have been previously requested in prior fee applications.

PRIOR APPLICATION:        June 29, 2010 through
and including September
8, 2010

        Total Fees Requested:        CDN $128,075.16/
USD $124,019.72

        Total Expenses Requested:        CDN $687.03/
USD $665.28

| COMPENSATION BY PROFESSIONAL AUGUST 30, 2010 TO OCTOBER 8, 2010 | | | | |
| --- | --- | --- | --- | --- |
| **Name of Professional Person** | **Area of Expertise and Year Called To the Bar** | **Hourly Billing Rate (CDN $/USD $)** | **Total Billed Hours** | **Total Compensation (CDN $/USD $)** |
| Maréchaux, Max | Real Estate – 1976 (Partner) | $740.00/$716.57 $760.00/$735.93 | .5 18.6 | $370.00/$358.28 $14,136.00/$13,688.39 |
| Marin, Joseph | Bankruptcy and Insolvency and Financial Services – 1977 (Partner) | 725.00/$702.04 | 100.20 | $72,645.00/$70,344.73 |
| Shell, Michael | Litigation – 1981 (Partner) | $700.00/$677.83 | 12.25 | $8,575.00/$8,303.48 |
| Nowakowski, Andre | Employment – 2000 (Partner) | $470.00/$455.12 | .50 | $235.00/$227.56 |
| Campbell, John | Tax – 1983 (Partner) | $875.00/$847.29 | 8.16 | $7,140.00/$6,913.91 |
| Gaulin, Lyne | Tax – 1998 (Partner) | $710.00/687.52 | 3.70 | $2,627.00/$2,543.82 |
| Xilinas, Katherine | Tax – 1999 (Partner) | $540.00/$522.90 | .10 | $54.00/$52.29 |
| Fraser, James | Tax – 2007 (Associate) | $355.00/$343.76 | 3.0 | $1,065.00/$1,031.28 |
| Jordao, Ana | Real Estate (Clerk) | $265.00/$256.61 | .70 | $185.50/$179.63 |

| Quistini, Elsa | Corporate Compliance Law (Clerk) | $165.00/$159.78 $321.43/$311.25 | .8 .7 | $132.00/$127.82 $225.00/$217.88 |
| Smikle, Vanessa | Corporate Law (Clerk) | $18.18/$17.60 | 1.65 | $30.00/$29.05 |
| Martino, Chiara | Litigation (Clerk) | $160.00/$154.93 | .50 | $80.00/$77.47 |
| Gilchrist, Debra | Corporate (Legal Assistant) | $160.00/$154.93 | .40 | $64.00/$61.97 |

| Professionals Totals: | Blended Rate (CDN $/USD $) | Total Hours Billed | Total Compensation (CDN $/USD $) |
| --- | --- | --- | --- |
| Partners | $734.55/$711.29 | 144.01 | $105,782.00/$102,432.46 |
| Associates | $355.00/$343.76 | 3.0 | $1,065.00/$1,031.28 |
| Paralegals | $150.84/$146.06 | 4.75 | $716.50/$693.81 |
| **Total Fees Incurred** | | **151.76** | **$107,563.50/$104,157.55** |
| **Blended Lawyer Rate** | **$726.80/$703.79** | | |
| **Harmonized Sales Tax** | | | **$13,983.26/$13,540.49** |
| **Grand Total Fees Requested (CDN $)** | | **151.76** | **$121,546.76** |
| **Grand Total Fees Requested (USD $)** | | **151.76** | **$117,698.03** |

| EXPENSE SUMMARY<br>AUGUST 30, 2010 TO OCTOBER 8, 2010 | |
|---|---|
| **EXPENSES** | **AMOUNTS<br>(CDN $/USD $)** |
| Duplicating | $133.40/$129.18 |
| Long Distance Telephone Calls | $154.03/$149.15 |
| Personal Property Security Act Registrations | $81.70/$79.11 |
| Personal Property Security Act Searches | $40.00/$38.73 |
| Mileage and Parking | $5.31/$5.14 |
| Secretarial Services | $610.71/$591.37 |
| Agent's Fees and Disbursements (Stewart McKelvey) | $56,558.58/$54,767.68 |
| **Harmonized Sales Tax** | **$133.26/$129.04** |
| **Total Expense Requested (CDN $)** | **$57,716.99** |
| **Total Expense Requested (USD $)** | **$55,889.41** |

DATED:    October 28, 2010
Toronto, Ontario, Canada

Max Maréchaux
MILLER THOMSON LLP
Scotia Plaza
40 King Street West, Suite 5800
P.O. Box 1011
Toronto, ON Canada M5H 3S1
Direct Telephone: 416.595.8522
Facsimile: 416.595.8695

Canadian Lawyers for Debtors
and Debtors in Possession

MILLER THOMSON LLP
Scotia Plaza
40 King Street West, Suite 5800
P.O. Box 1011
Toronto, ON Canada M5H 3S1
Direct Telephone: 416.595.8522
Facsimile: 416.595.8695
Max Maréchaux

Ordinary Course Professional
for Debtors and Debtors
in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | |
|---|---|
| **In re** | **Chapter 11 Case No.** |
| **EXTENDED STAY INC., <u>et al.</u>,** | **09-13764 (JMP)** |
| **Debtors.** | **(Jointly Administered)** |

-------------------------------------------------------------------x

**SECOND FEE APPLICATION OF**
**MILLER THOMSON LLP, ORDINARY COURSE**
**PROFESSIONAL FOR THE DEBTORS, FOR FEES AND**
**EXPENSES FOR THE PERIOD OF AUGUST 30, 2010 TO OCTOBER 8, 2010[1]**

TO THE HONOURABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

        Miller Thomson LLP ("**MT**"), Canadian lawyers for Extended Stay Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), hereby files this application (the "**Application**") and respectfully represents as follows:

**Preliminary Statement**

1.     MT requests, pursuant to sections 330 and 331 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure, the allowance of compensation for professional services

---

[1] The Second Fee Application generally covers the monthly period of September 2010 and the period of October 1, 2010 through and including October 8, 2010. However, due to ordinary billing practices, certain time entries for services rendered prior to September and October were not billed until September and October. Such amounts, including time entries for August 30, 2010, have been included in the Second Fee Application. There are no amounts included in the Second Fee Application that have been previously requested in prior fee applications.

performed by MT for the period of August 30, 2010 to October 8, 2010 (the "**Compensation Period**"), and for reimbursement of its actual and necessary expenses incurred during the Compensation Period.

## The Retention of MT

2.    On July 20, 2009, the Debtors filed their Application pursuant to Sections 105(a), 327 and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business.

3.    By Order of this Court dated August 13, 2009 (the "**Retention Order**"), the Debtors were authorized to retain MT and other ordinary course professionals to render services in connection with the Debtors' Chapter 11 cases (the "**Chapter 11 Cases**"). The Retention Order authorized the Debtors to employ, *nunc pro tunc* to June 15, 2009, the commencement date for the Chapter 11 Cases, the firm of MT.

4.    Under the terms of the Retention Order, MT was required to provide the Debtors' attorneys within thirty (30) days of the later of (i) the entry of the Retention Order and (ii) the date on which MT commenced services for the Debtors, the Ordinary Course Professional Affidavit and the Retention Questionnaire substantially in the forms annexed to the Retention Order as Exhibits 2 and 3.

5.    MT completed the Ordinary Course Professional Affidavit and the Retention Questionnaire and provided each to the Debtors' attorneys on September 9, 2009. The Ordinary Course Professional Affidavit and the Retention Questionnaire were filed with the Court on September 15, 2009.

6.    Under the terms of the Retention Order, MT is required to file a Fee Application for the full amount of its fees and expenses for each month in which MT seeks more than $50,000 as compensation for its professional services and for reimbursement of its actual and necessary expenses incurred in that month.

7.    MT has been engaged as counsel to the Debtors since June, 2005, and has provided services for the Debtors since the commencement date for the Chapter 11 Cases.

8.    The Compensation Period is the second monthly period in the course of the Chapter 11 Cases that the compensation and reimbursement of expenses for MT exceeds the sum of $50,000.

## Summary of Services Performed
## by MT During the Compensation Period

9.    MT had been requested to provide legal services to the Debtors in the Compensation Period in the ordinary course related to advice in the following areas:

(a)    litigation advice (specifically related to a construction lien action commenced in Ontario prior to the commencement of the Chapter 11 Cases, in which action a lien had been registered against the title to one of the Debtors' properties in the Province of Ontario (the "**Lien Action**");

(b)    general corporate advice;

(c)    employment advice;

(d)    real estate advice; and

(e)    tax advice.

10.    MT had also been requested by the Debtors, in the course of the negotiation by the Debtors of an investment agreement (the "**Investment Agreement**"), with CP ESH Investors, LLC (the "**Investor**"), to provide legal advise on the requirements under Canadian law to implement the conditions for completion of the investment and sale under the Investment Agreement.

11.    Following the auction conducted in the Chapter 11 Cases and the confirmation by Order made by this Court on July 20, 2010 of the Fifth Amended Joint Plan of Reorganization, as amended (the "**Plan**") of the Debtors (the "**Bankruptcy Court Plan Confirmation Order**"), MT was requested by the Debtors to provide legal services to the Debtors to assist the Debtors in satisfying the condition in the Investment Agreement that the assets necessary to operate the Plan Debtors' business in Canada be free and clear of all claims, liens, encumbrances, charges and other interests.

12.    The Debtors hotels in Canada are located in Vaughan and in Ottawa, Ontario (the "**Ontario Properties**") and in St. John's, Newfoundland and Labrador (the "**Newfoundland and Labrador Property**").

13.    The provision of these legal services required that MT coordinate with (a) the Debtors, (b) the Debtors' attorneys; and (c) the original and successor trustees under a trust and servicing agreement governing a trust administering interests in the mortgage loan (the "**Mortgage Loan**") of the Debtors and their attorneys, to prepare and coordinate the following:

(a)    the assignments of real and personal property security registrations in the Provinces of Ontario and in Newfoundland and Labrador from the original lenders under the mortgage facility to the original and successor trustees under the trust and servicing agreement; and

(b)    the discharges of real and personal property security registrations in the Provinces of Ontario and Newfoundland and Labrador from the successor trustee under the trust and servicing agreement (and other registered encumbrancers) on the completion of the investment and sale under the Investment Agreement.

14.    In order to facilitate the discharge of Canadian security registrations, MT was engaged by the Debtors to:

(a)    assist the Debtors in preparing an application to this Court authorizing ESA Canada Trustee Inc., one of the Debtors, to act as the foreign representative of the Debtors and of the Debtors' estates in Canada;

(b)    prepare, with the assistance of agents retained by MT in Newfoundland and Labrador, an application for an order under the *Companies' Creditors Arrangement Act* (Canada) (the "**CCAA**") (the "**CCAA Recognition Application**") among other things, recognizing and enforcing the Bankruptcy Court Plan Confirmation Order and releasing and discharging certain interests in the Newfoundland and Labrador Property. The CCAA Recognition Application was brought before The Supreme Court of Newfoundland and Labrador Trial Division (the "**NL Court**");

(c)    negotiate a settlement of the Lien Action in respect of one of the Ontario Properties; and

(d)    facilitate the Debtors in the closing of the investment and sale under the Investment Agreement.

### Summary of Professional Compensation and Reimbursement of Expenses Requested

15.    MT maintains computerized records of the time spent by all MT lawyers and paralegals in connection with the provision of legal services to the Debtors.

16.    Professional services performed by MT on behalf of the Debtors during the Compensation Period required an aggregate expenditure of 175.12 recorded hours by MT's partners, associates and paralegals. During the Compensation Period, MT's hourly billing rates for partners, associates and paralegals were in the range of CDN $18.18/USD $17.60 to CDN $875.00/USD $847.29 per hour, summarized as follows:

| COMPENSATION BY PROFESSIONAL AUGUST 30, 2010 TO OCTOBER 8, 2010 | | | | |
|---|---|---|---|---|
| **Name of Professional Person** | **Area of Expertise and Year Called To the Bar** | **Hourly Billing Rate (CDN $/USD $)** | **Total Billed Hours** | **Total Compensation (CDN $/USD $)** |
| Maréchaux, Max | Real Estate – 1976 (Partner) | $740.00/$716.57<br>$760.00/$735.93 | .5<br>18.6 | $370.00/$358.28<br>$14,136.00/$13,688.39 |
| Marin, Joseph | Bankruptcy and Insolvency and Financial Services – 1977 (Partner) | 725.00/$702.04 | 100.20 | $72,645.00/$70,344.73 |
| Shell, Michael | Litigation – 1981 (Partner) | $700.00/$677.83 | 12.25 | $8,575.00/$8,303.48 |
| Nowakowski, Andre | Employment – 2000 (Partner) | $470.00/$455.12 | .50 | $235.00/$227.56 |

| Campbell, John | Tax – 1983 (Partner) | $875.00/$847.29 | 8.16 | $7,140.00/$6,913.91 |
|---|---|---|---|---|
| Gaulin, Lyne | Tax – 1998 (Partner) | $710.00/687.52 | 3.70 | $2,627.00/$2,543.82 |
| Xilinas, Katherine | Tax – 1999 (Partner) | $540.00/$522.90 | .10 | $54.00/$52.29 |
| Fraser, James | Tax – 2007 (Associate) | $355.00/$343.76 | 3.0 | $1,065.00/$1,031.28 |
| Jordao, Ana | Real Estate (Clerk) | $265.00/$256.61 | .70 | $185.50/$179.63 |
| Quistini, Elsa | Corporate Compliance Law (Clerk) | $165.00/$159.78 $321.43/$311.25 | .8 .7 | $132.00/$127.82 $225.00/$217.88 |
| Smikle, Vanessa | Corporate Law (Clerk) | $18.18/$17.60 | 1.65 | $30.00/$29.05 |
| Martino, Chiara | Litigation (Clerk) | $160.00/$154.93 | .50 | $80.00/$77.47 |
| Gilchrist, Debra | Corporate (Legal Assistant) | $160.00/$154.93 | .40 | $64.00/$61.97 |

17. The CCAA Recognition Application required a great amount of time. While applications of this nature have been brought before other Courts in Canada, such an application has not, to the knowledge of MT, ever been made to the NL Court. For that reason, it was necessary to provide the NL Court was a great deal of background information concerning the Chapter 11 Cases since the hearings on September 15, 2010 and September 24, 2010 were the first appearances before a Canadian Court since the commencement of the Chapter 11 Cases. For that reason, it was necessary to utilize the services of an insolvency and bankruptcy partner in MT with familiarity with applications of this nature in proceedings brought in other jurisdictions in Canada.

18. Similarly, because of the familiarity of Max Maréchaux, a partner of MT, with real property security registrations in the Provinces of Ontario and Newfoundland and Labrador from his initial involvement in the structuring of the Mortgage Loan in Canada, it was necessary that he expend the majority of time in real property matters for MT in providing the legal services to the Debtors relating to the Ontario Properties and the Newfoundland and Labrador Property.

19. Professional services performed by MT on behalf of the Debtors during the Compensation Period required an aggregate expenditure of 151.76 recorded hours of MT's partners, associates and paralegals of the aggregate time expended, 144.01 recorded

hours were expended by partners, 3.0 recorded hours were expended by associates and 4.75 hours were expended by paralegals of MT.

20. During the Compensation Period, MT's hourly billing rates for lawyers ranged from CDN $355.00/USD $343.76 to CDN $875.00/USD $847.29 per hour. Allowance of compensation in the amount requested would result in a blended hourly rate for lawyers of approximately CDN $726.80/USD $703.79 (based on 147.01 recorded partners and associates hours at MT's regular billing rates in effect at the time of the performance of services).

### Actual and Necessary Disbursements

21. As set out in the accounts of MT dated September 17, 2010 filed contemporaneously with this Application, MT disbursed CDN $57,583.73/USD $55,760.37 as expenses incurred in providing professional services during the Compensation Period. Reimbursement expenses include duplication charges, long distance telephone charges, personal property security search fees, personal property security registration fees, mileage and parking, secretarial services and agents' fees and disbursements.

22. While MT has offices in most Provinces in Canada, MT (like all other Toronto, Ontario law firms) does not maintain an office in the Province of Newfoundland and Labrador. In order for MT to provide the services described in respect of the CCAA Recognition Application and the assignment and discharge of real property registrations in that Province, it was necessary for MT to retain the services of Stewart McKelvey LLP ("**SM**") as its agent. SM had acted, prior to the commencement of the Chapter 11 Cases, as Canadian legal counsel to the Debtors for matters related to the Debtors' business in the Province of Newfoundland and Labrador (including the Mortgage Loan) and SM was retained by MT with the Debtors' consent. During the Compensation Period, SM rendered accounts to MT in the aggregate amount of CDN $56,558.58/USD $54,767.68 for these services rendered in the period of July 11, 2010 to October 8, 2010.

23. MT's disbursement policies charge all out of pocket expenses at actual cost or an estimated actual cost for duplication charges at the rate of CDN $0.25/USD $0.24 per page because the actual cost is difficult to determine.

### The Requested Compensation Should be Allowed

24. MT respectfully submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the Debtors' orderly administration of their estates and the implementation of the investment and sale under the Investment Agreement and the Plan.

25. The services performed were rendered by members of the Employment Department, tax Department, Corporate Department, Litigation Department, Bankruptcy, Insolvency and Financial Services Department and the Real Estate Department of MT, and the fees charged by MT have been billed in accordance with MT's existing billing rates and procedures in effect during the Compensation Period. The rates MT charges for the services rendered by its lawyers and paralegals in the Chapter 11 Cases are the same rates that MT also charges for legal and paralegal services rendered in comparable

nonbankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in Toronto, Ontario, Canada.

### Reservation of Rights

26. To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period but were not processed prior to the preparation of this Application, MT reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

WHEREFORE MT respectfully requests (i) allowance of compensation for professional services rendered during the Compensation Period in the amount of CDN $107,563.50/USD $104,157.54 (plus harmonized sales tax of CDN $13,983.26/USD $13,540.49) and expense reimbursement in the amount of CDN $57,583.73/USD $55,760.37 (plus harmonized sales tax of CDN $133.26/USD $129.04); and (ii) a determination that the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to MT's right to seek additional compensation for services performed and expenses incurred during the Compensation Period.

DATED:    October 28, 2010
              Toronto, Ontario Canada

Max Maréchaux
MILLER THOMSON LLP
Scotia Plaza
40 King Street West, Suite 5800
P.O. Box 1011
Toronto, ON Canada M5H 3S1
Direct Telephone: 416.595.8522
Facsimile: 416.595.8695

Ordinary Course Professional for Debtors
and Debtors in Possession

MILLER THOMSON LLP
Scotia Plaza
40 King Street West, Suite 5800
P.O. Box 1011
Toronto, ON Canada M5H 3S1
Direct Telephone: 416.595.8522
Facsimile: 416.595.8695
Max Maréchaux

Ordinary Course Professional
for Debtors and Debtors
in Possession

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

| | |
|---|---|
| **In re** | **Chapter 11 Case No.** |
| **EXTENDED STAY INC., <u>et al.</u>,** | **09-13764 (JMP)** |
| **Debtors.** | **(Jointly Administered)** |

-------------------------------------------------------------------x

## CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF THE SECOND APPLICATION OF MILLER THOMSON LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

I, Max Maréchaux, hereby certify that:

1.      I am a partner with the applicant firm, Miller Thomson LLP ("**MT**"), with responsibility for the retainer of MT as an ordinary course professional for the Chapter 11 cases of Extended Stay Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**").

2.      In accordance with the guidelines established by the Office of the United States Trustee (the "**UST Guidelines**"), the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on November 25, 2009 (the "**Local Guidelines**"), and Order Pursuant to Sections 105(a), 327 and 330 of the Bankruptcy Code for Authorization of the Debtors to Employ Professionals Utilized in the Ordinary Course of Business (the "**Retention Order**"), and together with the Local Guidelines and the UST Guidelines, the "**Guidelines**"), this certification is made with respect to MT's application, dated October 27, 2010 (the "**Application**"), for compensation and reimbursement of expenses for the period from August 30, 2010 through and including October 8, 2010.

5351939.3

3.   In respect of section A.1 of the Local Guidelines, I certify that:

(a)   I have read the Application;

(b)   to the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines and the UST Guidelines;

(c)   the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by MT and generally accepted by MT's clients; and

(d)   in providing a reimbursable service, MT does not make a profit on that service, whether the service is performed by MT inhouse or through a third party.

4.   In accordance with section A.2 of the Local Guidelines and as required by the Retention Order, I certify that MT will have complied with those provisions requiring it to provide the Debtors and any official committee appointed in these cases with a statement of MT's fees and disbursements accrued during the applicable Compensation Period of August 30, 2010 to October 8, 2010. As an ordinary course professional, MT was not required under the Retention Order to provide a statement of MT's fees and disbursements accrued during any prior monthly period, other than the period of June 29, 2010 through and including September 8, 2010.

5.   In respect of section A.3 of the Local Guidelines, I certify that the Debtors, the Office of the United States Trustee for the Southern District of New York, attorneys for the official committee of unsecured creditors, and attorneys for CWCapital Asset Management and U.S. Bank National Association, as successor in interest to Wells Fargo Bank, N.A., are each being provided with a copy of the Application.

DATED:   October 28, 2010
         Toronto, Ontario, Canada

_____
Max Maréchaux
MILLER THOMSON LLP
Scotia Plaza
40 King Street West, Suite 5800
P.O. Box 1011
Toronto, ON Canada M5H 3S1
Direct Telephone: 416.595.8522
Facsimile: 416.595.8695

Canadian Lawyers for Debtors
and Debtors in Possession