HAHN & HESSEN LLP
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400
Mark T. Power
Christopher A. Jarvinen

Attorneys for the Litigation Trustee

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
**In re** : Chapter 11 Case No.
: 
**EXTENDED STAY INC., et al.,** : 09-13764 (JMP)
: 
Debtors. : (Jointly Administered)
: 
------------------------------------------------------------x

**LITIGATION TRUSTEE'S MOTION PURSUANT TO (A) BANKRUPTCY
RULE 9006(b), (B) SECTION 105(a) OF THE BANKRUPTCY CODE,
(C) THE CONFIRMATION ORDER AND (D) THE FIRST EXTENSION
ORDER, FOR AN ADDITIONAL EXTENSION OF TIME
FOR THE OBJECTING PARTIES TO FILE CERTAIN CLAIMS OBJECTIONS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Walker, Truesdell, Roth & Associates (Attn: Hobart G. Truesdell), in its capacity as the trustee (the "Litigation Trustee") for the Extended Stay Litigation Trust (the "Litigation Trust"), hereby moves (the "Motion") for an additional period of time of 179-days, to and including September 2, 2011, for (i) the Litigation Trustee to file objections with respect to certain General Unsecured Claims[1] and Mezzanine Facilities Claims and (ii) Newco or the Reorganized Debtors (together, the Litigation Trustee, Newco and the Reorganized Debtors,

---

[1] All capitalized terms not defined herein shall have the same meaning ascribed to them in the Plan (as defined herein).

collectively, the Objecting Parties") to file objections to the claims for which they are responsible for payment as provided in the Plan (defined herein).  In support of this Motion, the Litigation Trustee respectfully represents as follows:

**Background**

1.  Each of the above-captioned debtors in the chapter 11 cases of Extended Stay Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, "Extended Stay" or the "Debtors") commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on either June 15, 2009 or February 18, 2010 (as applicable, the "Commencement Date").  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.  On June 19, 2009, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

**Litigation Trust**

3.  By order dated July 20, 2010 [Docket No. 1172] (the "Confirmation Order"), the Bankruptcy Court confirmed the Debtors' Fifth Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code, Dated June 8, 2010, as Amended (the "Plan"), which applies to all of the Debtors (collectively, the "Plan Debtors") other than Extended Stay Inc. ("ESI").  On October 8, 2010, the Effective Date of the Plan occurred.

4.  By separate order dated July 20, 2010 [Docket No. 1170] (the "ESI Settlement Order"), the Bankruptcy Court also approved a comprehensive settlement between

2

and among ESI, the Plan Debtors, the Creditors' Committee and other parties involved in ESI's estate (the "ESI Settlement Agreement").

5.  The Litigation Trust was formed pursuant to the Plan, and under the Plan and related Litigation Trust Agreement, the Litigation Trustee was appointed.  Pursuant to the Plan and ESI Settlement Agreement, as of the Effective Date of the Plan, the Plan Debtors, ESI and other parties automatically transferred to the Litigation Trust any rights, title and interests in and to the Litigation Trust Assets and ESI Causes of Action free and clear of essentially all liens and claims (See Litigation Trust Agreement, § 1.2(a); Confirmation Order, ¶¶ CCC, DDD, KKK, OOO, 15, 31, 32, 51, 52; Plan, ¶ 6.17(a); ESI Settlement Agreement, § 4).

6.  The Litigation Trust Assets and ESI Causes of Action collectively include essentially all claims, potential claims, causes of actions, charges, suits or rights of recovery of the Debtors or the Debtors in Possession, (i) referenced in the Report of Ralph R. Mabey, as Examiner, as amended [Docket Nos. 913, 1031, 1094, 1218] (the "Examiner's Report"), and (ii) under §§ 502(d), 542 through 551, and 553 of title 11 of the Bankruptcy Code (See Plan, ¶ 1.89; ESI Settlement Agreement, § 4).  Pursuant to the Plan and Litigation Trust Agreement, the Litigation Trustee is responsible for, among other things, pursuing the Litigation Trust Assets.

7.  The Litigation Trust has been established for the benefit of the Litigation Trust Beneficiaries.  As described in the Plan and the Litigation Trust, the Litigation Trust Beneficiaries are the parties entitled to any proceeds realized from the Litigation Trust Assets and are limited solely to, among others, the holders of Mezzanine Facilities Claims and General Unsecured Claims (See Plan, § 1.90).  The Mezzanine Facilities Claims are the claims arising under the $3.3 billion mezzanine loans (See Plan, §§ 1.98, 1.99).  The General Unsecured Claims are claims, other than (i) the Mezzanine Facilities Claims, (ii) an unsecured claim separately

3

classified under the Plan (i.e., Mortgage Deficiency Claim), and (ii) other claims entitled to priority under the Bankruptcy Code, such as Administrative Expense Claims and Priority Claims (See Plan, § 1.69).

**Claims**

8. Based upon information received to date from the Debtors and the Plan Administrator, more than 1,700 proofs of claim were filed in the Plan Debtors' chapter 11 cases (See Extension Motion, ¶¶ 7-9, 11 (defined herein)). Combined with approximately 200 additional claims identified by the Debtors in their schedules of assets and liabilities and statements of financial affairs, the nearly 2,000 claims together assert liabilities in excess of $9 billion (See Extension Motion, ¶¶ 7-9, 11). Out of the total number of filed and scheduled claims, in excess of 1,600 claims represent alleged General Unsecured Claims and Mezzanine Facilities Claims.

9. Pursuant to Article VII of the Plan, responsibility to object to claims is divided into three categories: (i) Newco or the Reorganized Debtors is tasked with filing objections to the claims for which they are responsible for payment as provided in the Plan (See Section 7.1(a) of the Plan); (ii) the Debtors and the Plan Administrator are tasked with filing objections to Administrative Expense Claims or Priority Claims, which are to be paid from the Administrative/Priority Claims Reserve (See Section 7.1(b) of the Plan), and (iii) the Litigation Trustee is tasked with filing objections to the General Unsecured Claims and Mezzanine Facilities Claims (See Section 7.1(c) of the Plan).

**First Extension Request**

10. On November 19, 2010, the Debtors, on behalf of themselves, the Litigation Trustee, Newco and the Reorganized Debtors, filed a motion [Docket No. 1333] (the "First Extension Motion") requesting (i) authority for these parties to file omnibus claims

objections and (ii) an extension of time for these parties to file omnibus claims objections by an additional sixty (60) days. The hearing to consider the First Extension Motion was scheduled for December 14, 2010.

11. Due to the fact that the Plan Administrator's deadline to file objections to Administrative Expense Claims or Priority Claims would have expired on December 7, 2010 (seven days prior to the scheduled hearing on the First Extension Motion), the Debtors requested that the Bankruptcy Court enter a bridge order extending the Plan Administrator's deadline to file its claim objections.[2]

12. On November 22, 2010, the Bankruptcy Court entered a bridge order [Docket No. 1334] (the "<u>Bridge Order</u>") extending the Plan Administrator's deadline to file its claim objections until such time as the Bankruptcy Court entered an order determining the First Extension Motion.

13. By order dated December 16, 2010 [Docket No. 1356] ("<u>First Extension Order</u>"), the Bankruptcy Court granted the First Extension Motion. Among other things, the First Extension Order extended the respective deadlines for: (i) Newco or the Reorganized Debtors, until March 7, 2011, to object to the allowance of claims for which they are responsible for payment as provided in Article II of the Plan; (ii) the Plan Administrator, until February 5, 2011, to object to the allowance of Administrative Expense Claims and Priority Claims; and (iii) the Litigation Trustee, until March 7, 2011, to object to the allowance of General Unsecured Claims and Mezzanine Facilities Claims (<u>See</u> First Extension Order, p. 2). The First Extension

---

[2] It was not necessary for a bridge order to extend the time for (i) the Litigation Trustee to file objections to General Unsecured Claims and Mezzanine Facilities Claims or (ii) Newco or the Reorganized Debtors to file objections to claims for which they are responsible for payment as provided in Article II of the Plan. As set forth in the Plan, these Objecting Parties had until 90 days from the Effective Date of the Plan, or until January 6, 2011, to file such objections.

5

Order also provided that the extensions granted in the First Extension Order were without prejudice of any of the parties to request further extensions (See First Extension Order, p. 2).

**First Omnibus Objection to Claims**

14. On February 4, 2011, the Plan Administrator and Plan Debtors filed the First Omnibus Objection to Claims [Docket No. 1383] ("First Omnibus Claims Objection").

15. In the First Omnibus Claims Objection, the Plan Administrator and Plan Debtors objected to a combined total of 199 Administrative Expense Claims and Priority Claims.

**Jurisdiction**

16. This Court has jurisdiction to consider this application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are Bankruptcy Rule 9006(b) and section 105(a) of the Bankruptcy Code.

**Relief Requested**

17. By this Motion, the Litigation Trustee seeks entry of an order, substantially in the form annexed to this Motion as Exhibit "A", extending the deadline for (i) the Litigation Trustee to file claims objections with respect to General Unsecured Claims and Mezzanine Facilities Claims and (ii) Newco or the Reorganized Debtors to file claims objections with respect to claims for which they are responsible for payment as provided in Article II of the Plan, for an additional 179 days, to and including September 2, 2011, without prejudice to any of the Objecting Party's ability to request additional extensions.[3]

---

[3] Simultaneously with the filing of this Motion, the Litigation Trustee has submitted a bridge order to the Bankruptcy Court, which extends the Objecting Parties' deadline to file their respective objections to the date when the Bankruptcy Court has entered an order determining this Motion.

**Basis for Relief**

18. Bankruptcy Rule 9006(b) provides that a bankruptcy court may extend a time period provided under the Bankruptcy Rules or order of the court, except for certain time period not applicable here. FED. R. BANKR. P. 9006(b). Although Bankruptcy Rule 9006 does not define "cause," it has been noted that "…courts should be liberal in granting extensions of time sought before the period to act has elapsed, as long as the moving party has not been guilty of negligence or bad faith and the privilege of extensions has not been abused …" 10 COLLIER ON BANKRUPTCY ¶ 9006.06[2] (Alan N. Resnick & Henry J. Somme reds., 16th ed. (2010)). In the context of determining whether "cause" exists regarding requests for extensions of time, courts have considered such factors as the size and complexity of the issues involved, the debtors' good faith progress in resolving issues, the amount of time elapsed in the case, and whether any prejudice will result to the creditors. See, e.g., In re Express One Int'l, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (in context of extending debtor's exclusivity period to file and obtain acceptances of reorganization plan).

19. Section 105(a) of the Bankruptcy Code provides, in pertinent part, that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]." 11 U.S.C. § 105(a). Under section 105(a) of the Bankruptcy Code, a court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets. See, e.g., Chinichian v. Campolongo (In re Chinichian), 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code.") (citations omitted); Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances.").

20. Cause exists to extend the Objecting Parties' time to object to the claims. The Litigation Trustee submits that the relief requested herein is in the best interests of creditors, parties-in-interest and judicial economy.

21. First, the requested extension will allow the Litigation Trustee to pursue the resolution of alleged General Unsecured Claims and Mezzanine Facilities Claims in order to determine which of these claims should be allowed, and therefore, which holders of such allowed General Unsecured Claims and Mezzanine Facilities Claims qualify as Litigation Trust Beneficiaries, enabling them to receive potential distributions from the Litigation Trust.

22. During the past few months, the Litigation Trustee has been actively fulfilling his obligations under the Plan, ESI Settlement Agreement and Litigation Trust by investigating and evaluating the Litigation Trust Assets. In particular, the Litigation Trustee and his professionals have been analyzing the potential causes of action described in the 435-page Examiner's Report, as well as investigating other claims that may be brought pursuant to chapter 5 of the Bankruptcy Code, that together comprise the core of the Litigation Trust Assets. The Litigation Trustee also has recently completed a thorough process to choose special litigation counsel to represent the Litigation Trust to pursue the Litigation Trust Assets.

23. Pursuant to Article VII of the Plan, the Litigation Trustee possesses the responsibility for objecting to General Unsecured Claims and Mezzanine Facilities Claims. The Litigation Trustee has been working diligently to undertake a preliminary review of the more than 1,600 General Unsecured Claims and Mezzanine Facilities Claims that assert billions of dollars in liabilities against the Plan Debtors. As a part of the Litigation Trustee's initial analysis, the proofs of claim are currently being reviewed for clear errors, being filed late and duplication. Given the fact that the holders of allowed General Unsecured Claims and Mezzanine Facilities Claims will qualify as Litigation Trust Beneficiaries, the Litigation Trustee

is particularly mindful of undertaking a careful review of these claims in order to determine the legitimate entities entitled to potential distributions from the Litigation Trust.

24. Second, the requested extension of time will provide the Litigation Trustee and his professionals the opportunity to conduct a thorough claims analyses, object to those claims which are factually and legally unsupportable, where necessary, and negotiate the resolution of certain outstanding claims thereby avoiding the necessity of filing numerous objections prior to the current extension deadline in order to preserve the Litigation Trustee's rights. As such, an extension serves to conserve judicial resources and minimize the burdens on this Court that would accompany unnecessary claims litigation and minimizes the related expenses that would otherwise be incurred by the Litigation Trust with respect to those claims that may be consensually resolved, thereby preserving the assets of the Litigation Trust

25. Third, it is uncertain at this time whether distributions arising from Litigation Trust Assets will be made from the Litigation Trust to the Litigation Trust Beneficiaries because the Litigation Trustee is currently in the process of analyzing the Litigation Trust Assets. As such, the Litigation Trustee believes that it would not be an efficient use of the limited resources of the Litigation Trust to object at this time to General Unsecured Claims and Mezzanine Facilities Claims. However, during the next few months, the Litigation Trustee will be finalizing his determinations regarding the pursuit of Litigation Trust Assets. Accordingly, the Litigation Trustee submits that it is a better use of the Litigation Trust's resources initially to evaluate the Litigation Trust Assets, and then make determinations regarding objections to General Unsecured Claims and Mezzanine Facilities Claims.

26. Fourth, similar relief has been recently granted in this District. See, e.g., In re Musicland Holding Corp., et al., Case No. 06-10064 (SMB) (Bankr. S.D.N.Y. June 10, 2010) (granting responsible person's third request to extend time to object to claims by one year

9

where it was uncertain what, if any, projected distribution would be to general unsecured creditors pending resolution of significant adversary proceeding).

27. Further, cause exists to extend the time for Newco or the Reorganized Debtors to object to claims for which they are responsible for payment as provided in Article II of the Plan. Counsel for Newco has informed the Litigation Trustee that, in addition to any of the above reasons supporting the relief requested in this Motion for the Litigation Trustee, that Newco requires the requested extension in order to ensure that all claims filed against the Debtors' estates are properly dealt with by the responsible parties and to prevent any claims from "slipping through the cracks". For claims objection purposes, the Plan divides claims into three separate baskets and assigns one basket to each of (i) the Debtors and Plan Administrator, (ii) Newco and the Reorganized Debtors, and (iii) the Litigation Trustee. Though Newco is only responsible for objecting to those claims referenced in section 2.1 of the Plan and paragraph 73 of the Confirmation Order, in the Litigation Trustee's review of his allotted basket of claims it may be discovered that some claims were improperly classified as being the responsibility of the Litigation Trustee and should properly have been objected to by Newco. As the Litigation Trustee's review of claims will continue beyond Newco's current March 7 deadline for objection to claims, such discoveries may be made at a time where Newco is left with no recourse to object to claims which it otherwise would have. Therefore, it is out of an abundance of caution in order to protect its rights to object to any claims for which it has been apportioned responsibility that Newco requests an extension concurrent to that which is requested by the Litigation Trustee herein.

28. Accordingly, the Litigation Trustee submits that cause exists to extend the time, by an additional 179-day period, to and including September 2, 2011, for the Objecting

Parties to analyze and prepare the necessary objections with respect to the types of claims described herein.

**Notice**

29. No trustee has been appointed in these Chapter 11 Cases. The Litigation Trustee has served notice of this Motion in accordance with the procedures set forth in the order entered on July 17, 2009 governing case management and administrative procedures for these cases [Docket No. 176] on: (i) the U.S. Trustee; (ii) the attorneys for the Debtors; (iii) the attorneys for the Creditors' Committee; (iv) the attorneys for NewCo; and (v) all parties who have requested notice in these Chapter 11 Cases. The Litigation Trustee submits that no other or further notice need be provided.

WHEREFORE the Litigation Trustee respectfully requests that the Court enter the proposed order and grant the Litigation Trustee such other and further relief as the Court deems just and proper.

Dated: February 18, 2011
      New York, New York

/s/ Mark T. Power
Mark T. Power
Christopher A. Jarvinen
HAHN & HESSEN LLP
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

Attorneys for the Litigation Trustee